# EXHIBIT A

Copy of All Pleadings, Process, and Orders served on
this Removing Defendant in the State Court Action

Case No. C 07-3176 JF

SUM-100

**(CITACION JUDICIAL)**

SERVED
IN THE OFFICE OF

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE·TO
*(AVISO AL DEMANDADO):*
COUNTY OF SAN MATEO, a political subdivision of the State of 2007
California; and

☒ DOES __1__ TO __20__, inclusive

CLERK OF THE
BOARD OF SUPERVISORS

YOU ARE BEING SUED BY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MONTARA WATER AND SANITARY DISTRICT, a public agency

ENDORSED FILED
SAN MATEO COUNTY
MAY 1 7 2007
Clerk of the Superior Court
by ___N. Javillonar___
DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal service from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

IN THE OFFICE OF

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo County Superior Court
400 County Center
Redwood City, CA 94063

MAY 18 2007

CASE NUMBER: CV 4 6 3 0 8 8
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CLERK OF THE
Christine C. Fitzgerald, Esq.
Law Offices of Herman H. Fitzgerald
345 Lorton Avenue, Suite 302
Burlingame, CA 94010

| CALIFORNIA STATE BAR NO.: | TELEPHONE NO.: | FACSIMILE NO.: |
|---|---|---|
| 131531 | (650) 348-5195 | (650) 348-3518 |

fitzgeraldlaw@sbcglobal.net

DATE: MAY 1 7 2007     JOHN C. FITTON Clerk, by ___M. JAVILLONAR___, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **COUNTY OF SAN MATEO, a political subdivision of the State of California**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* **CCP 416.50 (public agency-Clerk or Other Officer)**
4. ☒ by personal delivery on *(date):* 5/18/07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Forms (509) 535-4382     San Mateo Airport

HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD, #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile: (650) 348-351
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane
Cupertino, CA 95014
Phone:    (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*

Attorneys For Plaintiff
MONTARA WATER & SANITARY DISTRICT

ENDORSED FILED
SAN MATEO COUNTY

MAY 1 7 2007

Clerk of the Superior Court
By    M. Javillonar
    DEPUTY CLERK

*Exempt From Filing Fees Pursuant
To Government Code section 6310*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

CIVIL UNLIMITED JURISDICTION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT, a public body,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and DOES 1 to 20, inclusive,<br><br>Defendants. | No. CV 4 6 3 0 6 8<br><br>**COMPLAINT IN EMINENT DOMAIN**<br><br>(CCP §§ 1250.310; 1240.110; 1240.125; 1240.510; 1240.610; 1240.650; 1240.660)<br><br>APN: 037-292-030 (portion) |

Plaintiff, MONTARA WATER AND SANITARY DISTRICT, complains of Defendants, and for cause of action alleges:

1.    Plaintiff, the MONTARA SANITARY DISTRICT ("Plaintiff" or "Montara"), is now, and at all times relevant hereto, a sanitary district established pursuant to the Sanitary

1

COMPLAINT IN EMINENT DOMAIN

District Act of 1923, Health & Safety Code §§ 6400, et. seq., a public agency providing water and sanitary service to the unincorporated communities of Moss Beach and Montara, including surrounding communities in the County of San Mateo, State of California, and is by law vested with the authority to exercise the power of eminent domain to acquire property for water purposes pursuant to the Eminent Domain Law, Code of Civil Procedure ("CCP") §§ 1230.010, et. seq., of the State of California, and is empowered with all the additional powers of a county water district pursuant to Health & Safety Code § 6512.7 to do any act necessary to furnish sufficient water for present or future beneficial use, including the power to acquire, operate, finance, and control water rights, works, real property rights and privileges, useful or necessary to convey, supply, store or make use of water for any useful purpose, all in the same manner as county water districts formed under the County Water District Law (Division 12, commencing with Section 30000, of the Water Code),

2.    Plaintiff owns and operates a public drinking water system which, *inter alia*, provides potable water to residents and businesses in and around Montara, California, including water to Defendant County of San Mateo at its *Half Moon Bay Municipal Airport* ("Water System"). Montara's Water System includes three (3) drinking water production ground wells known as the "Airport Wells" which draw from one or more groundwater aquifers in the San Vicente/Denniston Creek Sub-Basin. The Airport Wells together supply approximately sixty-percent (60%) of the potable water delivered by the Water System. Among other things, Plaintiff's Water System includes the right of Plaintiff to appropriate and use groundwater for drinking water supplies from the Airport Wells.

3.    The Airport Wells and water rights have been owned and operated by Plaintiff (and its predecessors) at the Half Moon Bay Airport since about 1943, prior to the transfer of the airport property to the Defendant County of San Mateo by the Federal government in 1948.  Plaintiff has a *Revocable Encroachment Permit* (REP) from the Defendant to operate and maintain the Airport Wells on County land and the operation of the Airport Wells does not interfere with airport operations; moreover, the Federal Aviation Administration ("FAA") has permitted the use of the

COMPLAINT IN EMINENT DOMAIN

or lease long-term the land upon which the wells sit from the County so that it can receive funding from the State and comply with Plaintiff's operating permit issued by the State of California, which requires fee ownership of the land upon which the Airport Wells sit.

3.    Because Plaintiff has continuously owned, operated and maintained the Airport Wells, including the water rights, and because the wells provide an essential and major part of the community's water supply, it is necessary that Plaintiff acquire the real property, access to the real property, easements and water rights, if any, and any above or below surface right to the water extracted from the wells, in and to lands upon which Airport Wells are located at the County of San Mateo's Half Moon Bay Municipal Airport ("Airport Wells Sites" or "subject property"). The acquisition, however, does not include any interest of the Federal Government and the acquisition would be subject to the interests of the Federal Government.

4.    The subject property is being acquired for a compatible use under CCP § 1240.510 in that Montara's use of the subject property will not interfere with or impair the continued public use as it now exists or may reasonably be expected to exist in the future, or, in the alternative, for a more necessary public use under CCP §§ 1240.610 and 1240.650 in that Montara's use of the subject property is a more necessary public use than the use to which the subject property is appropriated or might be appropriated.

5.    Plaintiff is authorized to exercise the power of eminent domain for the purposes for which the herein described property is being acquired by virtue of Health & Safety Code § 6512.7, Water Code §§ 31001, 31020, 31021, 31022, 31040, 31041, 31042, and 31047, and Code of Civil Procedure §§ 1230.020, 1240.010, 1240.020, 1240.110, 1240.120(a), 1240.125, 1240.510 1240.610 and 1240.650.

6.    The public use for which the herein described subject property is being acquired is so that Plaintiff can maintain an assured and stable property interest in the Airport Wells and the water rights therein which is absolutely necessary for the continual operation, improvement and maintenance of the Airport Wells and Plaintiff's Water System as a whole, which use by Plaintiff is

a more necessary use than that by Defendant, and is a use authorized by law; the taking by plaintiff of all right, title and interest in and to said subject property for the purposes herein set forth is necessary to such use.

7.    Prior to the commencement of this action, and after due notice and opportunity to be heard pursuant to Code of Civil Procedure § 1245.235, at a meeting of the Board of the Montara Water & Sanitary District, duly and regularly convened at Montara, California on April 19, 2007 said Board duly and regularly passed and adopted, by a vote of not less than two-thirds (2/3's), Resolution No.1387 stating and determining that public interest and necessity require the acquisition of the lands, easements, property rights, water rights, if any, of Defendant as set forth in said Resolution and as more particularly described in the exhibits attached hereto, for the continual operation of the Airport Wells and the Water System; (b) the proposed project, i.e., acquisition and continual operation by plaintiff, is planned and located in the manner that will be most compatible with the greatest public good and the least private injury; (c) the property sought to be acquired is necessary for the project; (d) the offer required by Section 7267.2 of the Government Code has been made to the owner or owners of record; and (e) that the use to be made by Plaintiff is a more necessary public use than the existing use by the Defendant; the Resolution is attached hereto as Exhibit A and incorporated by this reference in this paragraph as though set forth at length herein.

8.    Plaintiff seeks to condemn by this proceeding the real property interests described in said Resolution; the real property involved herein is a portion of San Mateo Assessor Parcel Number 037-292-030, more particularly designated and described in Exhibit B; the water system, the real property and interests in the real property sought to be acquired herein are more fully described and depicted on Exhibit A, B, and C, attached hereto and incorporated in this paragraph as though set forth at length herein.

9.    The location of the subject property sought to be acquired herein and its relation to the project, insofar as practicable, is illustrated on the map attached hereto as Exhibit C and incorporated in this paragraph as though set forth at length herein.

10.    As much of the property described herein lies within the boundaries of streets and

4

COMPLAINT IN EMINENT DOMAIN

highways is subject to an easement or prescriptive right of the public for use for such purpose.

11.    The names and capacities of all owners of and claimants to the said water system sought to be condemned herein, insofar as known to the Plaintiff, are set forth below.

12.    Plaintiff has set opposite the name of said Defendants, for the convenience of the Court and parties, and not as allegations to which Plaintiff intends to be bound, a statement of his, her or their respective interest or claim of interest in said parcels.

| NAME OF DEFENDANTS | INTEREST |
|---|---|
| County of San Mateo | Owner |
| Does One through Doe Twenty | Unknown |

13.    Plaintiff is informed and believes and on such information and belief alleges that Defendants DOE ONE through DOE TWENTY, inclusive, have, or claim to have, an interest in said parcels of land, the exact nature of which is unknown to Plaintiff. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOE ONE through DOE TWENTY, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will ask leave to amend this complaint to show their true names and capacities and state of incorporation when the same have been ascertained.

14.    The subject property is subject to liens for ad valorem taxes which must be paid out of the just compensation awarded herein pursuant to Section 5083 of the Revenue and Taxation Code of the State of California.

WHEREFORE, plaintiff prays judgment as follows as follows:

1.    That the subject property described in Exhibits A, B and C hereof, be condemned to Plaintiff's use for the purposes set forth in the aforesaid Resolution of the Board of the Montara Water & Sanitary District;

2.    That the Defendants be required to set forth the nature of their right, title, interest and claim in and to the subject property sought to be condemned and that the same be determined by this Court and said subject property be condemned to the Plaintiff's use;

3.    That just compensation for such taking thereto be ascertained and assessed;

5

COMPLAINT IN EMINENT DOMAIN

4.     That the reasonable value of all liens and encumbrances against the subject property sought to be condemned be ascertained, deducted from said judgment, and be ordered paid to the persons thereunto entitled, if any; and

5.     For such other and further relief as is appropriate under the facts and law herein.

Dated: May 16, 2007.

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION


By: _____
CHRISTINE C. FITZGERALD
AttorneyS for Plaintiff

Complaint.Final

6

COMPLAINT IN EMINENT DOMAIN

# EXHIBIT A

## RESOLUTION NO. 1337

Case No. C 07-3176 JF

RESOLUTION NO. __1387__

RESOLUTION OF THE BOARD OF THE MONTARA WATER AND SANITARY DISTRICT AUTHORIZING ACQUISITION OF PROPERTY, THE EXPENDING OF FUNDS THEREFOR, THE DESIGNATION OF PERSONNEL TO ACCEPT DEEDS AND GRANTS ON BEHALF OF THE MONTARA SANITARY DISTRICT AND THE INSTITUTION OF EMINENT DOMAIN PROCEEDINGS

**Property Owner:** County of San Mateo, a political subdivision of the State of California
**Property Location:** Half Moon Bay Municipal Airport
9850 Cabrillo Highway, Moss Beach, CA
Portions of APN: 037-292-030 (*Airport Wells Sites*)

WHEREAS, Montara Water and Sanitary District ("MWSD") is a public agency formed as a special district and authorized under California law, by a special election of August 11, 1992 and MWSD Resolution 978 to exercise all powers of a county water district to provide water, including the power to acquire, operate and control water and water rights and property for any useful purpose; and,

WHEREAS, California Code of Civil Procedure, Title VII, Sections 1230.020, 1240.010, 1240.020, 1240.110, 1240.120, 1240.125, 1240.510, 1240.610 and 1240.650, and Sections 6512.7 and 6514 of the Health and Safety Code, and Sections 31021, 31040, 31041 and 31042 of the Water Code authorize MWSD to exercise the power of eminent domain for the purpose of acquiring water, water rights, property or property interests in order to carry out any of the powers or functions or for any useful purpose, including the supply of water, for the public use described herein; and,

WHEREAS, public interest and necessity require the acquisition and continual operation by MWSD of all right, title and interest in and to the lands, easements, property, water, water rights, if any, rights and interests in and to the real property, including access to real property, as more particularly defined and described in Exhibits A, B and C, attached hereto and incorporated herein by reference (hereinafter the "Airport Wells Sites"), for the reasonable beneficial use of MSWD and for a more necessary public use;

WHEREAS, the acquisition of the Airport Wells Sites is necessary for the purpose of securing the MWSD water system's presently existing water supply generated from the production wells owned and operated by MWSD and located on the Airport Wells Sites which requires an assured and stable interest in the Airport Wells Sites necessary for the continual operation, improvement and maintenance of MWSD's water system (hereinafter the "Project"); and,

WHEREAS, pursuant to Government Code Section 7267.2, as the owner of record, the County of San Mateo was offered just compensation for the Airport Wells Sites; the owner was also provided with a proper Appraisal Summary Statement as the basis for the offer of just compensation; and,

**EXHIBIT A**

Resolution of Necessity
April 19, 2007
Page 1 of 5

WHEREAS, pursuant to Code of Civil Procedure 1263.025, as the owner of record, the County of San Mateo was offered the reasonable costs of an independent appraisal ordered by the owner not to exceed five thousand dollars ($5,000); and,

WHEREAS, pursuant to the Code of Civil Procedure Section 1245.235, subd. (d), reasonable written personal notice and a reasonable opportunity to appear and be heard on the matters referred to in Code of Civil Procedure Section 1240.030 was given to the County of San Mateo as the record owner of the property; and,

WHEREAS, the Project was and is designated to be the most advantageous to the public and is planned in such a way as to secure access to MWSD's major water source, acquire water rights, if any, and impair and obstruct as little private property as possible and to provide the substantial cost savings to local customers, halt rapidly escalating water rates, improve service to the public, improve the supply and the quality of water to the public by, *inter alia*, removal of contaminants, provide the required basis for obtaining funding necessary for continual operation, upgrading and improvement of the MWSD water system, and benefit local control of water operations in the interest of the public health and economy, all as more fully set forth in MWSD's Memorandum to the Board from the District Manager George F. Irving entitled "Review and Possible Action Concerning Adoption of a Resolution of Necessity for the Acquisition of Existing Well Sites at the Half Moon Bay Airport", including the estimated cost to remove contaminants from the water produced by the Airport Wells, as well as the report entitled "Staff Report Re Initiation of Eminent Domain Proceedings" from the office of MWSD's special eminent domain counsel for the meeting of April 19, 2007 (collectively referred to as the "Staff Reports"), which are on file with MWSD, and duly considered at the aforesaid April 19, 2007 Resolution hearing; the Staff Reports are made a part of the Administrative Record and incorporated herein by reference; as such, the acquisition will accomplish the plan objectives of the public, including the mandate of the State of California; and,

WHEREAS, a *Notice of Exemption* for the proposed acquisition of the Airport Wells Sites was filed with the Clerk of the County of San Mateo by MWSD on March 27, 2007 in compliance with the California Environmental Qualify Act of 1970 ("CEQA"), as amended, and the State CEQA Guidelines adopted by the Secretary of Resources; said Notice concludes that the acquisition of property for the purpose of transferring title to preserve existing water supply is determined to be categorically exempt from CEQA requirements under State CEQA Guidelines 15301(b), 15302, 15305, 15306 and 15325, and Public Resources Code Section 21084; and,

WHEREAS, additionally, the transfer of ownership of the Airport Wells Sites is an activity that does not have adverse environmental consequences and, therefore, is not subject to CEQA (CEQA Guideline, section 15061(b)(3)); and,

WHEREAS, MWSD has determined that all requirements of the CEQA and the Public Resources Code have been met; and,

WHEREAS, the Staff Reports forming the basis of the proposed consideration of this Resolution, *inter alia*, sets forth facts establishing that the acquisition of the Airport Wells Sites by MWSD is a more necessary public use than the existing use by the County of San Mateo; and,

NOW, THEREFORE, IT IS FOUND, DETERMINED AND RESOLVED by the Members of the Board of the Montara Water and Sanitary District as follows:

1. The real property, easements, property interests, rights and interests consisting of real property, access, water and water rights, if any, including those obtained by prescription and/or permit, together with surface, above-surface and below-surface land/water and land/water rights, including, without limitation, all rights and interests under Resolution No. 65123 entitled, "Resolution Authorizing Execution of a Revocable Encroachment Permit With Citizens Utility Company to Operate and Maintain Wells at the Half Moon Bay Airport," passed and adopted by the Board of Supervisors, County of San Mateo, State of California, on or about the 19th day of March 2002, and Resolution No. 066924 entitled, "Resolution Approving the Assignment of the Revocable Encroachment Permit Relating to Wells at the Half Moon Bay Airport from the California-American Water Company to the Montara Water and Sanitary District," passed and adopted by the Board of Supervisors, County of San Mateo, State of California, on or about the 14th day of September 2004, to be acquired are located within the County of San Mateo, State of California, and are more particularly described in Exhibits A (5 pages) and B (4 pages) and C (13 pages) which are attached hereto and incorporated herein by reference.

2. The public interest and necessity require the acquisition and continual operation by the MWSD of the Airport Wells Sites and the real property and interests in real property, access easements and water rights, if any, as more fully defined in Finding #1 of this Resolution.

3. The acquisition and continual operation of the Airport Wells Sites sought to be acquired herein will result in a substantial cost savings to local customers, halt rapidly escalating water rates, improve the service to the public, improve the supply and the quality of water to the public by, *inter alia*, removal of contaminants, provide the required basis for obtaining funding necessary for continual operation, upgrading and improvement of the MWSD water system, and benefit local control of water operations in the interest of the public health and economy, thus benefiting the general public, all as more fully set forth in the Staff Reports on file with the MWSD, including the documents referred to therein, all of which are incorporated herein by reference and comprise the Administrative Record for this Resolution.

4. The acquisition and continual operation of the Airport Wells Sites by MWSD is planned and located in the manner that will be most compatible with the greatest public good and the least private injury.

5. That the property, property interests and rights as defined and described in Finding #1 of this Resolution are necessary for the proposed project acquisition,

including the required basis for funding and continual operation by MWSD of the Airport Wells Sites.

6. Pursuant to California Code of Civil Procedure Sections 1240.610 and 1240.650, the proposed public use by the MWSD is a more necessary public use than the existing public use, if any, by the County of San Mateo.

7. The offer required by Section 7267.2 of the Government Code and Section 1263.025 of the Code of Civil Procedure has been made to the owner of record.

8. That all the property to be acquired herein forms an integral part of the entire Airport Wells Sites, the overwhelming majority of which, if not all, is within the territorial boundaries of the MWSD and, to a possible limited extent a small portion outside the territorial boundaries of the MWSD which portion is being acquired pursuant to Civil Code of Procedure 1240.125, the acquisition of which by MWSD is found to be a more necessary use than the existing use, if any, by the County of San Mateo.

9. That MWSD has complied with the environmental review process under the provisions of the California Environmental Quality Act of 1970, found in Public Resources Code Sections 21000, et. seq. and the State CEQA Guidelines adopted by the Secretary of Resources.

10. That MWSD finds and determines that the acquisition of property for the purpose of transferring title to three well sites to preserve existing water supply is categorically exempt from CEQA requirements under State CEQA Guidelines 15301(b), 15302, 15305, 15306 and 15325, and Public Resources Code Section 21084.

11. The District Manager of MWSD, George F. Irving, and the General Counsel of MWSD, David E. Schricker, are authorized and directed to perform all acts necessary on behalf of MWSD for the acquisition of said interests in the Montara Water System and said District Manager and General Counsel are further authorized to instruct Special Condemnation Counsel Christine C. Fitzgerald and/or Herman H. Fitzgerald to prepare, institute, and prosecute to conclusion on behalf of MWSD, a proceeding in eminent domain, or any such proceedings as may be required for the acquisition of the property described above which cannot be acquired through negotiation and purchase and to do any and all other things in connection with such proceedings as in his/her judgment may be necessary or convenient to the successful conclusion of said proceeding or proceedings, including obtaining an order for immediate possession, and the preparation, filing, amendment, dismissal, etc. of all pleadings and stipulations that in the opinion of Special Counsel are necessary for the processing of the litigation.

12. The District Manager is hereby authorized to expend funds available to MWSD for the acquisition of the Airport Wells Sites, including any and all land, access and water rights, if any;

13. The District Manager is hereby individually authorized and directed to consent to and accept, on behalf of MWSD, all deeds and grants conveying any interest in the property as hereinabove described;

14.    The District Manager is hereby authorized and directed to record a certified copy of this Resolution in the Office of the County Recorder of the County of San Mateo. It may thereafter be referred to in any acceptance by any of the officers or agents referred to herein with the same effect as though a certified copy of this Resolution were attached to the document accepted.

DULY AND REGULARLY ADOPTED by the Board of the Montara Water and Sanitary District this 19th day of April, 2007.

AYES:    Ptacek, Boyd, Slater-Carter, Harvey, Perkovic

NOES:    N/A

ABSENT:  N/A

ABSTAINED:  N/A


Secretary    Kathryn Slater-Carter

APPROVED:

President,
Montara Water and Sanitary District

Bob Ptacek


APPROVED AS TO FORM:

CHRISTINE C. FITZGERALD
Special Eminent Domain Counsel

Resolution.doc

## Exhibit 'A'
Legal Description
Montara Water and Sanitary District - Airport Well Sites
San Mateo County, California

Those certain parcels of land situated in the County of San Mateo, State of California, more particularly described as follows:

Being a portion of that certain parcel of land known as Half Moon Bay Airport described in the deed to San Mateo County, recorded January 18, 1957, in Book 3161 of Official Records at Page 534, in the Office of the County Recorder of said San Mateo County, more particularly described as follows:

**Commencing** at a found chipped 6" x 6" "Division of Highways" concrete monument being South 38°25'31" West, 1.43 feet from a point on the westerly line of State Highway No. 1 at Engineer's Station 144+13.48 and being the beginning of a curve concave to the southwest having a radius of 4920.00 feet on the "D2" line as shown on the Caltrans Right-of-Way Record Map for District IV, County of San Mateo, Route 1, Section D, Sheet 8 of 16, Post Mile 33.7, said POINT OF COMMENCEMENT also being distant South 54°49'10" East, 2143.26 feet (shown as North 56°06'30" West, 2143.34 feet on said Right-of-Way Record Map) from Engineer's Station 165+56.82 as shown on said Caltrans Right-of-Way Record Map, Sheet 9 of 16, Post Mile 34.2, said point being also distant North 03°18'58" West, 2288.65 feet more or less from a National Geodetic Survey Monument "Moonport" (PID HT3700), a metal rod in a pipe sleeve at the end of Runway 30 at said Half Moon Bay Airport;

## Parcel One – "South Airport Well" Site
**Thence** from said **POINT OF COMMENCEMENT** South 41°56'42" East, 674.13 feet to the **TRUE POINT OF BEGINNING**;

thence South 52°38'56" East, 36.61 feet
thence South 35°22'47" West, 19.50 feet;
thence North 53°14'12" West, 36.95 feet;
thence North 36°23'03" East, 19.87 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 723.67 square feet or 0.02 acres, more or less measured at ground level.

## Parcel Two – "North Airport Well" Site
**Thence** from said **POINT OF COMMENCEMENT** South 05°39'52" West, 75.82 feet to the **TRUE POINT OF BEGINNING**;

thence South 51°17'36" East, 70.67 feet
thence South 38°26'06" West, 10.95 feet;
thence North 51°37'02" West, 54.91 feet;
thence North 50°37'06" West, 16.00 feet;
thence North 39°41'36" East, 11.07 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 787.00 square feet or 0.02 acres, more or less measured at ground level.

**Parcel Three – "Airport Well No. 3" Site**
**Thence** from said **POINT OF COMMENCEMENT** North 61°43'21" West, 415.41 feet to the **TRUE POINT OF BEGINNING**;

thence South 32°46'01" West, 11.38 feet
thence North 55°06'43" West, 19.31 feet;
thence North 54°47'06" West, 39.84 feet;
thence North 36°01'57" East, 11.56 feet;
thence South 54°42'57" East, 58.50 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 676.59 square feet, or 0.02 acres, more or less measured at ground level.

## End of Description

Bearings and distances used in this description and its accompanying plats are based on the California Coordinate System, Zone III, North American Datum of 1983. All distances in this description are ground distances.

This description was prepared pursuant to Section 8726 of the Business and Professions Code of the State of California by or under the supervision of:

Date: _April 11, 2007_

Michael A. Cusick, L.S. 7885
License expires 03/31/2009

**Exhibit 'A'**
Legal Description
Montara Water and Sanitary District
Access and Pipeline Easements at Airport Well Sites
San Mateo County, California

An easement for access and pipeline over all that certain parcel of land situated in the County of San Mateo, State of California, more particularly described as follows:

Being a portion of that certain parcel of land known as Half Moon Bay Airport described in the deed to San Mateo County, recorded January 18, 1957, in Book 3161 of Official Records at Page 534, in the Office of the County Recorder of said San Mateo County, more particularly described as follows:

**Commencing** at a found chipped 6" x 6" "Division of Highways" concrete monument being South 38°25'31" West, 1.43 feet from a point on the westerly line of State Highway No. 1 at Engineer's Station 144+13.48 and being the beginning of a curve concave to the southwest having a radius of 4920.00 feet on the "D2" line as shown on the Caltrans Right-of-Way Record Map for District IV, County of San Mateo, Route 1, Section D, Sheet 8 of 16, Post Mile 33.7, said POINT OF COMMENCEMENT also being distant South 54°49'10" East, 2143.26 feet (shown as North 56°06'30" West, 2143.34 feet on said Right-of-Way Record Map) from Engineer's Station 165+56.82 as shown on said Caltrans Right-of-Way Record Map, Sheet 9 of 16, Post Mile 34.2, said point being also distant North 03°18'58" West, 2288.65 feet more or less from a National Geodetic Survey Monument "Moonport" (PID HT3700), a metal rod in a pipe sleeve at the end of Runway 30 at said Half Moon Bay Airport; thence from said **POINT OF COMMENCEMENT** North 38°25'31" East, 1.43 feet to a point on said westerly line of State Highway No. 1 and the beginning of a curve concave to the southwest, having a radius of 4920.00 feet, and whose center bears South 35°08'33" West; thence along said westerly line and arc of said curve, deflecting to the right, through a central angle of 05° 02' 36" for an arc distance of 433.07 feet to the **TRUE POINT OF BEGINNING**;

## Access Easement to Airport Well Sites
A strip of land for the purpose of maintaining and accessing the well sites over and across the lands thereon being 20.00 feet wide, lying 10.00 feet on each side of the following described centerline:

**Thence** from said **TRUE POINT OF BEGINNING** and leaving said westerly line, South 26°49'51" West, 21.11 feet to a point hereinafter referred to as Point 'A';

**thence** South 26°49'51" West, 200.36 feet to the beginning of a non-tangent curve concave northeasterly, having a radius of 35.50 feet, and whose center bears South 72°53'10" East;

**thence** along the arc of said curve, deflecting to the left, through a central angle of 98°21'13" for an arc distance of 60.94 feet;

**thence tangent** there from South 81°14'23" East, 30.60 feet to the beginning of a non-tangent curve concave northerly, having a radius of 260.52 feet, and whose center bears North 04°56'47" East;

**thence** along the arc of said curve, deflecting to the left, through a central angle of 05°34'09" for an arc distance of 25.32 feet;

**thence** non-tangent from said curve South 88°42'30" East, 57.37 feet to the beginning of a non-tangent curve concave southerly, having a radius of 100.00 feet, and whose center bears South 00°07'44" East from said beginning;

**thence** along the arc of said curve, deflecting to the right, through a central angle of 28°52'10" for an arc distance of 50.39 feet;

**thence** non-tangent from said curve South 53°14'12" East, 36.28 feet to the end of said centerline.

The sidelines of said strip of land shall be lengthened or shortened so as to terminate at right angles to the said described centerline, except at the TRUE POINT OF BEGINNING, said sidelines of said strip of land shall be lengthened or shortened so as to terminate in the said westerly line of State Highway No. 1.

**Thence** beginning at Point 'A' as described above, also being the beginning of a curve concave northerly, having a radius of 35.00 feet,

**thence** along the arc of said curve, deflecting to the right, through a central angle of 101°52'33" for an arc distance of 62.23 feet;

**thence** tangent therefrom North 51°17'36" West, 616.16 feet;

**thence** North 54°42'07" West, 254.78 feet to the end of said centerline.

The sidelines of said strip of land shall be lengthened or shortened so as to terminate at right angles to said centerline.

**TOGETHER WITH** a Pipeline Easement 10.00 foot wide, lying 5.00 feet on each side of the following described centerline:

**Thence** from said **POINT OF COMMENCEMENT** North 62°58'43" West, 432.53 feet to the **TRUE POINT OF BEGINNING**;

**thence** South 33°37'18" West, 68.61 feet.

The sidelines of said strip of land shall be lengthened or shortened at the southwesterly ends so as to terminate in the northwest line of that certain reservation for a perpetual water line easement described in the deed from the United States of America to the County of San Mateo, recorded May 25, 1948, in Book 1521 of Official Records at Page 1 in the Office of the County Recorder of said San Mateo County.

### End of Description

Bearings and distances used in this description and its accompanying plats are based on the California Coordinate System, Zone III, North American Datum of 1983. All distances in this description are ground distances.

This description was prepared pursuant to Section 8726 of the Business and Professions Code of the State of California by or under the supervision of:

Date: _April 19 2001_

Michael A. Cusick, L.S. 7885
License expires 03/31/2009