# EXHIBIT B

# PORTION OF SAN MATEO ASSESSOR PARCEL NO. 037-292-030



# EXHIBIT "

## PARCEL ONE - "SOUTH AIRPORT WELL" SITE
### SAN MATEO COUNTY, CALIFORNIA
### PLAT TO ACCOMPANY LEGAL DESCRIPTION

ENGINEER'S STATION
165+56.82  MON. SNF

(N56°06'30"W 2143.34')
S54°49'10"E
2143.26' (TIE)

DETAIL 'A'
NO SCALE

ENGINEER'S STATION
144+13.48

P.O.C.
FND. 6"x6"
CONC. MON.
(CHIPPED)

N38°25'31"E
1.43' to R/W

TO "MOONPORT"

TO T.P.O.B.

**LEGEND**
— SUBJECT FEE PARCEL
■ FOUND 6"X6" CONC. MON.
△ NGS SURVEY MONUMENT
– ✕ – CHAINLINK FENCE
( ) RECORD DATA
SNF SEARCHED FOR, NOT FOUND

**NOTE**
THIS PLAT WAS BASED UPON A
COMBINATION OF A FIELD SURVEY
AND RECORD DATA.  DISTANCES
SHOWN ARE GROUND DISTANCES.

(R=4920.00
Δ=9°54'34"
L=850.93)

(R=4920.00  Δ=9°54'34"  L=850.93)

STATE HIGHWAY NO. 1

S41°56'42"E  674.13'

PERPETUAL WATER LINE ESMT (152) O.R. 1)

N03°18'58"W  2288.65'± (TIE)

HALF MOON BAY AIRPORT
(3161 O.R. 534)

T.P.O.B.
PARCEL ONE
723.67 SQ. FT.

1.0'  S52°38'56"E
36.61'

N36°23'03"E
19.87'

PARCEL LINE 1.0'
FROM FENCE

N53°14'12"W
36.95'

S35°22'47"W
19.50'

NGS "MOONPORT"
METAL ROD IN SLEEVE
△ AT END OF RUNWAY 30

# EXHIBIT B

SCALE: 1"= 80 FEET
80

**WOOD RODGERS**
ENGINEERING • MAPPING • PLANNING • SURVEYING
580 2ND STREET, SUITE 200, OAKLAND, CA 94607



EXHIBIT 'B'
PARCEL TWO - "NORTH AIRPORT WELL" SITE
SAN MATEO COUNTY, CALIFORNIA
PLAT TO ACCOMPANY LEGAL DESCRIPTION

ENGINEER'S STATION
165+56.82  MON. SNF

(N56°06'30"W 2143.34')
S54°49'10"E
2143.26 (TIE)

(N54°51'27"W 2143.34')

DETAIL 'A'
NO SCALE

ENGINEER'S STATION
144+13.48

N38°25'31"E
1.43' to R/W

FND. 6"x6"
CONC. MON.
(CHIPPED)

(R=4920.00
Δ=9°54'34"
L=850.93)

STATE HIGHWAY NO. 1

P.O.C.

SEE DETAIL 'A'

T.P.O.B.
PARCEL TWO
787.00 SQ. FT.

75.82'
S05°39'52"W

N39°41'36"E
11.07'

PARCEL LINE IS ON
FENCE THIS SIDE ONLY

PARCEL LINE 1.0'
FROM FENCE

(R=4920.00  Δ=9°54'34"  L=850.93)

N50°37'06"W
16.00'

S51°17'36"E
70.67'

PARCEL LINE 1.0'
FROM FENCE

S38°26'06"W
10.95'

N31°18'58"W
2288.65± (TIE)

N51°37'02"W
54.91'

PERPETUAL WATER LINE

ESMT (1521 O.R. 1)

HALF MOON BAY AIRPORT
(3161 O.R. 534)

NOTE
THIS PLAT WAS BASED UPON A
COMBINATION OF A FIELD SURVEY
AND RECORD DATA.  DISTANCES
SHOWN ARE GROUND DISTANCES.

LEGEND
——— SUBJECT FEE PARCEL
■  FOUND 6"x6" CONC. MON.
△  NGS SURVEY MONUMENT
-x-  CHAINLINK FENCE
( )  RECORD DATA
SNF  SEARCHED FOR, NOT FOUND

NGS "MOONPORT"
△ METAL ROD IN SLEEVE
AT END OF RUNWAY 30

SCALE: 1"= 40 FEET
0    40

WOOD RODGERS
ENGINEERING • MAPPING • PLANNING • SURVEYING
580 2ND STREET, SUITE 200, OAKLAND, CA 94607



EXHIBIT 'B'

### PARCEL THREE - "AIRPORT WELL NO. 3" SITE
SAN MATEO COUNTY, CALIFORNIA
PLAT TO ACCOMPANY LEGAL DESCRIPTION

ENGINEER'S STATION
165+56.82   MON. SNF

DETAIL 'A'
NO SCALE

(N56°06'30"W 2143.34')
S54°49'10"E
2143.26' (TIE)

TO T.P.O.B.

ENGINEER'S STATION
144+13.48

N38°25'31"E
1.43' to R/W

P.O.C.
FND. 6"x6"
CONC. MON.
(CHIPPED)

N03°18'58"W
2288.65± (TIE)

(N54°51'27"W 2143.34')

STATE HIGHWAY NO. 1

(R=4920.00
Δ=9°54'34"
L=850.93)

NGS "MOONPORT"
⚠ METAL ROD IN SLEEVE
AT END OF RUNWAY 30

**NOTE**
THIS PLAT WAS BASED UPON A
COMBINATION OF A FIELD SURVEY
AND RECORD DATA.  DISTANCES
SHOWN ARE GROUND DISTANCES.

**LEGEND**
———— SUBJECT FEE PARCEL
■ FOUND 6"X6" CONC. MON.
△ NGS SURVEY MONUMENT
–×– CHAINLINK FENCE
( ) RECORD DATA
SNF SEARCHED FOR, NOT FOUND

N36°01'57"E
11.56'

PARCEL LINE 1.0'
FROM FENCE

S54°42'57"E
58.50'

T.P.O.B.
PARCEL THREE
676.59 SQ. FT.

N54°47'06"W
39.84'

SHED

N61°43'21"W
415.41'

SEE DETAIL 'A'

PARCEL LINE IS ON
FENCE THIS SIDE ONLY

N55°06'43"W
19.31'

S32°46'01"W
11.38'

P.O.C.

(R=4920.00
Δ=9°54'34"
L=850.93)

PERPETUAL WATER LINE EASEMENT (1521 O.R. 1)

HALF MOON BAY AIRPORT
(3161 O.R. 534)

SCALE: 1"= 40 FEET
0        40

WOOD RODGERS
ENGINEERING · MAPPING · PLANNING · SURVEYING
580 2ND STREET, SUITE 200, OAKLAND, CA 94607



# EXHIBIT 'B'

## ACCESS AND PIPELINE EASEMENTS
SAN MATEO COUNTY, CALIFORNIA
PLAT TO ACCOMPANY LEGAL DESCRIPTION

NOTE
THIS PLAT WAS BASED UPON A
COMBINATION OF A FIELD SURVEY
AND RECORD DATA. DISTANCES
SHOWN ARE GROUND DISTANCES.

WOOD RODGERS
ENGINEERING · MAPPING · PLANNING · SURVEYING
980 2ND STREET, SUITE 200, OAKLAND, CA 94607
TEL 510.208.2400    FAX 510.208.2401
APRIL 19, 2007
Sheet 1 of 1
P.N. 8315MS

MAR 2 2002

Resolution No. 65122

*Citizens Utiliti*

C.U.C.

.ENERAL

### Board of Supervisors, County of San Mateo, State of California

\* \* \* \* \* \*

### Resolution Authorizing Execution of a Revocable Encroachment Permit with Citizens Utilities Company to Operate and Maintain Wells at the Half Moon Bay Airport

RESOLVED, by the Board of Supervisors of the County of San Mateo, State of California, that

WHEREAS, there has been presented to this Board of Supervisors for its consideration and acceptance a Revocable Encroachment Permit with Citizens Utilities Company to operate and maintain wells at Half Moon Bay Airport;

WHEREAS, The Director of Public Works has recommended that said Revocable Encroachment Permit be authorized and this Board has considered the recommendation of the Director of Public Works; and

WHEREAS, this Board has determined that it is necessary and desirable to grant said permit to Citizens Utilities Company.

NOW THEREFORE, IT IS HEREBY DETERMINED AND ORDERED that the President of this Board of Supervisors be, and is hereby, authorized and directed to execute said Revocable Encroachment Permit for and on behalf of the County of San Mateo, and the Clerk of this Board shall attest to the signature hereto.

\* \* \* \* \* \*

*cc: S Warner  FW
B King  Allen Matkins
EGB  cuc c
Faxed B King + S Warner*

**EXHIBIT C**, (13 PAGES)

1

*Regularly passed and adopted          ) day of March, 2002.*

AYES and in favor of said resolution
Supervisos:

MARK CHURCH

JERRY HILL

ROSE JACOBS GIBSON

MICHAEL D. NEVIN

NOES and against said resolution.
Supervisors:

NONE

Absent Supervisors:

RICHARD S. GORDON

JERRY HILL
President, Board of Supervisors
County of San Mateo
State of California

## Certificate of Delivery

*I certify that a copy of the original resolution filed in the Office of the Clerk of the Board of pervisors of San Mateo County hsa been delivered to the President of the Board of Supervisors*

Ashnita Narayan
Ashnita Narayan, Deputy
Clerk of the Board of Supervisors

## REVOCABLE ENCROACHMENT PERMITS

The COUNTY OF SAN MATEO, a political subdivision of the State of California, hereinafter referred to as "County", hereby grants to CITIZENS UTILITIES COMPANY OF CALIFORNIA and its successors and assigns, hereinafter referred to as "Citizens" or "Permittee", a non-exclusive Revocable Encroachment Permit for the purpose of operating and maintaining three existing wells and other appurtenant improvements on a portion of the lands shown on the map contained in Exhibit "B" attached hereto and by this reference incorporated herein.

For the consideration set forth below, County acting only in its capacity as a property owner, grants to Permittee a Revocable Encroachment Permit authorizing Permittee to extract water from said airport wells for a period of ten (10) years from date of approval by Board of Supervisors unless terminated as hereinafter provided. This Permit may be extended for an additional ten (10) year term upon mutual agreement in writing of the Director of Public Works and the Manager of Citizens.

As consideration for this Permit, Permittee shall pay County the initial fee of $1,000 and further Permittee shall pay County, as compensation for the water extracted, the rates as shown below:

> August 1, 2001 - July 31, 2002 - $154.00 per acre foot
> August 1, 2002 - July 31, 2003 - $268.00 per acre foot
> August 1, 2003 - July 31, 2006 - $382.00 per acre foot

The above rates will be reviewed between August 1, 2005 and July 31, 2006 and recommendations will be made to the Board of Supervisors to adjust said rates as of August 1, 2006. The adjusted rates will be based upon, inter alia, certified production meter readings obtained by the Permittee and submitted to the County with the quarterly payments, effective August 1, 2003. Payments for the water pumped shall be paid by the Permittee to the County on a quarterly basis and delivered to the Director of Public Works at the hereinafter address.

This Permit is to be strictly construed and no work other than the work specifically set forth herein is authorized hereby.

This Permit is subject to all of the terms, conditions and restrictions set forth in the Special Provisions attached hereto in Exhibit "A" and by this reference incorporated herein.

The work authorized herein will be hereinafter known as the Encroachment".

The approximate location of the Encroachment is shown on Exhibit "B" attached hereto and made a part hereof. Exhibit B may be updated from time to time by Citizens with the approval of the County's Director of Public Works, provided that Citizens complies with the procedures set forth in Exhibit "A".

All approvals required of County by the terms of this Permit shall be subject to the

approval of the Local Office of the Federal Aviation Administration.

This Permit shall be subject to such approval of the California Public Utilities Commission as may be required by law and to all other local applicable procedures and/or permits.

Terms Accepted

CITIZENS UTILITIES COMPANY OF CALIFORNIA

By: _____
                    Vice-President

Date _____

witness:
Attest: _____

Secretary

Approved:

Date 3/19/02

Attest: _____

Clerk of said Board

COUNTY OF SAN MATEO
By: _____
    President, Board of Supervisors

COUNTY OF SAN MATEO
COUNTY GOVERNMENT CENTER
Redwood City, California

2

Special Provisions

"Exhibit A"

1. ACCEPTANCE OF SPECIAL PROVISIONS. It is understood and agreed by the Permittee that doing of any work under this Permit shall constitute an acceptance of these Special Provisions.

2. NO PRECEDENT ESTABLISHED. This Permit is granted with the understanding that the action is not to be considered as establishing any precedent on the question of the expediency of permitting any certain kind of encroachment to be erected within County property. It is understood that this is a non-exclusive Permit.

3. MAINTENANCE: Permittee agrees to exercise reasonable care to maintain properly any encroachment placed on County property and to exercise reasonable care in inspecting for and immediately repairing and making good any injury to any portion of the property which occurs as a result of the maintenance of encroachment on the property, or as a result of the work done under this Permit, including any and all injury to the property which wold not have occurred had such work not been done or such encroachment not placed therein.

4. REFURBISHING ELECTED TO BE DONE BY PERMITTEE. In the event major refurbishing of any or all of the three wells is required, Permittee shall notify County of the nature and extent of the work required and Permittee shall obtain written approval of County before commencing said work. All work shall be done at sole expense of Permittee. County shall not unreasonably withhold or delay approval of said proposed work. However, emergency work required to maintain water production may be authorized by the airport manager via telephone with written confirmation to follow.

5. REPLACEMENT WELLS. In the event water production from the existing three wells should decrease more than twenty-five percent (25%) from their rated pumping capacity, which is 100 gallons per minute, and the wells cannot be reasonably refurbished, Permittee may, at its expense and with the permission of the County and in compliance with all applicable permit requirements, drill replacement wells for existing three wells as required. The existing wells, with the Permission of the County, may continue to be pumped. Such replacement wells shall be located within the encroachment shown on Exhibit "B". Prior to commencement of work Permittee shall comply with all other applicable terms of this Permit.

6. ADDITIONAL WELLS. Permittee may, upon obtaining the written approval of County and in accordance with provisions contained herein, drill additional wells.

7. NOTICE PRIOR TO STARTING WORK. In addition to obtaining all other necessary permits before starting work, Permittee shall notify the County Director of Public Works. Such notice shall be given at least three weeks in advance of

3

the date work is to begin. Any work begun prior to said notification will be subject to rejection. County reserves the right to approve of qualifications of the Contractor who proposes to do the work under this Permit. Emergency work required to maintain water production shall be authorized as provided in paragraph 4 hereof.

8. **PERMIT FROM OTHER AGENCIES**. Permittee shall, whenever the same is required by law, secure the written order or consent for any work hereunder from any public body having jurisdiction including the County, and this Permit shall be suspended in operation unless and until such order or consent is obtained.

9. **PROTECTION OF THE PUBLIC**. Adequate provision shall be made for the protection of the Public.

10. **STORAGE OF MATERIALS**. No materials shall be stored in any location not approved by the County.

11. **GENERAL CLEAN UP**. All debris shall be entirely removed and the area shall be left in a presentable condition and to the satisfaction of the Director of Public Works.

12. **SUPERVISION BY THE COUNTY**. All the work shall be done to the reasonable satisfaction of the Director of Public Works.

13. **LIABILITY FOR DAMAGES**. Permittee is responsible for all liability for personal injury or property damage which may arise out of work herein permitted or which may arise out of failure on Permittee's part to perform his obligations under this Permit in respect to maintenance. In the event any claim of such liability is made against the County of San Mateo or any Department, officer or employee thereof, Permittee shall defend, indemnify and hold them and each of them harmless from such claim.

Permittee shall provide at its sole expense, and furnish evidence to County prior to commencement of this Permit, combined public liability and property damage insurance in the amount of one million dollars ($1,000,000) per occurrence in a form satisfactory to the Director to be kept in force during the term of this Permit or any extension hereof.

County shall be named as "Additional Insured" on said policy which shall contain a provision that the insurance afforded thereby to County, its officers, agents, servants and employees, shall be primary insurance to the full limits of liability of the policy and that if County, or its officers, agents, servants, or employees have other insurance against a loss covered by such policy, such other insurance shall be excess insurance only. Said policy shall also provide that County shall be furnished thirty (30) days' notice of cancellation.

14. **MAKING REPAIRS**. If the Director of Public Works shall so elect, repairs to

wells and other appurtenant facilities which have been disturbed shall be made
by employees or contractors of the County and the expenses therefore, shall be
borne by Permittee. County shall require a deposit before starting repairs in an
amount sufficient to cover the estimated cost thereof. County will give
reasonable notice of its election to make such repairs. If County does not so
elect, the Permittee shall make repairs in accordance with County's construction
standards and shall provide County with plans and specifications for approval
prior to initiating repairs. In every case the Permittee shall restore any portion of
any street, road or other areas which have been excavated or otherwise
disturbed to its former condition, except where County elects to make repairs as
above provided in this Permit. Permittee shall contact the Airports Manager prior
to excavating or disturbing any portion of the airport and shall coordinate all work
and contractor access onto the airport with the Airports Manager, in advance.

15. **CARE OF DRAINAGE**. If the work herein contemplated shall interfere with the
established drainage, ample provision shall be made by Permittee to provide for
Drainage as may be directed by County.

16. **FUTURE REMOVAL OF INSTALLATION**. It is understood by Permittee
that whenever construction, maintenance or any work on the property may
be required, the installation provided herein including appurtenances shall,
upon request of County, be immediately moved by and at the sole
expense of Permittee. Upon expiration or revocation of this Permit,
Permittee as directed by the Director of Public Works shall remove its
above-ground facilities and cap the wells in a manner satisfactory to
County.

17. **REVOCATION**. County shall have the right to revoke this Permit immediately
upon the failure by Permittee to perform, keep and observe any or all terms and
conditions on the part of Permittee to be performed, kept or observed after the
expiration of thirty (30) days from the date of written notice has been given by
County to Permittee to correct such default or breach and such default or breach
has not been cured or corrected. County shall have the right to revoke this
Permit for any reason by delivering six (6) months' written notice to Permittee.

18. **NON-DISCRIMINATION**. Permittee contractor, etc., for himself, his personal
representatives, successors in interest, and assigns, as a part of the
consideration hereof, does hereby covenant and agree that (1) no person on the
grounds of race, color, or national origin shall be excluded from participation,
denied the benefits of, or be otherwise subjected to discrimination in the use of
said facilities, (2) that in the construction of any improvements, on, over, or under
such land and the furnishing of services thereon, no person on the grounds of
race, color, or national origin shall be excluded from participation in, denied the
benefits of, or otherwise be subjected to discrimination, (3) that Permittee shall
use the premises in compliance with all other requirements imposed by or
pursuant to Title 49, Code of Federal Regulations, Department of Transportation,
Subtitle A, Office of the Secretary, Part 21, Nondiscrimination in Federally-
assisted programs of the Department of Transportation-Effectuation of Title VI of

the Civil Rights Act of 1964, and as said Regulations may be amended.

19. **RIGHT TO DEVELOP OR IMPROVE**. County reserves the right to further develop or improve the airport as it sees fit, regardless of the desires or view of Permittee, and without interference or hindrance by Permittee. Permittee shall move or relocate at its sole expense any of its wells or other appurtenant improvements that may need to be relocated as a result of County improvements or development on the airport.

20. **COUNTY'S RIGHT TO MAINTAIN**. County reserves the right, but shall not be obligated to Permittee, to maintain and keep in repair the airport and all publicly-owned facilities of the airport, together with the right to direct and control all activities of Permittee in this regard. Permittee shall move or relocate at its sole expense any of its wells or other appurtenant improvements that may need to be relocated as a result of County maintenance or repairs on the airport.

21. **AGREEMENTS WITH UNITED STATES**. Permittee shall be subordinate to the provisions and requirements of any existing or future agreement between County and the United States, relative to the development, operation or maintenance of airport.

22. **COMPLIANCE WITH PART 77 OF FAA REGULATIONS**. Permittee agrees to comply with the notification and review requirements covered in part 77 of the Federal Aviation Regulations in the event a future structure or building is planned for the encroachment area, or in the event of any planned modification or alteration of any present or future building or structure situated on the premises.

23. **PERMIT DOES NOT GRANT EXCLUSIVE RIGHT**. It is understood and agreed that nothing herein contained shall be construed to grant or authorize the granting of an exclusive right within the meaning of Section 308 of the Federal Aviation Act.

24. **RESERVATION OF RIGHT OF FLIGHT**. There is hereby reserved to County, its successors and assigns, for the use and benefits of the public, a right of flight for the passage of aircraft in the airspace above the surface of the encroachment area. This public right of flight includes the right to cause any noise inherent in the operation of any aircraft used for navigation or flight through the airspace or while landing at, taking off from or other operation on the Half Moon Bay Airport.

25. **HEIGHT LIMITATIONS**. Permittee, by accepting this Permit expressly agrees for itself, its successors and assigns that if will not erect nor permit the erection of any permanent structure or object nor permit the growth of any tree on the land leased hereunder above a mean sea level elevation of 75 feet. In the event the aforesaid covenants are breached, County reserves the right to enter upon the encroachment area hereunder and to remove the offending structure or object and cut the offending tree, all of which shall be at the expense of Permittee.

26. **NON-INTERFERENCE WITH AIRCRAFT**. Permittee by accepting this Permit

agrees for itself, its successors and assigns that it will not make use of the encroachment area in any manner which might interfere with the landing and taking off of aircraft from Half Moon Bay Airport or otherwise constitute a hazard. In the event, the aforesaid covenant is breached, County reserves the right to enter upon the premises and cause the abatement of such interference at the expense of Permittee. This Permit and all the provisions hereof shall be subject to whatever right the United States Government now has or in the future may have or acquire affecting the control, operation, regulation and taking over of said airport or the exclusive or non-exclusive use of the airport by the United States during the time of war or national emergency.

27. **ASSIGNMENT OF RIGHTS.**  The parties acknowledge the pending sale of the assets of Citizens to California-American Water Company ("Cal-Am").  Citizens may assign its rights and obligations under this Permit to Cal-Am on ten (10) days notice without the County's consent upon closing of the asset sale.  In this event, Cal-Am shall be bound by the terms of this Permit from and after the effective date of the assignment and Citizens shall be discharged from any further duty or responsibility under the permit relating to the period from and after the effective date of the assignment. Citizens shall remain responsible for all obligations and liabilities under this Permit arising from events or circumstances occurring prior to the closing of the sale of assets by Citizens to Cal-Am. Permitee may assign its rights and obligations under this agreement to a third party only with the County's prior written consent, which consent will not be unreasonably withheld.

28. **COMMUNICATIONS.**  Communications hereunder shall be sent to County addressed as follows:

Director of Public Works
County of San Mateo
555 County Center, 5th Floor
Redwood City, CA 94063

Or to such other address as County may advise Citizens in writing, and to Citizens at:

Citizens Utilities Company of California
P.O. Box 15468
Sacramento, CA 95813

With a copy to:

Citizens Utilities Company of California
High Ridge Park
Stanford, CT 06905

Or to such other address as Citizens may advise County in writing.

430191

7

Resolution No. _____

## Board of Supervisors, County of San Mateo, State of California

\* \* \* \* \* \*

### Resolution Approving the Assignment of the Revocable Encroachment Permit Relating to Wells at the Half Moon Bay Airport from the California-American Water Company to the Montara Water and Sanitary District

RESOLVED, by the Board of Supervisors of the County of San Mateo, State of California, that

WHEREAS, a Revocable Encroachment Permit (Permit) dated March 19, 2002, was issued to the Citizens Utilities Company of California (Citizens) which provides for the operation and maintenance of water wells at the Half Moon Bay Airport; and

WHEREAS, as provided by its terms, the Permit was assigned to the California-American Water Company (Cal-Am), which acquired Citizens; and

WHEREAS, Cal-Am assets consisting of the water system that serves generally the Montara and Moss Beach areas of the County, have been acquired by the Montara Water and Sanitary District (MWSD); and

WHEREAS, as part of the transfer of its assets to MWSD, Cal-Am has purported to assign the Permit to MWSD; and

WHEREAS, the terms of the Permit require the consent of the County to the assignment of the Permit; and

WHEREAS, this Board has considered the assignment of the Permit to MWSD including all rights and responsibilities thereunder,

**NOW THEREFORE, IT IS HEREBY DETERMINED THAT**

this Board approves the assignment of the Permit to the Montara Water and Sanitary District with the express provision that the Montara Water and Sanitary District will abide by all the terms and conditions of the Permit.

*    *    *    *    *    *



# COUNTY OF SAN MATEO
## Inter-Departmental Correspondence
## County Counsel

**DATE:**  September 9, 2004
**BOARD MEETING DATE:**  September 14, 2004

**TO:**        Honorable Board of Supervisors

**FROM:**      Thomas F. Casey III, County Counsel

**SUBJECT:**   **Resolution Approving the Assignment of the Revocable
               Encroachment Permit Relating to Wells at the Half Moon Bay
               Airport from the California-American Water Company to the
               Montara Water and Sanitary District**

## Recommendation

Adopt a resolution approving the assignment of the Revocable Encroachment Permit
(Permit) from the California-American Water Company (Cal-Am) to the Montara Water and
Sanitary District (MWSD) which will allow MWSD to continue to operate and maintain
three water wells at the Half Moon Bay Airport.

## Previous Board Action

Adopted a resolution on March 19, 2002, authorizing the President of the Board to
execute a Permit with Citizens Utilities Company of California (Citizens) which:

a) allowed Citizens to operate and maintain three water wells at the Half Moon Bay
Airport;

b) provided for the assignment of the Permit to the Cal-Am, as acquisition of the water
system by Cal-Am was being negotiated at that time; and

c) set the rate charged for water extracted from the Half Moon Bay Airport wells.

## Key Facts

1.  Citizens was acquired by Cal-Am in January 15, 2002, and the Permit was assigned to
    Cal-Am as provided by the terms of the Permit.

2.  Certain of Cal-Am assets were purchased by MWSD, effective August 1, 2003. In
    connection with this purchase, Cal-Am purported to assign the Permit to MWSD.
    However, pursuant to its terms, any assignment of the Permit requires the approval of
    this Board.

Honorable Board of Supervisors
Page 2
September 7, 2004

## Discussion

Consenting to the assignment of the non-exclusive Permit will allow MWSD to continue to operate and maintain three (3) existing wells on the Half Moon Bay Airport pursuant to the Permit through March 19, 2012, with a possible ten-year extension thereafter.

## Vision Alignment

We believe our recommendation is consistent with Goal Number 7, "Maintain and Enhance the Public Safety of all Residents and Visitors" of the Shared Vision Commitment to "Ensure Basic Health and Safety for All" because authorizing the assignment of the Permit will allow MWSD to continue to use the Half Moon Bay Airport wells as a source of water through 2012, or until such time as other sources of water are developed by MWSD.

## Fiscal Impact

Under the Permit's terms, the Airport Enterprise Fund will receive approximately $70,000 to $80,000 per year, based on the current amount of water extracted from the wells each year.

There is no impact to the General Fund.

MWSD has submitted a request for assignment of the Permit from Cal-Am to MWSD, together with supporting documents, including evidence of the necessary insurance which names the County as an additional insured.

THOMAS F. CASEY III, COUNTY COUNSEL

TFC:JDN/ag

cc:    Montara Water and Sanitary District
       John Nibbelin, Deputy
       Mark Larson, Airport Manager

L:\CLIENT P DEPTS\PUBWORKS\Airport General\MSWDpermit Board Report 9-8-04rev1.doc

## COPY CERTIFICATION

State of California
County of San Mateo

I, _Penny Little_ , hereby swear that the attached reproduction of

_Resolution No. 1387_ is a true, correct, and complete

photocopy of a document in my possession.

_Penny Yvonne Little_

_April 23, 2007_

PENNY YVONNE LITTLE
Commission # 1585057
Notary Public - California
San Mateo County
My Comm. Expires Jun 5, 2009