# EXHIBIT C

# MAP & DESCRIPTION

Case No. C 07-3176 JF

(File #10742)



**EXHIBIT C**

Exhibit 'A'
Legal Description
Montara Water and Sanitary District - Airport Well Sites
San Mateo County, California

Those certain parcels of land situated in the County of San Mateo, State of California, more particularly described as follows:

Being a portion of that certain parcel of land known as Half Moon Bay Airport described in the deed to San Mateo County, recorded January 18, 1957, in Book 3161 of Official Records at Page 534, in the Office of the County Recorder of said San Mateo County, more particularly described as follows:

**Commencing** at a found chipped 6" x 6" "Division of Highways" concrete monument being South 38°25'31" West, 1.43 feet from a point on the westerly line of State Highway No. 1 at Engineer's Station 144+13.48 and being the beginning of a curve concave to the southwest having a radius of 4920.00 feet on the "D2" line as shown on the Caltrans Right-of-Way Record Map for District IV, County of San Mateo, Route 1, Section D, Sheet 8 of 16, Post Mile 33.7, said POINT OF COMMENCEMENT also being distant South 54°49'10" East, 2143.26 feet (shown as North 56°06'30" West, 2143.34 feet on said Right-of-Way Record Map) from Engineer's Station 165+56.82 as shown on said Caltrans Right-of-Way Record Map, Sheet 9 of 16, Post Mile 34.2, said point being also distant North 03°18'58" West, 2288.65 feet more or less from a National Geodetic Survey Monument "Moonport" (PID HT3700), a metal rod in a pipe sleeve at the end of Runway 30 at said Half Moon Bay Airport;

## Parcel One – "South Airport Well" Site
**Thence** from said **POINT OF COMMENCEMENT** South 41°56'42" East, 674.13 feet to the **TRUE POINT OF BEGINNING**;

thence South 52°38'56" East, 36.61 feet
thence South 35°22'47" West, 19.50 feet;
thence North 53°14'12" West, 36.95 feet;
thence North 36°23'03" East, 19.87 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 723.67 square feet or 0.02 acres, more or less measured at ground level.

## Parcel Two – "North Airport Well" Site
**Thence** from said **POINT OF COMMENCEMENT** South 05°39'52" West, 75.82 feet to the **TRUE POINT OF BEGINNING**;


EXHIBIT B

thence South 51°17'36" East, 70.67 feet
thence South 38°26'06" West, 10.95 feet;
thence North 51°37'02" West, 54.91 feet;
thence North 50°37'06" West, 16.00 feet;
thence North 39°41'36" East, 11.07 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 787.00 square feet or 0.02 acres, more or less measured at ground level.

### Parcel Three – "Airport Well No. 3" Site
**Thence** from said **POINT OF COMMENCEMENT** North 61°43'21" West, 415.41 feet to the **TRUE POINT OF BEGINNING**;

thence South 32°46'01" West, 11.38 feet
thence North 55°06'43" West, 19.31 feet;
thence North 54°47'06" West, 39.84 feet;
thence North 36°01'57" East, 11.56 feet;
thence South 54°42'57" East, 58.50 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 676.59 square feet, or 0.02 acres, more or less measured at ground level.

### End of Description

Bearings and distances used in this description and its accompanying plats are based on the California Coordinate System, Zone III, North American Datum of 1983. All distances in this description are ground distances.

This description was prepared pursuant to Section 8726 of the Business and Professions Code of the State of California by or under the supervision of:

Date: April 11, 2007

Michael A. Cusick, L.S. 7885
License expires 03/31/2009

*[Seal: PROFESSIONAL LAND SURVEYOR, MICHAEL ANDREW CUSICK, No. 7885, Exp. 3/31/09, STATE OF CALIFORNIA]*

**Exhibit 'A'**
Legal Description
Montara Water and Sanitary District
Access and Pipeline Easements at Airport Well Sites
San Mateo County, California

An easement for access and pipeline over all that certain parcel of land situated in the County of San Mateo, State of California, more particularly described as follows:

Being a portion of that certain parcel of land known as Half Moon Bay Airport described in the deed to San Mateo County, recorded January 18, 1957, in Book 3161 of Official Records at Page 534, in the Office of the County Recorder of said San Mateo County, more particularly described as follows:

**Commencing** at a found chipped 6" x 6" "Division of Highways" concrete monument being South 38°25'31" West, 1.43 feet from a point on the westerly line of State Highway No. 1 at Engineer's Station 144+13.48 and being the beginning of a curve concave to the southwest having a radius of 4920.00 feet on the "D2" line as shown on the Caltrans Right-of-Way Record Map for District IV, County of San Mateo, Route 1, Section D, Sheet 8 of 16, Post Mile 33.7, said POINT OF COMMENCEMENT also being distant South 54°49'10" East, 2143.26 feet (shown as North 56°06'30" West, 2143.34 feet on said Right-of-Way Record Map) from Engineer's Station 165+56.82 as shown on said Caltrans Right-of-Way Record Map, Sheet 9 of 16, Post Mile 34.2, said point being also distant North 03°18'58" West, 2288.65 feet more or less from a National Geodetic Survey Monument "Moonport" (PID HT3700), a metal rod in a pipe sleeve at the end of Runway 30 at said Half Moon Bay Airport; thence from said **POINT OF COMMENCEMENT** North 38°25'31" East, 1.43 feet to a point on said westerly line of State Highway No. 1 and the beginning of a curve concave to the southwest, having a radius of 4920.00 feet, and whose center bears South 35°08'33" West; thence along said westerly line and arc of said curve, deflecting to the right, through a central angle of 05° 02' 36" for an arc distance of 433.07 feet to the **TRUE POINT OF BEGINNING**;

## Access Easement to Airport Well Sites
A strip of land for the purpose of maintaining and accessing the well sites over and across the lands thereon being 20.00 feet wide, lying 10.00 feet on each side of the following described centerline:

**Thence** from said **TRUE POINT OF BEGINNING** and leaving said westerly line, South 26°49'51" West, 21.11 feet to a point hereinafter referred to as Point 'A';

thence South 26°49'51" West, 200.36 feet to the beginning of a non-tangent curve concave northeasterly, having a radius of 35.50 feet, and whose center bears South 72°53'10" East;

thence along the arc of said curve, deflecting to the left, through a central angle of 98°21'13" for an arc distance of 60.94 feet;

**thence tangent** there from South 81°14'23" East, 30.60 feet to the beginning of a non-tangent curve concave northerly, having a radius of 260.52 feet, and whose center bears North 04°56'47" East;

thence along the arc of said curve, deflecting to the left, through a central angle of 05°34'09" for an arc distance of 25.32 feet;

thence non-tangent from said curve South 88°42'30" East, 57.37 feet to the beginning of a non-tangent curve concave southerly, having a radius of 100.00 feet, and whose center bears South 00°07'44" East from said beginning;

thence along the arc of said curve, deflecting to the right, through a central angle of 28°52'10" for an arc distance of 50.39 feet;

thence non-tangent from said curve South 53°14'12" East, 36.28 feet to the end of said centerline.

The sidelines of said strip of land shall be lengthened or shortened so as to terminate at right angles to the said described centerline, except at the TRUE POINT OF BEGINNING, said sidelines of said strip of land shall be lengthened or shortened so as to terminate in the said westerly line of State Highway No. 1.

**Thence** beginning at Point 'A' as described above, also being the beginning of a curve concave northerly, having a radius of 35.00 feet,

thence along the arc of said curve, deflecting to the right, through a central angle of 101°52'33" for an arc distance of 62.23 feet;

thence tangent therefrom North 51°17'36" West, 616.16 feet;

thence North 54°42'07" West, 254.78 feet to the end of said centerline.

The sidelines of said strip of land shall be lengthened or shortened so as to terminate at right angles to said centerline.

**TOGETHER WITH** a Pipeline Easement 10.00 foot wide, lying 5.00 feet on each side of the following described centerline:

**Thence** from said **POINT OF COMMENCEMENT** North 62°58'43" West, 432.53 feet to the **TRUE POINT OF BEGINNING**;

**thence** South 33°37'18" West, 68.61 feet.

The sidelines of said strip of land shall be lengthened or shortened at the southwesterly ends so as to terminate in the northwest line of that certain reservation for a perpetual water line easement described in the deed from the United States of America to the County of San Mateo, recorded May 25, 1948, in Book 1521 of Official Records at Page 1 in the Office of the County Recorder of said San Mateo County.

## End of Description

Bearings and distances used in this description and its accompanying plats are based on the California Coordinate System, Zone III, North American Datum of 1983. All distances in this description are ground distances.

This description was prepared pursuant to Section 8726 of the Business and Professions Code of the State of California by or under the supervision of:

Date: April 19, 2007

Michael A. Cusick, L.S. 7885
License expires 03/31/2009

```
HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD, #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile:  (650) 348-3518
fitzgeraldlaw@sbcglobal.net

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane
Cupertino, CA 95014
Phone:    (408) 517-9923
Facsimile: (408) 252-5906
dschricker@schrickerlaw.com

Attorneys For Plaintiff
MONTARA WATER AND SANITARY DISTRICT
```

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY 1 8 2007

Clerk of the Superior Court
By ____M. MARLOWE____
DEPUTY CLERK

*Exempt From Filing Fees Pursuant*
*To Government Code section 6310*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO - CIVIL UNLIMITED

MONTARA WATER AND SANITARY
DISTRICT, a public agency

    Plaintiff,

v.

COUNTY OF SAN MATEO, a political
subdivision of the State of California; and Does 1
to 20, inclusive,

    Defendants.

No. CIV 463068

**NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE**
[CCP §394]

APN: 037-292-030 (portion)

Date:  June 25, 2007
Time:. 9:00 a.m.
Dept.: Law & Motion
*Trial Date: None set*

    NOTICE IS HEREBY GIVEN that on June 25, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Law and Motion Department of this Court, located at the County Civic Center, 400 County Center, Redwood City, California 94063, plaintiff MONTARA WATER AND SANITARY DISTRICT will move the Court under Code of Civil Procedure section 394 for an order transferring this case from this court to the Superior Court of the State of California,

1

NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE

County of Santa Clara, for further proceedings and trial.

The motion will be made pursuant to California Code of Civil Procedure section 394, which provides in pertinent part as follows:

> "(1) An action or proceeding against a county, or city and county, a city, or local agency, may be tried in the county, or city and county, or the county in which the city or local agency is situated, <u>unless</u> the action or proceeding is brought by a county, or city and county, a city, or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated. (Emphasis added.)

AND, FURTHER, that the ends of justice would be promoted by transferring the place of trial and all further proceedings to Santa Clara County.

The motion will be based on this notice of motion and the memorandum of points and authorities filed herewith, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

Dated: May 17, 2007.

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION

By: _____
CHRISTINE C. FITZGERALD
Attorneys for Plaintiff

Ntc.Mtn. for Change of Venue

HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD, #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile: (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane
Cupertino, CA 95014
Phone: (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*

Attorneys For Plaintiff
MONTARA WATER AND SANITARY DISTRICT

**ENDORSED FILED**
SAN MATEO COUNTY
MAY 1 8 2007
Clerk of the Superior Court
By M. MARLOWE
DEPUTY CLERK

*Exempt From Filing Fees Pursuant To Government Code section 6310*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO - CIVIL UNLIMITED

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT, a public agency,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>Defendants. | No. CIV 463068<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CHANGE OF VENUE**<br><br>APN: 037-292-030 (portion)<br><br>Date: June 25, 2007<br>Time: 9:00 a.m.<br>Dept.: Law & Motion<br>*Trial Date: None set* |

## I.

### INTRODUCTION

This is a proceeding in eminent domain by which Plaintiff is seeking to acquire real property owned by Defendant COUNTY OF SAN MATEO (hereinafter "CSM") for the acquisition of certain real property which has been permissively used for an extraction fee pursuant

1

MEMORANDUM OF P&A's IN SUPPORT OF MOTION FOR CHANGE OF VENUE

to an encroachment permit and agreement by and between Plaintiff and its predecessors in interest and CSM for in excess of 25 years for purposes of its water system serving the Montara public; the acquisition seeks to acquire real property, access to the real property, easements pertaining thereto, including water rights, if any, owned by Defendant which real property is necessary to secure and guarantee, inter alia, a reliable source of water for the Montara public.

Plaintiff and Defendant have for sometime been involved in discussions regarding this occupancy and acquisition and prior to the commencement of this action, Plaintiff presented a written offer to acquire the real property upon which Plaintiff's well equipment is situated. Because Plaintiff had received no counteroffer from Defendant, it filed a complaint in this court.

## II.

## ARGUMENT

### This Court Is Required To Transfer Venue

California Code of Civil Procedure section 394(a) provides that where an action is between two public entities of the same county, venue must be transferred to a neutral county upon motion of either public entity. (County of San Bernardino, v. Superior Court (1994) 30 Cal.App.4 378 at 387, 388) Section 394(a) applies to the instant action because the Plaintiff, Montara Water And Sanitary District, is a local agency and the Defendant, County of San Mateo, is a county, both of which are in San Mateo County and both of which are public entities.

The first sentence in section 394(a) is relevant to this case. It provides:

> "An action or proceeding against a county, or city and county, a city, or local agency, may be tried in such county, or city and county, or the county in which such city or local agency is situated, unless such action or proceeding is brought by a county, or city and county, a city, or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated." (Emphasis added)

For purposes of application to the instant case, the first sentence (referred to in the cases as "Clause One") may be parsed so as to read as follows:

> "An action or proceeding against a county, . . ., may be tried in such county, . . ., unless such action or proceeding is brought by a . . . local agency, in which case it may be tried in any county, or city and

2

MEMORANDUM OF P&A's IN SUPPORT OF MOTION FOR CHANGE OF VENUE

county, not a party thereto and in which the. . .local agency is not situated."

In <u>City of Alameda</u> v. <u>Superior Court</u> (1979) 42 Cal.App.3d 312, the appellate court held that the above language is mandatory, and that it was <u>not</u> a matter of judicial discretion whether to transfer an action pursuant to that language. The appellate court stated as follows:

> The use of the word "may" as noted does not necessarily mean that a transfer is discretionary when the controversy is between two cities within the same county. Rather, the section should be interpreted to mean that where it is shown that both parties are cities within the same county a transfer is required (except as will be discussed <u>infra</u>) and the proceeding <u>may</u> be transferred to any other neutral county. In other words, the combination of the permissive "may" in the first clause quoted above, and the use of "unless" in the qualifying clause make it clear that when two cities in the same county are adversaries the case cannot be tried over objection in that county.
> (42 Cal.App.3 at 316, italics in original text.)

The appellate court explained the policy behind section 394(a) as follows: "In a contest between two cities within the same county, no judge should be put in the position of appearing to choose between possibly conflicting loyalties or interests, especially where his election to the bench depends upon the attitude of all the voters in the entire county." (42 Cal.App.3d at 316.)

In <u>Alameda</u>, <u>supra</u>, the city opposing the change of venue argued that a transfer could only be made upon a showing of possible prejudice. The court rejected that argument and stated: "However, section 394 is a specific statute dealing with the venue of actions by or against <u>counties</u> and <u>other</u> <u>pubic</u> <u>entities</u>. It is designed to obviate the appearance of prejudice as well as actual prejudice or bias. It would be redundant if it were necessary to prove the same prejudice as is required under section 397." (42 Cal.App.3d at 317, emphasis added.) Also see <u>County of San Bernardino</u>, v. <u>Superior Court</u>, <u>supra</u>, at p. 386.

It is clear from the above that the instant action falls within the purview of section 394(a).

### III.

### ALL COMPLAINTS IN EMINENT DOMAIN MUST BE FILED IN THE COUNTY IN WHICH THE PROPERTY SOUGHT TO BE TAKEN IS LOCATED

The Eminent Domain Law requires that all eminent domain proceedings be commenced and prosecuted in superior court. (Code Civ. Proc., §1250.010.) The venue of an eminent domain

3

MEMORANDUM OF P&A's IN SUPPORT OF MOTION FOR CHANGE OF VENUE

proceeding is established by the provisions of Code of Civil Procedure section 1250.020, which reads:

> "(a) Except as provided in subdivision (b), the proceeding shall be commenced in the county in which the property sought to be taken is located."

The Law Revision Commission Comment to this section provides in relevant part:

> "Section 1250.020 specifies where an eminent domain proceeding must be brought. Failure to bring the proceeding in the proper county is a failure to vest the necessary jurisdiction in the court. For provisions authorizing transfer of the proceedings for trial, see Section 1250.040. . . ."

Along these same lines Code of Civil Procedure section 1250.030 provides:

> "(a) Except as provided in subdivision (b), the county in which the proceeding is commenced pursuant to Section 1250.020 is the proper county for trial of the proceeding."

In accordance with the express terms of the Eminent Domain Law, in order to establish jurisdiction, Plaintiff was required to file this proceeding in San Mateo County because the property it is seeking to acquire is located entirely within this county. However, as section 1250.030 of the Code of Civil Procedure makes clear, once the proceeding has been properly filed, the court has the power to change venue to another county.

### IV.

### AFTER THE PROCEEDING HAS BEEN FILED IN THE PROPER COUNTY, ANY PARTY MAY MOVE FOR A CHANGE OF VENUE IN ACCORDANCE WITH THE PROVISIONS OF THE CODE OF CIVIL PROCEDURE

Section 1250.040 of the Code of Civil Procedure provides:

> "The provisions of the Code of Civil Procedure for the change of place of trial of actions apply to eminent domain proceedings."

The Law Revision Commission Comment to this section provides in relevant part:

> "Section 1250.040 makes clear that the rules of practice for civil actions generally govern venue change in eminent domain proceedings. This continues prior law. . . ."

//
//

4

MEMORANDUM OF P&A's IN SUPPORT OF MOTION FOR CHANGE OF VENUE

## V.

## CODE OF CIVIL PROCEDURE 394 AS A REMEDIAL STATUTE IS TO BE LIBERALLY CONSTRUED

Code of Civil Procedure section as a remedial statute must be broadly interpreted in favor of the moving party. The California Supreme and Appellate Courts require that section 394 be liberally interpreted to allow for transfer. (see San Francisco Foundation v. Superior Court (1984) 37 Cal.3d 285 which stated at p. 296, "Furthermore, as a remedial legislation the section is to be liberally construed."; Westinghouse Electric Corp. v. Superior Court (1976) 17 Cal.3d 259 at 266 "[A]s the statute is remedial in its purpose, it should receive a liberal construction which will promote rather than frustrate the policy behind the law."; County of San Bernardino, v. Superior Court (1994) 30 Cal.App.4th 378 at 386-387 stating that the statute is to be liberally construed to "...promote...the policy behind the law..."; citing the Westinghouse, supra, case.

It should be noted that the City of Alameda, supra, case, the County of San Bernardino, supra, case and the instant case are all "Clause One" cases under CCP 394. (County of San Bernardino, supra, at p. 385)

## VI.

## CONCLUSION

For all of the reasons stated above, Plaintiff submits that this matter falls squarely within the provisions of the first sentence of Code of Civil Procedure section 394. As stated in the case of County of San Bernardino, v. Superior Court, supra, at p. 385 in citing the holding of the City of Alameda, supra, case as to the instant case facts (i.e. the first clause of CCP 394) "The holding of the case was simply (under Clause One), transfer to a neutral county was mandatory upon application." The interests of justice require that this court exercise its authority under section 394 of the Code of Civil Procedure and transfer this case immediately so that all further proceedings are held in Santa Clara County.

//

//

5

MEMORANDUM OF P&A's IN SUPPORT OF MOTION FOR CHANGE OF VENUE

1  Dated: May 17, 2007

2
3                                           LAW OFFICES OF HERMAN H. FITZGERALD
                                            A PROFESSIONAL CORPORATION
4
5                                           By: /s/ Herman H. Fitzgerald
                                                HERMAN H. FITZGERALD
6                                               Attorneys for Plaintiff

7  Mem P&A Change of Venue

6

MEMORANDUM OF P&A's IN SUPPORT OF MOTION FOR CHANGE OF VENUE