1  HERMAN H. FITZGERALD, #33131
   CHRISTINE C. FITZGERALD, #131531
2  LAW OFFICES OF HERMAN H. FITZGERALD
   A Professional Corporation
3  345 Lorton Avenue, Suite 302
   Burlingame, CA 94010
4  Telephone: (650) 348-5195
   Facsimile: (650) 348-351
5  *fitzgeraldlaw@sbcglobal.net*

6
   DAVID E. SCHRICKER, #36534
7  LAW OFFICES OF DAVID E. SCHRICKER        ***Exempt From Filing Fees Pursuant***
   20370 Town Center Lane                    ***To Government Code section 6310***
8  Cupertino, CA 95014
   Phone:    (408) 517-9923
9  Facsimile: (408) 252-5906
   *dschricker@schrickerlaw.com*

10 Attorneys For Plaintiff
11 MONTARA WATER & SANITARY DISTRICT

12
13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
14              IN AND FOR THE COUNTY OF SAN MATEO
15                  CIVIL UNLIMITED JURISDICTION
16

17 MONTARA WATER AND SANITARY          )   No.  **CV 4 6 3 0 6 8**
   DISTRICT, a public body,            )
18                                      )   **NOTICE OF LIS PENDENS**
          Plaintiff,                    )
19                                      )   APN: 037-292-030 (portion)
   v.                                   )
20                                      )
   COUNTY OF SAN MATEO, a political     )
21 subdivision of the State of California; and DOES )
   1 to 20, inclusive,                  )
22                                      )
          Defendants.                   )
23 _____   )

24       NOTICE IS HEREBY GIVEN that a proceeding has been commenced in the Superior

25 Court of the State of California for the County of San Mateo by the above named Plaintiff against

26 the above named Defendants.  This proceeding is for the purpose of condemnation of all right, title

27 and interest in the real property described on <u>Exhibit "A"</u> attached hereto and by this reference

28
                                      1
                         NOTICE OF LIS PENDENS

made a part hereof, so that Plaintiff may be entitled to take and hold said real property for public use as set forth in Plaintiff's Complaint on making compensation therefor.

The real property which is subject to and affected by this action is situated in San Mateo County, California, and described in Exhibit "A" which is attached hereto.

The parties having ownership, occupancy or other interest in said real property are the parties named in the title to the action.

Dated: May 16, 2007

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION


BY: _____
CHRISTINE C. FITZGERALD
Attorneys for Plaintiff


LisPendens.Montara

2

NOTICE OF LIS PENDENS

**Exhibit 'A'**
Legal Description
Montara Water and Sanitary District - Airport Well Sites
San Mateo County, California

Those certain parcels of land situated in the County of San Mateo, State of California, more particularly described as follows:

Being a portion of that certain parcel of land known as Half Moon Bay Airport described in the deed to San Mateo County, recorded January 18, 1957, in Book 3161 of Official Records at Page 534, in the Office of the County Recorder of said San Mateo County, more particularly described as follows:

**Commencing** at a found chipped 6" x 6" "Division of Highways" concrete monument being South 38°25'31" West, 1.43 feet from a point on the westerly line of State Highway No. 1 at Engineer's Station 144+13.48 and being the beginning of a curve concave to the southwest having a radius of 4920.00 feet on the "D2" line as shown on the Caltrans Right-of-Way Record Map for District IV, County of San Mateo, Route 1, Section D, Sheet 8 of 16, Post Mile 33.7, said POINT OF COMMENCEMENT also being distant South 54°49'10" East, 2143.26 feet (shown as North 56°06'30" West, 2143.34 feet on said Right-of-Way Record Map) from Engineer's Station 165+56.82 as shown on said Caltrans Right-of-Way Record Map, Sheet 9 of 16, Post Mile 34.2, said point being also distant North 03°18'58" West, 2288.65 feet more or less from a National Geodetic Survey Monument "Moonport" (PID HT3700), a metal rod in a pipe sleeve at the end of Runway 30 at said Half Moon Bay Airport;

<u>**Parcel One – "South Airport Well" Site**</u>
**Thence** from said **POINT OF COMMENCEMENT** South 41°56'42" East, 674.13 feet to the **TRUE POINT OF BEGINNING**;

thence South 52°38'56" East, 36.61 feet
thence South 35°22'47" West, 19.50 feet;
thence North 53°14'12" West, 36.95 feet;
thence North 36°23'03" East, 19.87 feet to the **TRUE POINT OF BEGINNING**.

Containing an area of 723.67 square feet or 0.02 acres, more or less measured at ground level.

<u>**Parcel Two – "North Airport Well" Site**</u>
**Thence** from said **POINT OF COMMENCEMENT** South 05°39'52" West, 75.82 feet to the **TRUE POINT OF BEGINNING**;

thence South 51°17'36" East, 70.67 feet
thence South 38°26'06" West, 10.95 feet;
thence North 51°37'02" West, 54.91 feet;
thence North 50°37'06" West, 16.00 feet;
thence North 39°41'36" East, 11.07 feet to the **TRUE POINT OF BEGINNING.**

Containing an area of 787.00 square feet or 0.02 acres, more or less measured
at ground level.

**Parcel Three – "Airport Well No. 3" Site**
**Thence** from said **POINT OF COMMENCEMENT** North 61°43'21" West, 415.41
feet to the **TRUE POINT OF BEGINNING;**

thence South 32°46'01" West, 11.38 feet
thence North 55°06'43" West, 19.31 feet;
thence North 54°47'06" West, 39.84 feet;
thence North 36°01'57" East, 11.56 feet;
thence South 54°42'57" East, 58.50 feet to the **TRUE POINT OF BEGINNING.**

Containing an area of 676.59 square feet, or 0.02 acres, more or less measured
at ground level.

### End of Description

Bearings and distances used in this description and its accompanying plats are
based on the California Coordinate System, Zone III, North American Datum of
1983. All distances in this description are ground distances.

This description was prepared pursuant to Section 8726 of the Business and
Professions Code of the State of California by or under the supervision of:

Date: _April 11, 2007_

Michael A. Cusick, L.S. 7885
License expires 03/31/2009

**Exhibit 'A'**
Legal Description
Montara Water and Sanitary District
Access and Pipeline Easements at Airport Well Sites
San Mateo County, California

An easement for access and pipeline over all that certain parcel of land situated in the County of San Mateo, State of California, more particularly described as follows:

Being a portion of that certain parcel of land known as Half Moon Bay Airport described in the deed to San Mateo County, recorded January 18, 1957, in Book 3161 of Official Records at Page 534, in the Office of the County Recorder of said San Mateo County, more particularly described as follows:

**Commencing** at a found chipped 6" x 6" "Division of Highways" concrete monument being South 38°25'31" West, 1.43 feet from a point on the westerly line of State Highway No. 1 at Engineer's Station 144+13.48 and being the beginning of a curve concave to the southwest having a radius of 4920.00 feet on the "D2" line as shown on the Caltrans Right-of-Way Record Map for District IV, County of San Mateo, Route 1, Section D, Sheet 8 of 16, Post Mile 33.7, said POINT OF COMMENCEMENT also being distant South 54°49'10" East, 2143.26 feet (shown as North 56°06'30" West, 2143.34 feet on said Right-of-Way Record Map) from Engineer's Station 165+56.82 as shown on said Caltrans Right-of-Way Record Map, Sheet 9 of 16, Post Mile 34.2, said point being also distant North 03°18'58" West, 2288.65 feet more or less from a National Geodetic Survey Monument "Moonport" (PID HT3700), a metal rod in a pipe sleeve at the end of Runway 30 at said Half Moon Bay Airport; thence from said **POINT OF COMMENCEMENT** North 38°25'31" East, 1.43 feet to a point on said westerly line of State Highway No. 1 and the beginning of a curve concave to the southwest, having a radius of 4920.00 feet, and whose center bears South 35°08'33" West; thence along said westerly line and arc of said curve, deflecting to the right, through a central angle of 05° 02' 36" for an arc distance of 433.07 feet to the **TRUE POINT OF BEGINNING**;

## Access Easement to Airport Well Sites
A strip of land for the purpose of maintaining and accessing the well sites over and across the lands thereon being 20.00 feet wide, lying 10.00 feet on each side of the following described centerline:

**Thence** from said **TRUE POINT OF BEGINNING** and leaving said westerly line, South 26°49'51" West, 21.11 feet to a point hereinafter referred to as Point 'A';

thence South 26°49'51" West, 200.36 feet to the beginning of a non-tangent curve concave northeasterly, having a radius of 35.50 feet, and whose center bears South 72°53'10" East;

thence along the arc of said curve, deflecting to the left, through a central angle of 98°21'13" for an arc distance of 60.94 feet;

thence tangent there from South 81°14'23" East, 30.60 feet to the beginning of a non-tangent curve concave northerly, having a radius of 260.52 feet, and whose center bears North 04°56'47" East;

thence along the arc of said curve, deflecting to the left, through a central angle of 05°34'09" for an arc distance of 25.32 feet;

thence non-tangent from said curve South 88°42'30" East, 57.37 feet to the beginning of a non-tangent curve concave southerly, having a radius of 100.00 feet, and whose center bears South 00°07'44" East from said beginning;

thence along the arc of said curve, deflecting to the right, through a central angle of 28°52'10" for an arc distance of 50.39 feet;

thence non-tangent from said curve South 53°14'12" East, 36.28 feet to the end of said centerline.

The sidelines of said strip of land shall be lengthened or shortened so as to terminate at right angles to the said described centerline, except at the TRUE POINT OF BEGINNING, said sidelines of said strip of land shall be lengthened or shortened so as to terminate in the said westerly line of State Highway No. 1.

Thence beginning at Point 'A' as described above, also being the beginning of a curve concave northerly, having a radius of 35.00 feet,

thence along the arc of said curve, deflecting to the right, through a central angle of 101°52'33" for an arc distance of 62.23 feet;

thence tangent therefrom North 51°17'36" West, 616.16 feet;

thence North 54°42'07" West, 254.78 feet to the end of said centerline.

The sidelines of said strip of land shall be lengthened or shortened so as to terminate at right angles to said centerline.

TOGETHER WITH a Pipeline Easement 10.00 foot wide, lying 5.00 feet on each side of the following described centerline:

**Thence** from said **POINT OF COMMENCEMENT** North 62°58'43" West, 432.53 feet to the **TRUE POINT OF BEGINNING;**

**thence** South 33°37'18" West, 68.61 feet.

The sidelines of said strip of land shall be lengthened or shortened at the southwesterly ends so as to terminate in the northwest line of that certain reservation for a perpetual water line easement described in the deed from the United States of America to the County of San Mateo, recorded May 25, 1948, in Book 1521 of Official Records at Page 1 in the Office of the County Recorder of said San Mateo County.

### End of Description

Bearings and distances used in this description and its accompanying plats are based on the California Coordinate System, Zone III, North American Datum of 1983. All distances in this description are ground distances.

This description was prepared pursuant to Section 8726 of the Business and Professions Code of the State of California by or under the supervision of:

Date: _April 19, 2007_

Michael A. Cusick, L.S. 7885
License expires 03/31/2009

# NOTICE OF CASE MANAGEMENT CONFERENCE

Montara Water and S___ FILED
ENDORSED
SAN MATEO COUNTY
MAY 1 7 2007
Clerk of the Superior Court
M. Javillonar
BY _____ DEPUTY CLERK

vs.

County of S_n Mat___

**CIV 463068**

Case No. _____

Date: _____ **SEP 19 2007**

Time: 9:00 a.m.

Dept. 2 – on Tuesday & Friday
Dept. 8 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve all named defendants and file proofs of service** on those defendants with the court within **60 days** of filing the complaint (CRC 3.110).
   b. **Serve a copy of this notice,** Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve a completed Case Management Statement** at least **15 days** before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: **Superior Court of California**

MAILING ADDRESS: **County of San Mateo**

CITY AND ZIP CODE: **400 County Center**

BRANCH NAME: **Redwood City, CA  94063-1655**

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                  Time:                  Dept.:              Div.:                  Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint    ☐ cross-complaint    *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in (check all that apply):

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference (specify when):

## 12. Insurance

a.    ☐ Insurance carrier, if any, for party filing this statement (name):

b.    Reservation of rights:    ☐ Yes    ☐ No

c.    ☐ Coverage issues will significantly affect resolution of this case (explain):

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other (specify):
Status:.

## 14. Related cases, consolidation, and coordination

a.    ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by (name party):

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

## 16. Other motions

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

**APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET**

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**. Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number):<br><br>**Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655  (650) 363-4711 | Court Use Only |
|---|---|
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation
☐ Neutral Evaluation
☐ **Non-Binding Judicial Arbitration CCP 1141.12**
☐ Other: _____

☐ Binding Arbitration (private)
☐ Settlement Conference (private)
☐ Summary Jury Trial

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

_____

### ORIGINAL SIGNATURES

_____

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____

☐Attorney for (Signature)

Attorney or Party without attorney

_____

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____

☐Attorney for (Signature)

Attorney or Party without attorney

# STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____

☐Attorney for (Signature)

Attorney or Party without attorney

_____

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____

☐Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

_____

JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

# DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

## CHAPTER 1.  FORM AND SERVICE OF PAPERS

### Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

### Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

### Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

### Rule 2.1.2   Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

### Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

### Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below.  Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted.  The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered.  If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.  The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

(2)     Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)     With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)     Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)     Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

    (A)     A statement of facts.

    (B)     The contentions of each party to the action regarding liability and damages.

    (C)     An itemized list of special damages.

    (D)     In any case in which personal injury is claimed:

        (i)     A description of the nature and extent of any injury claimed, including residuals.

        (ii)     A description of the basis for and method of calculation of any claimed wage loss.

    (E)     The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)     All parties shall be prepared to make a bona fide offer of settlement.

(b)     The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)     No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

## CHAPTER 4.  JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)    Served on one trial until discharged.

(b)    Been assigned on one day for jury selection until excused by the jury commissioner.

(c)    Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)    Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)    Served one day on call.

(f)    Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### Rule 2.7.1  Proposed Jury Instructions

(a)    Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)    The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

### Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case.  Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

### Rule 2.7.3  Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055.  Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

Superior Court of California, County of San Mateo

Rule 2.7.6  Refund of Jury Fees:  Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

# CHAPTER 5.  GENERAL RULES

Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9   Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10  Interpreters and Translators

a)      Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)      Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)      Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

# CHAPTER 6.  CIVIL TRIAL RULES

Rule 2.20   Trial Motions, Briefs, Statements, and Witness Lists

        Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
        (1)     Any in limine motions and response thereto;
        (2)     Any trial briefs;

Superior Court of California, County of San Mateo

C.    **Application to Designate or Counter-Designate an Action as a Complex Case.**

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

   (1)    Management of a large number of separately represented parties;
   (2)    Complexity of anticipated factual and/or legal issues;
   (3)    Numerous pretrial motions that will be time-consuming to resolve;
   (4)    Management of a large number of witnesses or a substantial amount of documentary evidence;
   (5)    Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
   (6)    Whether or not certification of a putative class action will in fact be pursued; and
   (7)    Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.    **Noncomplex Counter-Designation.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.    **Decision by Presiding Judge on Complex Case Designation; Early Status Conference.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

**See reverse side for "How to Use CourtCall"**

COURTCALL, LLC
*Telephonic Court Appearances*
6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) **COMPLETELY** fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! **LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!**

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:**
Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any**).

**IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!**

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

\* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

\* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

\* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

\* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. **DO NOT LEAVE THE LINE!**

"If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND A NEW FEE FOR THE CONTINUED DATE.

| ATTORNEY OF RECORD (Name /Address/Phone/Fax):<br><br>State Bar No._____<br><br>ATTORNEY FOR (Name):<br><br>San Mateo Superior Court | DO NOT FILE WITH COURT<br><br>**COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!!** |
|---|---|
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | **CASE NUMBER:**<br><br>**JUDGE/DEPARTMENT:**<br><br>**DATE AND TIME:**<br><br>**NATURE OF HEARING:** |

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. **I UNDERSTAND THAT _I DIAL_ INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2. Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 **if late filing is accepted**) is paid as follows:

   ☐  Check (copy faxed-write case # on check) payable to CourtCall. DO NOT MAIL ORIGINAL. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

   ☐  Charged to CourtCall Debit Account No.:_____

   ☐  Charged to VISA, MasterCard or American Express:

   | **TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO** CourtCall, LLC: |
   |---|
   | Credit Card:        O VISA      O MasterCard     O American Express<br><br>Credit Card Number:_____ Expiration Date:_____<br><br>To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be **faxed** to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.<br><br>Date: _____ Name on Card: _____<br>              Type Name                         Signature |

4. **Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated:_____            _____
                                                                                    Signature

4.25.02            **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

Law Offices of
**HERMAN H. FITZGERALD**
**A Professional Corporation**

Herman H. Fitzgerald
Christine C. Fitzgerald

345 Lorton Avenue, Ste. 302
Burlingame, California 94010
Telephone 650.348.5195
**Facsimile   650.348.3518**

# FACSIMILE TRANSMITTAL

## DATE:   June 12, 2007

TO:    Miruni Soosaipillai, Deputy County Counsel

FROM:  Herman H. Fitzgerald

Re:    MWSD-Airport

# OF PAGES (INCLUDING COVER PAGE):         11

TRANSMITTED BY: seh

FAX #:650/363-4034

NOTES: 6/12/07

   1) *Ex Parte* Appn. and MPA's For An Order to Transfer Action; Declaration; 2) Declaration of Herman H. Fitzgerald in Support of *Ex Parte* Appln. follows.

1   HERMAN H. FITZGERALD, #33131
2   CHRISTINE C. FITZGERALD, #131531
    LAW OFFICES OF HERMAN H. FITZGERALD
3   A Professional Corporation
    345 Lorton Avenue, Suite 302
4   Burlingame, CA 94010
    Telephone: (650) 348-5195
5   Facsimile:  (650) 348-3518
    *fitzgeraldlaw@sbcglobal.net*

6   DAVID E. SCHRICKER, #36534
7   LAW OFFICES OF DAVID E. SCHRICKER
    20370 Town Center Lane
8   Cupertino, CA 95014
    Phone:     (408) 517-9923
9   Facsimile: (408) 252-5906
    *dschricker@schrickerlaw.com*                      *Exempt From Filing Fees Pursuant*
                                                       *To Government Code section 6310*
10  Attorneys For Plaintiff
11  MONTARA WATER AND SANITARY DISTRICT

12

13              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14           IN AND FOR THE COUNTY OF SAN MATEO - CIVIL UNLIMITED

15  MONTARA WATER AND SANITARY
16  DISTRICT, a public agency                   )   No.  CIV 463068
                                                )
17              Plaintiff,                       )   *[Complaint filed May 17, 2007]*
                                                )
18  v.                                           )   **EX PARTE APPLICATION AND**
                                                )   **MEMORANDUM OF POINTS**
19  COUNTY OF SAN MATEO, a political             )   **AND AUTHORITIES FOR AN**
    subdivision of the State of California; and Does 1 )   **ORDER TO TRANSFER ACTION**
20  to 20, inclusive,                            )   **BASED UPON MOTION AND**
                                                )   **STIPULATION; DECLARATION**
21              Defendants.                       )
                                                )   APN: 037-292-030 (portion)
22  _____ )
                                                )
23                                                  Date:   June 12, 2007
                                                    Time:.  2:00 p.m.
24                                                  Dept.:  Law & Motion

25                                                  *Trial Date: None set*

26           This is an action in eminent domain filed on May 17, 2007, by which Plaintiff is seeking to

27  acquire real property owned by Defendant COUNTY OF SAN MATEO (hereinafter "CSM").

28  *ExParte Appln. Order Trans Action*

                                        1

    *EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR AN
    ORDER TO TRANSFER ACTION BASED UPON MOTION AND STIPULATION; DECLARATION

1  Plaintiff has used the property pursuant to an encroachment permit and agreement from CSM for in

2  excess of 25 years for purposes of its water system serving the MONTARA public.

3       Plaintiff has filed a Motion for Change of Venue based upon Code of Civil Procedure

4  (hereinafter "CCP") section 394(a) which provides that where an action is between two public

5  entities of the same county, the action must be transferred to a neutral county upon motion of either

6  public entity. (County of San Bernardino, v. Superior Court (1994) 30 Cal.App.4 378 at 387, 388)

7  Section 394(a) applies to the instant action because the Plaintiff, MONTARA WATER AND

8  SANITARY DISTRICT, is a local public entity agency and the Defendant, County of San Mateo, is

9  a county public agency, both of which are located in San Mateo County and both of which are

10  public entities.

11       The Motion is set to be heard on June 25, 2007, at 9:00 a.m. in the Law & Motion

12  Department of the above-entitled Court, however, the parties, acting by and through their respective

13  attorneys, have stipulated that the above-entitled action presently pending in San Mateo County may

14  and shall be transferred for all purposes to the Superior Court in and for the County of Santa Clara.

15       Accordingly, in order to avoid unnecessary expenditure of judicial resources and avoid the

16  necessity of Court appearance on the Motion to which both parties are agreeable, Plaintiff presents

17  this Application for an Order to Transfer Action to the Superior Court in and for the County of

18  Santa Clara. The Stipulation and [proposed] Order to Transfer Action signed by attorneys for both

19  parties is attached hereto as Exhibit "A."

20       WHEREFORE, based upon the law and the Stipulation herein, Plaintiff respectfully

21  requests that, pursuant to the statutory and decisional law with a particular reference to CCP 394(a),

22  this Honorable Court execute its Order in the above-entitled action that this action presently

23  pending in and for the County of San Mateo be transferred for all purposes to the Superior Court

24  in and for the County of Santa Clara.

25  //

26  //

27

28  *ExParte Appln. Order Trans Action*                              2

       *EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR AN
       ORDER TO TRANSFER ACTION BASED UPON MOTION AND STIPULATION; DECLARATION

Dated: June 12, 2007

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION

By: _____
HERMAN H. FITZGERALD
Attorneys for Plaintiff

## DECLARATION OF HERMAN H. FITZGERALD
## RE NOTICE OF *EX PARTE* HEARING

I, HERMAN H. FITZGERALD, declare that:

I am an attorney at law duly licensed to practice in the State of California and the attorney of record herein for Plaintiff MONTARA WATER AND SANITARY DISTRICT. I have personal knowledge of the facts contained herein and would be competent to testify thereto except for matters set forth on information or belief, which I verily believe to be true;

On Monday, June 11, 2007, DECLARANT notified MIRUNI SOOSAIPILLAI, Deputy County Counsel in and for the County of San Mateo of the date, time and place and the nature of this *ex parte* hearing, including the relief sought herein, i.e., order transferring the action for all purposes to the Superior Court in and for the County of Santa Clara; attorney SOOSAIPILLAI authorized DECLARANT to advise the Court that Defendant County of San Mateo has no opposition to the Order transferring the action to Santa Clara County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated June 12, 2007.

_____
HERMAN H. FITZGERALD
Declarant

*ExParte Appln. Order Trans Action*

3

*EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR AN ORDER TO TRANSFER ACTION BASED UPON MOTION AND STIPULATION; DECLARATION

1    HERMAN H. FITZGERALD, #33131
2    CHRISTINE C. FITZGERALD, #131531
     LAW OFFICES OF HERMAN H. FITZGERALD
3    A Professional Corporation
     345 Lorton Avenue, Suite 302
4    Burlingame, CA 94010
     Telephone: (650) 348-5195
5    Facsimile:  (650) 348-3518
     *fitzgeraldlaw@sbcglobal.net*
6
     DAVID E. SCHRICKER, #36534
7    LAW OFFICES OF DAVID E. SCHRICKER
     20370 Town Center Lane
8    Cupertino, CA 95014
     Phone:     (408) 517-9923
9    Facsimile: (408) 252-5906                    *Exempt From Filing Fees Pursuant*
     *dschricker@schrickerlaw.com*                *To Government Code section 6310*
10
     Attorneys For Plaintiff
11   MONTARA WATER AND SANITARY DISTRICT

12

13               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             IN AND FOR THE COUNTY OF SAN MATEO - CIVIL UNLIMITED

15   MONTARA WATER AND SANITARY
16   DISTRICT, a public agency                )
                                              )    No.  CIV 463068
17            Plaintiff,                       )
                                              )    **STIPULATION AND ORDER**
18   v.                                       )    **TO TRANSFER ACTION**
                                              )
19   COUNTY OF SAN MATEO, a political         )    APN: 037-292-030 (portion)
     subdivision of the State of California; and Does 1  )
20   to 20, inclusive,                        )    Date:    June 25, 2007
                                              )    Time:.  9:00 a.m.
21            Defendants.                      )    Dept.:  Law & Motion
                                              )
22   _____    )    *Trial Date: None set*

23           IT IS HEREBY STIPULATED by and between Plaintiff MONTARA WATER AND

24   SANITARY DISTRICT (hereinafter "Plaintiff") and Defendant COUNTY OF SAN MATEO

25   (hereinafter "Defendant") acting by and through their respective attorneys as follows:

26           That Plaintiff's Motion For Change of Venue may be granted and the parties acting by and

27   through their respective attorneys, stipulate that the above-entitled action presently pending in the

28

                                              1

1    above-entitled Court shall be transferred for all purposes to the Superior Court in and for the
2    County of Santa Clara.
3    Dated: June 11, 2007.
4
5                                    LAW OFFICES OF HERMAN H. FITZGERALD
                                     A PROFESSIONAL CORPORATION
6
7                                    By: *Christine C. Fitzgerald*
8                                        CHRISTINE C. FITZGERALD
                                         Attorneys for Plaintiff
9
10   Dated: June __, 2007.
11
12                                   COUNTY OF SAN MATEO
13
14                                   By:_____
15                                       MARUNI SOOSAIPILLAI
                                         Attorneys for Defendant
16
17              IT IS SO ORDERED.
18
19   Dated: _____
20
21
22                                   _____
23   Ntc.Mtn. transfer action        JUDGE OF THE SUPERIOR COURT
24
25
26
27
28

                                          2

above-entitled Court shall be transferred for all purposes to the Superior Court in and for the

County of Santa Clara.

Dated: June 11, 2007.

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION.

By: _____
CHRISTINE C. FITZGERALD
Attorneys for Plaintiff

Dated: June 11, 2007.

COUNTY OF SAN MATEO

By: _____
MARUNI SOOSAIPILLAI
Attorneys for Defendant

IT IS SO ORDERED.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

Stip/Order.transfer action

2

STIPULATION AND ORDER TO TRANSFER ACTION

**PROOF OF SERVICE**

I declare that I am employed in the County of San Mateo, California. I am over the age of eighteen years and not a party to this action. My business address is 345 Lorton Avenue, Suite 302, Burlingame, California, 94010.

On June 12, 2007, I served the within:

***EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR AN ORDER TO TRANSFER ACTION BASED UPON MOTION AND STIPULATION**

Re:  *Montara Water and Sanitary District v. County of San Mateo*
      San Mateo Superior Court No. CIV 463068

on the interested party in said cause as indicated below:

[ ]  **(BY PERSONAL SERVICE)** I caused a copy of said pleading(s) to be hand delivered to the Plaintiff's attorney:

[X]  **(BY FACSIMILE)** I caused a copy of said pleadings to be sent via facsimile transmission to the interested parties at:
      *Facsimile: (650) 363-4034 (Miruni Soosaipillai)*

[ ]  **(BY FEDERAL EXPRESS MAIL)** I caused a copy of said pleadings to be sent via Federal Express Mail to the parties listed below:

[ ]  **(BY REGULAR MAIL)** I caused a copy of said pleadings to be placed in a United States Mail depository, in a sealed envelope with postage fully prepaid, to the below listed addressees:

**Attorneys for Defendant County of San Mateo**
Miruni Soosaipillai, Deputy County Counsel
County of San Mateo
Hall of Justice and Records, 6th Flr
400 County Center
Redwood City, CA 94063-4034
*Telephone: (650) 363-4750*
*Facsimile: (650) 363-403*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 12, 2007

*Susan E. Hughes*
SUSAN E. HUGHES

1  HERMAN H. FITZGERALD, #33131
   CHRISTINE C. FITZGERALD, #131531
2  LAW OFFICES OF HERMAN H. FITZGERALD
   A Professional Corporation
3  345 Lorton Avenue, Suite 302
   Burlingame, CA 94010
4  Telephone: (650) 348-5195
   Facsimile: (650) 348-3518
5  fitzgeraldlaw@sbcglobal.net

6  DAVID E. SCHRICKER, #36534
   LAW OFFICES OF DAVID E. SCHRICKER
7  20370 Town Center Lane
   Cupertino, CA 95014
8  Phone:    (408) 517-9923                    *Exempt From Filing Fees Pursuant
   Facsimile: (408) 252-5906                   To Government Code section 6310*
9  dschricker@schrickerlaw.com

10 Attorneys For Plaintiff
   MONTARA WATER AND SANITARY DISTRICT
11

12

13            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14            IN AND FOR THE COUNTY OF SAN MATEO - CIVIL UNLIMITED

15
   MONTARA WATER AND SANITARY
16 DISTRICT, a public agency              )    No.  CIV 463068
                                          )
17            Plaintiff,                   )    *[Action filed May 17, 2007]*
                                          )
18 v.                                      )    **DECLARATION OF HERMAN H.**
                                          )    **FITZGERALD IN SUPPORT OF**
19 COUNTY OF SAN MATEO, a political        )    ***EX PARTE* APPLICATION**
   subdivision of the State of California; and Does 1  )
20 to 20, inclusive,                       )    APN: 037-292-030 (portion)
                                          )
21            Defendants.                  )    Date:   June 12, 2007
                                          )    Time:.  2:00 p.m.
22 _____)    Dept.:  Law & Motion

23                                              *Trial Date: None set*

24            <u>**DECLARATION OF HERMAN H. FITZGERALD**</u>

25       I, HERMAN H. FITZGERALD, declare as follows:

26       That I am an attorney at law duly licensed to practice in the State of California and one of

27 the attorneys of record herein for Petitioner MONTARA WATER AND SANITARY DISTRICT.

28
   HHFDecl Exparte                           1

   DECLARATION OF HERMAN H. FITZGERALD IN SUPPORT OF EX PARTE APPLICATION

1    I have personal knowledge of the matters set forth in the foregoing Application and personal

2    knowledge of the facts contained in this Declaration and would be competent to testify thereto.

3         That the above-entitled matter is an eminent domain action by which the Plaintiff

4    MONTARA WATER AND SANITARY DISTRICT seeks to condemn property owned by

5    Defendant COUNTY OF SAN MATEO; that both Plaintiff and Defendant are public entities and

6    thus come within the provisions of Code of Civil Procedure section 394(a); California Code of Civil

7    Procedure section 394(a) provides that where an action is between two public entities in the same

8    county, venue must be transferred to a neutral county upon motion of either public entity.

9         That a Motion to Transfer Venue has been filed by Plaintiff MONTARA WATER AND

10   SANITARY DISTRICT to transfer the above-entitled action to the Superior Court in and for the

11   County of Santa Clara; that Declarant is of the opinion and verily believes that by virtue of the

12   nature of the action and that both parties are public entities situated within the same county, Code of

13   Civil Procedure section 394(a) is applicable herein and that upon Motion venue must be transferred;

14   Defendant County of San Mateo, acting by and through Deputy Counsel MIRUNI

15   SOOSAIPILLAI, has stipulated to the transfer and advised DECLARANT to represent to the Court

16   that Defendant County has no objection to the issuance of the transfer Order; that the original of the

17   Stipulation And Order To Transfer Action is separately presented herewith for the Court's

18   signature.

19        I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct.

21   Dated June 12, 2007.

22

23                                        HERMAN H. FITZGERALD
                                          Declarant

24

25

26

27

28

HHFDecl Exparte                          2

DECLARATION OF HERMAN H. FITZGERALD IN SUPPORT OF EX PARTE APPLICATION

**PROOF OF SERVICE**

I declare that I am employed in the County of San Mateo, California. I am over the age of eighteen years and not a party to this action. My business address is 345 Lorton Avenue, Suite 302, Burlingame, California, 94010.

On June *12*, 2007, I served the within:

*DECLARATION OF HERMAN H. FITZGERALD IN SUPPORT OF EX PARTE APPLICATION*

Re:    *Montara Water and Sanitary District v. County of San Mateo*
       San Mateo Superior Court No. CIV 463068

on the interested party in said cause as indicated below:

[ ]    **(BY PERSONAL SERVICE)** I caused a copy of said pleading(s) to be hand delivered to the Plaintiff's attorney:

[X]    **(BY FACSIMILE)** I caused a copy of said pleadings to be sent via facsimile transmission to the interested parties at:
       *Facsimile: (650) 363-4034* **(Miruni Soosaipillai)**

[ ]    **(BY FEDERAL EXPRESS MAIL)** I caused a copy of said pleadings to be sent via Federal Express Mail to the parties listed below:

[ ]    **(BY REGULAR MAIL)** I caused a copy of said pleadings to be placed in a United States Mail depository, in a sealed envelope with postage fully prepaid, to the below listed addressees:

**Attorneys for Defendant County of San Mateo**
Miruni Soosaipillai, Deputy County Counsel
County of San Mateo
Hall of Justice and Records, 6th Flr
400 County Center
Redwood City, CA 94063-4034
*Telephone: (650) 363-4750*
*Facsimile: (650) 363-403*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June *12*, 2007

                                    *Susan E. Hughes*
                                    SUSAN E. HUGHES

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):

Christine C. Fitzgerald, Esq.
Law Offices of Herman H. Fitzgerald
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
TELEPHONE NO.: (650) 348-5195    FAX NO. (Optional): (650) 348-3518
E-MAIL ADDRESS (Optional): fitzgeraldlaw@sbcglobal.net
ATTORNEY FOR (Name): Plaintiff MONTARA WATER AND

**POS-040**

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS:
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PETITIONER/PLAINTIFF: MONTARA WATER AND SANITARY

RESPONDENT/DEFENDANT: COUNTY OF SAN MATEO, a political

**PROOF OF SERVICE—CIVIL**

CASE NUMBER: CIV 463068

JUDGE:

DEPT.:

**Check method of service (only one):**

| | | |
|---|---|---|
| ☐ By Personal Service | ☒ By Mail | ☐ By Overnight Delivery |
| ☐ By Messenger Service | ☒ By Facsimile | ☐ By E-Mail/Electronic Transmission |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is *(specify one):*

   a. ☒ Business:
   345 Lorton Avenue, Suite 302
   Burlingame, CA 94010

   b. ☐ Residence:

3. On *(date):* June 13, 2007        I served the following documents *(specify):*
   Conformed copy of Stipulation and Order to Transfer Action signed by Judge Miram on 6/12/07.

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the persons below, as follows:

   a. Name of person served: Miruni Soosaipillai, Deputy County Counsel

   b. Address of person served: County of San Mateo-Hall of Justice&Records, 6th Flr
   400 County Center,Redwood City, CA 94063-4034

   c. Fax number or e-mail address of person served, if service was by fax or e-mail: *courtesy fax (650) 363-4034*

   d. Time of service, if personal service was used:

   ☐ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify):*

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [New January 1, 2005]

MacForms (509) 535-4382

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civ. Proc., §§ 1011,
1013, 1013a, 2015.5
www.courtinfo.ca.gov

San Mateo

| CASE NAME | MONTARA WATER AND SANITARY | CASE NUMBER: | |
|---|---|---|---|
| —v— | COUNTY OF SAN MATEO, a political | | CIV 463068 |

5 b. [X] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

   (1) [X] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state):

c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. [ ] **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 13, 2007

_____
SUSAN E. HUGHES
(TYPE OR PRINT NAME OF DECLARANT)

▶ _Susan E. Hughes_
(SIGNATURE OF DECLARANT)

(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)

**DECLARATION OF MESSENGER**

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

MacForms (509) 535-4382

San Mateo

1  HERMAN H. FITZGERALD, #33131
2  CHRISTINE C. FITZGERALD, #131531
   LAW OFFICES OF HERMAN H. FITZGERALD
3  A Professional Corporation
   345 Lorton Avenue, Suite 302
4  Burlingame, CA 94010
   Telephone: (650) 348-5195
5  Facsimile:  (650) 348-3518
   fitzgeraldlaw@sbcglobal.net
6
   DAVID E. SCHRICKER, #36534
7  LAW OFFICES OF DAVID E. SCHRICKER
   20370 Town Center Lane
8  Cupertino, CA 95014
   Phone:    (408) 517-9923
9  Facsimile: (408) 252-5906
   dschricker@schrickerlaw.com
10
   Attorneys For Plaintiff
11 MONTARA WATER AND SANITARY DISTRICT

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 1 2 2007

Clerk of the Superior Court
By  M. MARLOWE
DEPUTY CLERK

*Exempt From Filing Fees Pursuant*
*To Government Code section 6310*

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14          IN AND FOR THE COUNTY OF SAN MATEO - CIVIL UNLIMITED

15 MONTARA WATER AND SANITARY
16 DISTRICT, a public agency                    )    No.  CIV 463068
                                                )
17              Plaintiff,                       )    **STIPULATION AND ORDER**
                                                )    **TO TRANSFER ACTION**
18 v.                                           )
                                                )    APN: 037-292-030 (portion)
19 COUNTY OF SAN MATEO, a political             )
   subdivision of the State of California; and Does 1 )   Date:   June 25, 2007
20 to 20, inclusive,                            )    Time:.  9:00 .m.
                                                )    Dept.:  Law & Motion
21              Defendants.                      )    *Trial Date: None set*
                                                )
22 |_____|      )

23         IT IS HEREBY STIPULATED by and between Plaintiff MONTARA WATER AND

24 SANITARY DISTRICT (hereinafter "Plaintiff") and Defendant COUNTY OF SAN MATEO

25 (hereinafter "Defendant") acting by and through their respective attorneys as follows:

26         That Plaintiff's Motion For Change of Venue may be granted and the parties acting by and

27 through their respective attorneys, stipulate that the above-entitled action presently pending in the

28                                          1

                    STIPULATION AND ORDER TO TRANSFER ACTION

1   above-entitled Court shall be transferred for all purposes to the Superior Court in and for the

2   County of Santa Clara.

3   Dated: June 11, 2007.

4                                        LAW OFFICES OF HERMAN H. FITZGERALD

5                                        A PROFESSIONAL CORPORATION

6

7                                        By: *Christine C. Fitzgerald*

8                                            CHRISTINE C. FITZGERALD
                                             Attorneys for Plaintiff

9

10  Dated: June __, 2007.

11                                       COUNTY OF SAN MATEO

12

13

14                                       By:_____

15                                            MARUNI SOOSAIPILLAI
                                             Attorneys for Defendant

16

17           IT IS SO ORDERED.

18           **JUN 1 2 2007**

19  Dated: _____

20

21                                       GEORGE A. MIRAM

22                                       _____

23  Ntc.Mtn. transfer action            JUDGE OF THE SUPERIOR COURT

24

25

26

27

28

                                         2

                  STIPULATION AND ORDER TO TRANSFER ACTION

JUN-11-2007  15:22        S    COUNTY COUNSEL                    650 363 4034    P.03

JUN-13-2007  15:07                                                              P.05

1    above-entitled Court shall be transferred for all purposes to the Superior Court in and for the

2    County of Santa Clara.

3    Dated: June 11, 2007.

4
                                    LAW OFFICES OF HERMAN H. FITZGERALD
5                                   A PROFESSIONAL CORPORATION.

6
                                    By: _Christine C. Fitzgerald_
7                                        CHRISTINE C. FITZGERALD
8                                        Attorneys for Plaintiff

9

10   Dated: June 11, 2007.

11
                                    COUNTY OF SAN MATEO
12

13                                  By: _Maruni Soosaipillai_
14                                       MARUNI SOOSAIPILLAI
                                         Attorneys for Defendant
15

16
           IT IS SO ORDERED.
17

18
     Dated: _____
19

20

21

22                                  JUDGE OF THE SUPERIOR COURT

23   Stip/Order.transfer action

24

25

26

27

28
                                    2

           STIPULATION AND ORDER TO TRANSFER ACTION