# EXHIBIT B

# Quitclaim Deed

IN THE BOARD OF SUPERVISORS,
COUNTY OF SAN MATEO, STATE OF CALIFORNIA.

RESOLUTION NO. 3454

BE IT RESOLVED that the attached QUITCLAIM DEED dated September from UNITED STATES OF AMERICA Acting by and Through War Assets Admini to the COUNTY OF SAN MATEO, be and it is hereby accepted, and that the Recorder of the County of San Mateo, be and he is hereby requested and authorized to place said QUITCLAIM DEED of record.

Regularly passed and adopted by order of the Board of Supervisors this 24th day of May, 1948.

_____
Chairman, Board of Supervisors,
County of San Mateo, State of
California.

ATTEST: _____
Clerk.

BOARD OF SUPERVI
FILED
MAY 24 1948
W. H. AUGUSTUS,
___14___ PAGE 4

STATE OF CALIFORNIA,) ss.
County of San Mateo.)

I, W. H. AUGUSTUS, County Clerk and ex-officio Clerk of the Board of Supervisors of the County of San Mateo, State of California, do hereby certify that the foregoing is the true and correct copy of the original resolution as adopted by the Board of Supervisors _____, accepting deed from _____.

WITNESS my hand and seal this ____ day of _____ 19____.

_____
County Clerk and ex-officio Clerk
of the Board of Supervisors.

(31)

**EXHIBIT B**

Half Moon Bay Flight Strip
W-Calif-194

## QUITCLAIM DEED

THIS INDENTURE, made this 26 day of Sept, 1947, between the UNITED STATES OF AMERICA, acting by and through the War Assets Administration, under and pursuant to Executive Order 9689, dated January 31, 1946, and the powers and authority contained in the provisions of the Surplus Property Act of 1944, as amended, and applicable rules, regulations and orders, party of the first part, and COUNTY OF SAN MATEO, a body politic under the laws of the State of California, acting by and through its Board of County Supervisors, party of the second part;

WITNESSETH: That the said party of the first part, for and in consideration of the assumption by the party of the second part of all the obligations and its taking subject to certain reservations, restrictions and conditions, and its covenant to abide by and agree to certain other reservations, restrictions, and conditions, all as set out hereinafter, has remised, released, and forever quitclaimed and by these presents does remise, release and forever quitclaim to the said party of the second part, its successors and assigns, under and subject to the reservations, restrictions and conditions, exceptions, and reservation of property and rights hereinafter set out, all its right, title, and interest in the following described property situated in the County of San Mateo, State of California, to wit:

BEGINNING at a point in the southeasterly line of Marine View Terrace Tract, which bears N. 29° 19' E., 1110.54 ft. and N. 43° 00' W., 1579.39 ft. from the most easterly corner of Lot 1 in Block 26 of the Riviera Ocean Villa Tract, as per map thereof filed for record in Book 6 of Maps at page 20, Records of San Mateo County, thence N. 28° 42' 45" E. 1700 ft. more or less to the southwesterly line of the County Road (now a State Highway) from Half Moon Bay to Marine View; thence in a general southeasterly direction, following the meander of the southwesterly line of said road, 4287 feet, more or less, to a one inch iron pipe, which is at the most northerly corner of a Portion of Francisco Heights, as designated on the map entitled "Map of Francisco Heights Near Half Moon Bay, San Mateo County, California", which map was filed in the office of the Recorder of the County of San Mateo, State of California, on March 3, 1908 in Book 6 of Maps at pages 5 and 6, thence continuing along the southwesterly line of the Highway, 1125 feet, more or less, to a point on the southeasterly line of Francisco Heights Subdivision, thence N. 25° 57' E. 30 ft., to the intersection of the center line of the

County Road (now a State Highway) from which intersection a witness post marked AXVI bears North 26° East, 0.34 chains; thence southeasterly along the center line of said Highway to a point, from which bears North 71° 00' West, 1000 feet, more or less, which is the most northerly corner of the lands of Danieri, thence South 71° East, 65 feet more or less to a point in the center of the Denniston Creek; from which a witness post marked AV bears North 71° W., distant 19.80 ft., thence up said creek in the center of the same and following the meanderings thereof as follows: South 18° East, 104.23 feet; thence South 14° 45' East, 132 feet; thence South 18° West, 89.10 feet; thence South 8° 30' West, 165.0 feet; thence South 31° 30' West 72.60 feet; thence South 66 feet; thence South 13° East, 83.44 feet; thence South 23° East, 75.90 feet; thence leaving center line of said creek South 85° 30' East, 2640 feet, from which a witness post marked AXIII bears North 27° 30' East, distant 24.42 feet; thence South 50° East, 51.48 feet, from which a witness post marked AXII bears North 27° 30' East, distant 24.42 feet; thence South 11° 30' East, 419.76 feet; thence North 27° 30' East, 24.92 feet to a fence corner post marked AXI; thence South 25° 30' East 87.02 feet, to a post marked AX, standing in line of fence on the westerly side of the tract of land belonging to Patrick McMahon; thence North 71° West 1598.23 feet, from which a post marked AVII bears North 71° West 100.61 feet, thence North 47° East, 64.93 feet; thence North 43° 00' West, 5889.74' to a point from which the most easterly corner of Lot 1 in Block 26 of the Riviera Ocean Villa Tract, as per map thereof filed for record in Book 6 of Maps, at page 20, Records of San Mateo County; thence North 43° 00' West, 1193.27 feet; thence South 47° 00' West, 625.0 feet; thence North 43° 00' West, 186.85 feet to the point of beginning.

Containing 217.68 acres of land.

TOGETHER WITH improvements described as follows:

<u>Buildings</u>: T-1, T-2, T-3, T-4, T-5, T-6, T-14, T-15, T-16, T-17, T-18, T-19, T-7, T-9, T-101, and T-102.

<u>Improvements</u>: Taxiways, field drainage, and field markings.
Fueling system - 3 underground tanks
Existing surplus utility systems

RESERVING HOWEVER, a perpetual easement for a water pipeline, more particularly described as follows:

BEGINNING at a point on the northwesterly boundary of that land conveyed by Riviera Land Company to the United States of America by Deed dated 14 April 1943, recorded 15 April 1943 in Volume 1056, Page 307 in the Official Records of San Mateo County, State of California, said point bearing S 28° 42' 45" W along said northwesterly boundary line a distance of 469.35 feet from the most northerly point of said land, said point being also the most southerly point on the center line of a revocable permit granted by the

-2-

1    Board of Supervisors, County of San Mateo, State of California to the United States of America, said revocable permit being in the files of the County Clerk of San Mateo, State of California, and running thence N 28° 42' 45" E along the aforementioned northwesterly boundary line, 5.46 feet; thence S 37° 35' 45" E, 186.34 feet; thence S 38° 25' 30" E, 119.26 feet; thence S 57° 45' 10" E, 138.86 feet; thence S 59° 24' 05" E, 130.11 feet; thence S 55° 51' 20" E, 134.42 feet; thence S 45° 37' 40" E, 107.80 feet; thence S 37° 56' 40" E, 103.86 feet; thence S 35° 14' 55" E, 641.23 feet; thence S 36° 29' 45" E, 102.49 feet; thence S 56° 57' 30" E., 124.00 feet; thence S 49° 13' 10" E, 583.95 feet; thence S 48° 31' 25" E, 188.44 feet; thence S 61° 27' 35" E, 724.94 feet; thence S. 58° 11' 25" E, 526.02 feet; thence S 57° 03' 25" E, 162.07 feet; thence S 45° 23' 45" E, 136.85 feet; thence S 47° 56' 25" E, 129.04 feet; thence S 52° 24' 05" E, 95.09 feet; thence S 55° 09' 25" E, 642.87 feet; thence N 30° 12' 35" E, 127.56 feet; thence N 56° 05' 25" W, 60.81 feet; thence N 33° 54' 35" E, 12.00 feet to a point on the boundary line of that property conveyed by Pietro Petrocchi et al., to the United States of America by Deed dated 12 March 1943, recorded 18 March 1943 in Volume 1050, Page 474 in the Official Records of San Mateo County, State of California; thence S 56° 05' 25" E, 70.06 feet; thence S 30° 12' 35" W, 139.76 feet; thence S 55° 09' 25" E, 697.02 feet; thence N 34° 50' 35" E, 5.00 feet; thence S 55° 09' 25" E, 21.00 feet; thence S 34° 50' 35" W, 26.00 feet; thence N 55° 09' 25" W, 21.00 feet; thence N 34° 50' 35" E 4.98 feet; thence N 56° 40' 25" W, 704.59 feet; thence N 30° 12' 35" E, 24.75 feet; thence N 55° 09' 25" W, 643.93 feet; thence N 52° 24' 05" W, 95.71 feet; thence N 47° 56' 25" W, 129.64 feet; thence N 45° 23' 45" W, 136.05 feet; thence N 57° 03' 25" W, 160.95 feet; thence N 58° 11' 25" W, 525.64 feet; thence N 61° 27' 35" W, 725.80 feet; thence N 48° 31' 25" W, 189.52 feet; thence N 49° 13' 10" W, 583.21 feet; thence N 56° 57' 30" W, 125.12 feet; thence N 36° 29' 45" W, 104.39 feet; thence N 35° 14' 55" W, 641.03 feet; thence N 37° 56' 40" W, 102.94 feet; thence N 45° 37' 40" W, 106.22 feet; thence N 55° 51' 20" W, 133.22 feet; thence N 59° 24' 05" W, 129.95 feet; thence N 57° 45' 10" W, 140.70 feet; thence N 38° 25' 30" W, 121.04 feet; thence N 37° 35' 45" W, 182.04 feet to a point on the boundary line of the aforementioned land conveyed by Riviera Land Company to the United States of America; thence N 28° 42' 45" E along the said boundary line, 5.46 feet to the point of beginning, containing 1.62 acres, more or less.

BEING the property acquired by the United States of America by condemnation proceedings titled <u>United States of America vs. 33.22 acres of land, San Mateo County, and Giovanni Patroni, et al.</u>, Southern Division of the United States District Court for the Northern District of California.

The above described premises are transferred subject to existing easements for roads, highways, public utilities, railways and pipelines, and all other easements and encumbrances of record.

-3-

VOL 1521 PAGE

EXCEPTING, HOWEVER, from this conveyance all right, title and interest in and to all property in the nature of equipment, furnishings and other personal property which can be removed from the land without material injury to the land or structures located thereon other than pro of such nature located on the premises conveyed hereby which is required for the efficient operation for airport purposes of the structures and in provements specifically listed hereinabove as being transferred hereby; a further excepting from this conveyance all structures on the above descri premises other than structures specifically described or enumerated above as being conveyed hereunder, and reserving to the party of the first part the right of removal from the premises of the property and structures exce ed hereby, within a reasonable period of time after the date hereof, which shall not be construed to mean any period less than one (1) year after the date of this instrument.

Said property transferred hereby was duly declared surplus and was assigned to the War Assets Administration for disposal, acting pursuant to the provisions of the above mentioned Act, as amended, Executive Order 9689, and applicable rules, regulations and orders.

By the acceptance of this deed or any rights hereunder, the said party of the second part, for itself, its successors and assigns, agrees that transfer of the property transferred by this instrument is accepted subject to the following restrictions set forth in subparagraphs (1) and (2) of this paragraph, which shall run with the land, imposed pursuant to the authority of Article 4, Section 3, Clause 2 of the Constitution of the United States of America, the Surplus Property Act of 1944, as amended, Executive Order 9689, and applicable rules, regulations and orders:

(1) That all of the property transferred hereby, together with the adjacent flight strip under the jurisdiction of the Public Roads Administratic hereafter in this instrument called the "airport", shall be used for public airport purposes, and only for such purposes, on reasonable terms and without unjust discrimination and without grant or exercise of any exclusive right for use of the airport within the meaning of Section 303 of the Civil Aeronautics

-4-

Act of 1938. As used herein, "public airport purposes" shall be deemed to exclude use of the structures conveyed hereby, or any portion thereof, for manufacturing or industrial purposes. However, until in the opinion of Civil Aeronautics Administration or its successor Government agency, it is needed for public airport purposes, any particular structure transferred hereby may be utilized for non-manufacturing or non-industrial purposes in such manner as the party of the second part deems advisable, provided that such use does not interfere with operation of the remainder of the airport as a public airport.

(2) That the entire landing area, as defined in WAA Regulation 16, dated June 26, 1946, and all structures, improvements, facilities and equipment of the airport shall be maintained at all times in good and serviceable condition to assure its efficient operation, provided, however, that such maintenance shall be required as to structures, improvements, facilities and equipment only during the remainder of their estimated life, as determined by the Civil Aeronautics Administration or its successor Government agency, with the exception, however, that the Grantee shall maintain only that part of the existing hardstand shaded in green on the attached photostat copy of the plat of Half Moon Bay Army Airbase Flight Strip prepared by the United States Engineering Office, San Francisco, California, and dated February 1, 1944. In the event materials are required to rehabilitate or repair certain of the aforementioned structures, improvements, facilities or equipment, they may be procured by demolition of other structures, improvements, facilities or equipment transferred hereby and located on the above described premises, which have outlived their use as airport property in the opinion of the Civil Aeronautics Administration or its successor Government agency.

By the acceptance of this deed or any rights hereunder, the said party of the second part for itself, its successors and assigns, also assumes the obligations of, covenants to abide by and agrees to, and this transfer is made subject to, the following reservations and restrictions set forth in subparagraphs (1) to (6) of this paragraph, which shall run with the land, imposed pursuant to the authority of Article 4, Section 3, Clause 2 of the

-5-

Constitution of the United States of America, the Surplus Property Act of 1944, as amended, Executive Order 9689 and applicable rules, regulations and orders:

(1) That insofar as is within its power and reasonably possible, the party of the second part, and all subsequent transferees shall prevent any use of land either within or outside the boundaries of the airport, including the construction, erection, alteration, or growth of any structure or other object thereon, which use would be a hazard to the landing, taking-off, or maneuvering of aircraft at the airport, or otherwise limit its usefulness as an airport.

(2) That the building areas and non-aviation facilities, as such terms are defined in WAA Regulation 16, dated June 26, 1946, of or on the airport shall be used, altered, modified, or improved only in a manner which does not interfere with the efficient operation of the landing area and of the airport facilities, as defined in WAA Regulation 16, dated June 26, 1946.

(3) That itinerant aircraft owned by the United States of America (hereinafter sometimes referred to as the "Government") or operated by any of its employees or agents on Government business shall at all times have the right to use the airport in common with others; provided, however, that such use may be limited as may be determined at any time by the Civil Aeronautics Administration or the successor Government agency to be necessary to prevent interference with use by other authorized aircraft, so long as such limitation does not restrict Government use to less than twenty-five (25) per centum of capacity of the landing area of the airport. Government use of the airport by virtue of the provisions of this subparagraph shall be without charge of any nature other than payment for damage caused by such itinerant aircraft.

(4) That during the existence of any emergency declared by the President of the United States of America or the Congress thereof, the Government shall have the right without charge, except as indicated below, to the full, unrestricted possession, control and use of the landing area, building areas, and airport facilities, as such terms are defined in WAA

-6-

Regulation 16, dated June 26, 1946, or any part thereof, including any additions or improvements thereto made subsequent to the declaration of any part of the airport as surplus; provided, however, that the Government shall be responsible during the period of such use for the entire cost of maintaining all such areas, facilities and improvements, or the portions used, and shall pay a fair rental for the use of any installations or structures which have been added thereto without Federal aid.

(5) That no exclusive right for the use of any landing area or air navigation facilities, as such terms are defined in WAA Regulation 16, dated June 26, 1946, included in or on the airport shall be granted or exercised.

(6) That the property transferred hereby may be successively transferred only with the approval of the Civil Aeronautics Administration or the successor Government agency and with the proviso that any such subsequent transferee assumes all the obligations imposed upon the party of the second part by the provisions of this instrument.

By acceptance of this instrument or any rights hereunder, the party of the second part further agrees with the party of the first part as follows:

(1) That upon a breach of any of the aforesaid reservations or restrictions by the party of the second part or any subsequent transferee, whether caused by the legal inability of said party of the second part or subsequent transferee to perform any of the obligations herein set out, or otherwise, the title, right of possession and all other rights transferred to the party of the second part, or any portion thereof, shall at the option of the party of the first part revert to the party of the first part upon demand made in writing by the War Assets Administration or its successor Government agency at least sixty (60) days prior to the date fixed for the revesting of such title, right of possession, and other rights transferred, or any portion thereof; provided, that, as to installations or structures which have been added to the premises without Federal aid, the Government shall have the option to acquire title to or use of the same at the then fair market value of the rights therein to be acquired by the Government.

-7-

VOL 1521 PAGE

(2) That if the construction as covenants of any of the foregoing reservations and restrictions recited herein as covenants or the application of the same as covenants in any particular instance is held invalid, the particular reservations or restrictions in question shall be construed instead merely as conditions upon the breach of which the Government may exercise its option to cause the title, right of possession all other rights transferred to the party of the second part, or any portion thereof, to revert to it, and the application of such reservations or restrictions as covenants in any other instance and the construction of the remainder of such reservations and restrictions as covenants shall not be affected thereby.

TO HAVE AND TO HOLD the said premises, with appurtenances, except the property and rights excepted and reserved above, and under and subject to the aforesaid reservations, restrictions, and conditions, unto the said party of the second part, its successors and assigns forever.

IN WITNESS WHEREOF, the party of the first part has caused these presents to be executed as of the day and year first above written.

                UNITED STATES OF AMERICA
                Acting by and Through
                War Assets Administration

                By *[signature: Donn A. Biggs]*
                DONN A. BIGGS
                Associate Deputy Zone Administrator
                Office of Real Property Disposal
                Zone VI
                San Francisco, California

VOL 1521 PAGE 10

1  STATE OF CALIFORNIA            )
                                  ) ss.
2  CITY AND COUNTY OF SAN FRANCISCO )

3

4        On this 26 day of Sept. 1947, before me,

5  _Marion M. Binder_, a Notary Public in and for the City and
   County of San Francisco, State of California, personally appeared DONN A. BIGGS
6  known to me to be the Acting Deputy Zone Administrator, Office of Real Property
   Disposal, Zone VI, San Francisco, California, and known to me to be the person
7  who executed the within instrument on behalf of the United States of America,
   and acknowledged to me that he subscribed to the said instrument the name of
8  the United States of America, and the name of the War Assets Administration on
   behalf of the United States of America, and further that the United States of
9  America executed said instrument.

10       WITNESS my hand and Official Seal.

11 (SEAL)

12                                      _Marion M. Binder_
                                            Notary Public
13                                   in and for the City and County of
                                     San Francisco, State of California
14

15

16 My Commission expires: Dec. 24 - 1950

17

18

-9-

VOL 3161 PAGE 531

RESOLUTION NO. 11374

BOARD OF SUPERVISORS, COUNTY OF SAN MATEO, STATE OF CALIFORNIA

RESOLUTION AUTHORIZING CHAIRMAN OF BOARD OF SUPERVISORS TO ACCEPT ON BEHALF OF COUNTY OF SAN MATEO DEED OF CONVEYANCE OF HALF MOON BAY FLIGHT STRIP EXECUTED BY UNITED STATES OF AMERICA ACTING BY AND THROUGH ITS SECRETARY OF COMMERCE

RESOLVED, by the Board of Supervisors of the County of San Mateo, State of California, that

WHEREAS, pursuant to the provisions of the Defense Highway Act of 1941 (55 Stat. 765) the United States of America acquired certain lands located in the County of San Mateo, State of California, to provide for the construction and improvement of a flight strip known as the Half Moon Bay Flight Strip and

WHEREAS, pursuant to the provisions of Section 14 of said Defense Highway Act of 1941, and the President's reorganization Plan No. 7 of 1949, pursuant to the "Reorganization Act of 1949", the Secretary of State is authorized and directed, by proper deed executed in the name of the United States, to convey any lands or interests in lands acquired in any State under the provisions thereof to such political subdivision of that State upon condition that such political subdivision will accept the same and will maintain the project constructed thereon; and

WHEREAS, this Board of Supervisors is authorized by Section 26020 of the Government Code to acquire real property necessary for the purpose of providing and maintaining public airports and landing places for aerial traffic for the use of the public and to improve, construct, repair, maintain and control such real property necessary for such use; and

WHEREAS, the United States of America, acting by and through the Secretary of Commerce, has presented a form of Deed to this Board of Supervisors conveying the territory therein particularly described known as the Half Moon Bay Flight Strip to the

DA-JMP
11-26-56

-1-

County of San Mateo upon the condition that said County will accept the same and will maintain the project constructed thereon and this Board of Supervisors desires to accept said Deed subject to the conditions therein described;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DETERMINED AS FOLLOWS:

1. That this Board of Supervisors shall, and does hereby, accept the Deed from the United States of America, acting by and through the Secretary of Commerce conveying said Half Moon Bay Flight Strip to the County of San Mateo and agrees upon behalf of said County, its successors and assigns to maintain the project constructed thereon.

2. That the Chairman of this Board of Supervisors be, and he is hereby authorised and directed to accept said Deed on behalf of the County of San Mateo in compliance with the condition therein set forth and the Clerk of said Board shall witness his signature to said Deed.

o o o o o o o o

-2-

VOL 3161 PAGE 533

Regularly passed and adopted this ___15th___ day of ___January___, 19_57_.

Ayes, and in favor of said resolution:

  Supervisors:  THOMAS J. CALLAN

         M. A. POSS

         ALVIN S. HATCH

         E. R. McDONALD

Noes and against said resolution:

  Supervisors:  None

Absent Supervisors:  W. M. Werder

         E. R. McDONALD
         Chairman, Board of Supervisors
         County of San Mateo, State of
         California

ATTEST:
  (SEAL) JOHN A. BRUNING
Clerk of said Board of Supervisors

(ENDORSED)
BOARD OF SUPERVISORS
FILED
JAN 14 1957
JOHN A. BRUNING, Clerk
BK.............. PAGE..............

STATE OF CALIFORNIA
COUNTY OF SAN MATEO } ss.
JOHN A. BRUNING, County Clerk of the County of San Mateo, State of California, and ex-officio Clerk of the Board of Supervisors thereof, does hereby certify that the above and foregoing is a full, true and correct copy of

Resolution No. 11374

entered in the minutes of said board.
In Witness Whereof, I have hereunto set my hand and the seal of said Board this 15th day of January 195_7_.
JOHN A. BRUNING, CLERK
By _____ Deputy

VOL 3161 PAGE 534

    THIS DEED, made this 20th day of September 1956, by and between the UNITED STATES OF AMERICA, acting by and through the SECRETARY OF COMMERCE, party of the first part, and SAN MATEO COUNTY, CALIFORNIA, party of the second part:

          W I T N E S S E T H :

    WHEREAS, in conformity with the provisions of the Defense Highway Act of 1941 (55 Stat. 765), the Federal Works Administrator, acting by and through the Secretary of War of the United States, and the State of California, Department of Public Works, Division of Highways, on the dates hereinafter set forth acquired certain lands located in the County of San Mateo, State of California, required by the Public Roads Administration (now Bureau of Public Roads) for California Project FS-4 to provide for the construction and improvement of a flight strip known as the Half Moon Bay Flight Strip, by virtue of certain deeds and condemnation actions as herinafter set forth; and

    WHEREAS, Section 14 of said Defense Highway Act of 1941 authorizes and directs the Federal Works Administrator, by proper deed executed in the name of the United States, to convey any lands or interests in lands acquired in any State under the provisions thereof to the highway department of such State, or to such political subdivision thereof as its laws may provide, upon condition that such highway department or political subdivision will accept the same and will maintain the project constructed thereon; and

    WHEREAS, the President's Reorganization Plan No. 7 of 1949, pursuant to the "Reorganization Act of 1949", became effective August 20, 1949, and transferred the Bureau of Public Roads and its functions to the Department of Commerce and transferred all functions of the Federal Works Administrator with respect to the Bureau of Public Roads and its functions to the Secretary of Commerce:

vol 3161 page 535

NOW, THEREFORE, the said party of the first part, as authorized and directed by law, and upon the condition that the party of the second part accept the same and will maintain the project constructed thereon, does hereby grant and convey to the party of the second part, its successors and assigns, all the right, title and interest of the party of the first part in and to the parcels of land situate in County of San Mateo, State of California, and more particularly set forth below:

The following tracts of land acquired by warranty deeds recorded in the Office of the County Recorder of San Mateo County, California, as indicated:

| Tract Number | Grantor | Date of Deed | Deed Book Volume Folio | Date Recorded |
|---|---|---|---|---|
| 1 | G. Patroni and Adele Patroni | April 9, 1943 | 1062/154 | April 29, 1943 |
| 3 | R. A. Crothers | July 20, 1942 | 1021/419 | August 26, 1942 |
| 7 | George Daneri and Silva Daneri | April 9, 1943 | 1055/312 | April 14, 1943 |
| 8 | Josephine C. Valencia | March 25, 1943 | 1057/375 | April 30, 1943 |
| 9 | Pietro Petrocchi, et al | February 26, 1943 | 1055/131 | March 18, 1943 |
| 13 | Eva Cross | July 27, 1942 | 1030/172 | August 19, 1942 |
| 14 | Giovanni Patroni and Adele Patroni | February 26, 1943 | 1049/511 | March 19, 1943 |
| 15 | Dante Dianda and Silvia Dianda | February 26, 1943 | 1056/121 | March 22, 1943 |
| 16 | Giovanni Patroni and Adele Patroni | April 9, 1943 | 1058/135 | April 14, 1943 |
| 17 | Riviera Land Company | April 3, 1943 | 1059/117 | April 15, 1943 |
| 18 | G. Patroni and Adele Patroni | May 7, 1943 | 1063/26 | May 11, 1943 |
| 26 | Elizabeth Killough | January 19, 1943 | 1056/12 | February 26, 1943 |
| 27 | Amy L. Peaslee Shanon | January 19, 1943 | 1056/7 | February 8, 1943 |
| 28 | Charles F. Leonardi and Mary S. Leonardi | January 20, 1943 | 1045/304 | January 26, 1943 |
| 30 | Gussie Brunetti | May 6, 1943 | 1058/293 | May 13, 1943 |
| 31 | James H. White and Josie A. White | January 20, 1943 | 1048/271 | January 28, 1943 |

- 2 -

VOL 3161 PAGE 536

and;

The lands acquired by virtue of Declarations of Taking Nos. 2 and 4 in the condemnation proceedings entitled The United States of America, Plaintiff, vs. 332.22 Acres of Land in San Mateo County, California, Giovanni Patroni, et al., Defendants, Civil Action No. 22348-R., with the exception of Tracts 35 and 43, photostatic copies of which are attached hereto and by reference made a part hereof.

TO HAVE AND TO HOLD the granted lands with all the rights, easements, and appurtenances thereto belonging unto the party of the second part and its successors and assigns forever.

- 3 -

vol 3161 page 537

IN WITNESS WHEREOF, I, _Sinclair Weeks_, SECRETARY OF COMMERCE, by virtue of the authority in me vested by law have hereunto subscribed my name and caused the official seal of the Department of Commerce to be affixed hereto as of the day and year first above written.

UNITED STATES OF AMERICA

(SEAL)

By: _Sinclair Weeks_
Secretary of Commerce

UNITED STATES OF AMERICA )
                         ) ss
DISTRICT OF COLUMBIA     )

I, _Ellen F. Jenkins_, a Notary Public in and for the District of Columbia, do hereby certify that on this the 26th day of Sept, 1956, before me appeared _Sinclair Weeks_, a party to a certain deed bearing date on the 20th day of Sept, 1956 and hereto annexed, the said _Sinclair Weeks_, being to me personally well known and known by me to be the Secretary of Commerce, who being by me duly sworn, states that the foregoing instrument was executed by him in his official capacity and by authority in him vested by law, for the purposes and intents in said instrument described and set forth, and acknowledged the same to be his free act and deed as Secretary of Commerce.

Witness my hand and seal this 26th day of Sept, 1956.

(SEAL)

_Ellen F. Jenkins_
Notary Public

My commission expires _Dec 14, 1959_.

- 4 -

VOL 3161 PAGE 538

In compliance with the condition set forth in the foregoing deed, the County of San Mateo, California, certifies and by the acceptance of this deed accepts the land therein described and agrees for itself, its successors and assigns forever, to maintain the project constructed thereon.

COUNTY OF SAN MATEO, CALIFORNIA

By: *E R McDonald*
Chairman, Board of Supervisors

Witnessed by:
*[signature]*
Clerk of the Board

State of California )
                   ) ss
County of          )

I, ELINOR L. FALVEY, a Notary Public in and for the State and County aforesaid, do hereby certify that on this the 15th day of January, 1957, before me appeared E. R. McDONALD, a party to a certain deed bearing date on the 20th day of September, 1956, and hereto annexed, the said E. R. McDONALD, being to me personally well known and known by me to be the Chairman, Board of Supervisors of the County of San Mateo, California, who being by me duly sworn, states that the foregoing instrument was executed by him in his official capacity and by authority in him duly vested, for the purposes and intents in said instrument described and set forth, and acknowledged the same to be his free act and deed as Chairman, Board of Supervisors of the County of San Mateo, California.

Witness my hand and seal this 15th day of January, 1957.

*Elinor L Falvey*
Notary Public

My commission expires *February 26, 1959*

- 5 -