HERMAN H. FITZGERALD #33131
CHRISTINE C. FITZGERALD #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile: (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane
Cupertino, CA 95014
Phone: (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*

Attorneys for Plaintiff
MONTARA WATER AND SANITARY DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

MONTARA WATER AND SANITARY DISTRICT,

Plaintiff,

v.

COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,

Defendant.

Case No C 07-3176 JF

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA; MEMORANDUM OF POINTS AND AUTHORITIES**

<u>Hearing</u>:
Date: September 7, 2007
Time: 9:00 a.m.
Dept: Courtroom 3, 5th Floor
(Hon. Jeremy Fogel)

TO THE DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 7, 2007 at the hour of 9:00 a.m., or as soon thereafter as counsel may be heard in the Department of the Honorable Jeremy Fogel, Judge of The United States District Court For The Northern District of California, San Jose Division, 280 S. First Street, Courtroom 3, 5th Floor, San Jose, California, Plaintiff Montara Water And Sanitary District will move the Court for an *Order to Remand Removed Action To Superior Court of California, County of Santa Clara*.

**MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

This motion is made upon the grounds that Remand of the Removed Action to the Superior Court of California, County of Santa Clara, is required under the law in that 1) the federal district courts do not have original jurisdiction in this matter, 2) remand will promote judicial economy, efficiency and avoid unnecessary expense to the parties, duplication, unnecessary and wasteful litigation and is in furtherance of convenience, and will promote the ends of justice and the economies and efficiency of handling this litigation, and 3) in that the State of California, County of Santa Clara Court is the proper court to adjudicate a final judgment of this state law eminent domain acquisition of certain property interests of Defendant San Mateo County.

This motion is based on all the pleadings, papers, and records filed in this action, on the attached Memorandum of Points and Authorities in support thereof, the Declaration of Herman H. Fitzgerald filed with these moving papers, and on such evidence as may be presented at the hearing.

Dated: July 6, 2007.

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION

By:______________________________
HERMAN H. FITZGERALD
Attorneys for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

On May 17, 2007, Plaintiff Montara Water and Sanitary District ("Plaintiff") filed an eminent domain action based solely on State Law against Defendant County of San Mateo ("Defendant") in a California Superior Court, County of San Mateo, the county where the real property sought to be condemned is located. (*Complaint in Eminent Domain*, attached as part of Exhibit A to Notice of Removal on file herein.) Plaintiff's right of eminent domain flows from California statutes and constitutional provisions vesting Plaintiff, a public agency, with the right of condemnation. (*See* California Health & Safety Code sections 6400, et. seq., defining public agency providing water and sanitary service to local communities; and, Health & Safety Code section 6512.7 granting Plaintiff with additional powers, including the power to acquire property useful or necessary to make use of water for any useful purpose; and California Code of Civil Procedure sections ("CCP") 1230.010, et. seq., granting the power of eminent domain; *se, also*, Article 1, Section 19 of the California Constitution: "private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for the owner"). The California Eminent Domain Law establishes the

condemnation law under which the instant eminent domain action proceeds without reference to federal law. Federal law has no relevancy to this action.

On May 18, 2007, Plaintiff filed a Motion for Change of Venue in the Superior Court, County of San Mateo, State of California, based upon Code of Civil Procedure section 394(a) which provides that when an action is between two public entities of the same county, the action must be transferred to a neutral county upon motion of either party; upon stipulation of the parties herein, the Court on June 12, 2007. ordered the action transferred to Santa Clara County Superior Court State of California.

On or about June 15, 2007, after stipulating to the transfer of venue to Santa Clara County Superior Court as aforesaid, Defendant filed a *Notice of Removal*, removing to this Court the state court action. (S*ee* Notice of Removal on file herein.) By this Motion, Plaintiff moves this Honorable Court for *an Order To Remand the) Removed Action* back to the Superior Court, County of Santa Clara and, for the reasons set forth herein, Plaintiff respectfully requests that this court enter said order.

**II.**

**SUMMARY OF ARGUMENT**

In an action initially brought in a state court wherein a defendant seeks to remove the matter from state to federal court, the propriety of removal turns on whether the case falls within the original jurisdiction of the United States District Courts. Pursuant to the "well-pleaded complaint" rule, a defendant may not remove an action to federal district court unless the complaint of Plaintiff provides that the action arises under federal law; it may not be

removed on the basis of an anticipated or alleged defense from the complaint, ,i.e., raised by Defendant based upon an alleged or claimed non-party fictitious defense.

There is no construction or application of federal law involved in this Eminent Domain state law case. There is no element or proposition of federal law which plaintiff must establish to condemn the property interests of Defendant San Mateo County. The action does not involve any substantive rights created by federal law, and will be tried independent of federal law, involving predominately state court issues.

**III.**

**LAW AND ARGUMENT**

**A. Plaintiff's State Law Eminent Domain Action Is Not Removable to Federal District Court Because Federal District Court Does Not Have Original Jurisdiction Over State Eminent Domain Actions**

Defendant cited as its authority for removal of this action to federal court 28 U.S.C. § 1441 and 28 U.S.C. § 2409a.

The portion of 28 United States Code ( "U.S.C.") § 1441 relevant to the instant matter and cited by Defendant in support, reads in part: "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendants ... to the district court of the United States for the district ... where such action is pending."

By virtue of its filing of the NOR on June 15, 2007, Defendant argues that the Federal Court has original jurisdiction under 28 U.S.C. § 1441 in that this action implicates an interest of the Federal Government in real property (Notice of Removal ("NOR"), 2: 1-4). However, Defendant overlooks the fact that a transfer to the Northern District of California cannot be had

because the State Court eminent domain proceeding cannot originally be brought in Federal Court due to improper venue. (*See* CCP § 1250.020(a): "(a) Except as provided in subdivision (b), the proceeding shall be commenced in the county in which the property sought to be taken is located."; subsection (b) is not applicable herein.) The term ". . .shall. . ." in CCP § 1250.020(a) is mandatory under the California Eminent Domain Law. CCP §1235.060. Thus, the action must be originally filed in San Mateo County Superior Court.

28 U.S.C. § 2409a is entitled "Real Property Quiet Title Actions" and, thus, is restricted to quiet title actions, with a particular reference to ". . . adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." There is no dispute on a title claim from the United States in this matter. This is not a quiet title action. Moreover, §2409a is permissive, not mandatory, i.e., "The United States <u>may</u> be named as a party defendant. . ." (Emphasis added.) Defendant's relied upon authority is not applicable.

Defendant's statement that the Federal Court has original jurisdiction is simply wrong. (NOR, 2:1-2) The original jurisdiction is the county of the state court in which the condemned property is located. CCP §1250.020(a). The case of <u>Jackson</u> v. <u>Southern California Gas Co.</u>,(1989) 881 F.2d 638, at page 641 states the general rule as follows: ". . .A suit may be removed to federal district court only if it could have been brought there originally. (*See* 28 U.S.C. §1441a (1982); (citations)."

What is applicable herein is the "well-pleaded complaint rule" as set forth in the case of <u>Caterpillar v. Williams,</u> (1987) 482 U.S. 386, 107 S. Ct. 2425, 2429:

> "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant...The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint ... The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* at 392.

The rule is well-established as evidenced by the footnote citation"7" of the above-cited portion of Caterpillar, *supra*, to United States Supreme Court decisions spanning over 70 years, with a particular preclusion of any anticipatory defense sought to be raised by Defendant as follows:

> "7. See *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.); see also *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237m 239-240, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case")."

And, see Cook v. Georgetown Steel Corporation (1985) 770 F2d 1272, 1275 wherein the Court stated:

> "A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction..."

Defendant's statement in its NOR at p. 2, lines 6 and 7 which reads: "Plaintiff asserts on the face of the complaint that the proposed acquisition 'would be subject to the interests of the Federal Government'" is only part of the statement in the complaint; that portion of the Complaint in its entirety from page 3, lines 9 to 11 reads, with the omitted portion in italicized as follows:

> "*The acquisition, however, does not include any interest of the Federal Government and* the acquisition would be subject to the interest of the Federal Government."

Thus, the complaint clearly states that nothing from the Federal Government is being condemned; the property is being taken subject to the United States ownership. With all due respect to Defendant, the Federal Government is not an indispensable party and, in fact, has no interest whatsoever in the outcome of this proceeding. Nor can Defendant cure the omission by attempting to interject a federal issue into the case by a defense. Cook v. Georgetown Steel (1985) 770 F2d 1272, 1275. For reasons best known to itself, Defendant County of San Mateo omitted from its citation that portion of the Complaint that unequivocally pleads that the condemnation is subject to the Federal Government interests, i.e., that the acquisition specifically **excludes any federal interests**.

### B. Defendant Has Failed to Satisfy Its Burden That This Action Should Be Removed From State Court

Defendant bears the burden of demonstrating that original jurisdiction is proper. *See* Matter of Trust Created by Hill on Dec. 31, 1917 (1990) 728 F.Supp. 564, at page 566:

> "On a petition for removal or motion to remand, the removing party bears the burden of showing that jurisdiction is proper. *Abing v. Paine, Webber, Jackson & Curtis*, 538 F.Supp. 1193, 1195 (D. Minn. 1982). If doubt exists regarding the propriety of removal, the case should be remanded."

And, see State of Nevada v. Culverwell (D.Nev. 1995) 890 F.Supp. 933 at page 935 as follows:

> "A federal court's removal jurisdiction derived solely from Congressional authorization, and the removal statutes are construed strictly against removal. Lidhart v. Santa Monica Dairy Company , 592 F.2d 1062, 1064 (9th Cir. 1979). 'Federal jurisdiction must be rejected if there is any doubt as to the right of removal on the first instance.' *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, 'the defendant always bears the burden of establishing that removal is proper.'"

**C. The Removed Action Is A State Law Eminent Domain Action In Which State Law Predominates; Judicial Economy, As Well As Comity And Respect For State Courts And Laws, Justifies Remand**

The Removed Action has it genesis in the state court, where it was filed. At the time of Defendant's removal of this action, the Removed Action was the subject of Plaintiff's Motion To Change Venue to Santa Clara County Superior Court to which Defendant had stipulated. Defendant's turnabout filing of its NOR after its state court stipulation can only be viewed as an unfair and unjustified interference with the state court proceedings. Judicial economy and efficiency favor returning this case to the state court for the conclusion of the eminent domain proceedings.

Furthermore, the Removed Action concerns predominately state law eminent domain issues. Plaintiff's power of eminent domain flows from state statues. The following California code sections grant authority to the Plaintiff to condemn the property:

a. **Water Code** Sections 31040 (*Means Of Acquisition* - can acquire through condemnation property necessary to carry out business); 31041 (*Use And Disposition* - can hold property outside district); 31021 (*Storage And Conservation Of Water; Water Rights* - can acquire water and water rights for any useful purpose and store water for benefit of district or conserve water for future use); 31042 (*Works For Use Of Water* - for the purpose of any present or future beneficial use, can acquire works, water rights, land, rights and privileges necessary to supply, store or otherwise make use of water)

b. **Health and Safety Code** Sections 6512.7 (*Montara Sanitary District; powers of county water district* - power to acquire water rights, property); 6514 (*Acquisition and disposal of property* - can acquire by condemnation, either within or without the limits of the

district, personal and real property rights, including ingress and egress to and from real or personal property)

c. **Code of Civil Procedure** Sections 1230.020, 1240.010, 1240.020, 1240.110, 1240.120, 1240.125 (extra-territorial jurisdiction), 1240.510, 1240.610, 1240.650 (More Necessary Public Use (or compatible use))

California eminent domain law is quintessentially local in nature and has established detailed procedures for administering eminent domain proceedings. See Cal. Code Civ. Proc. § 1230.010-1273.050 (setting forth the "Eminent Domain Law."). State courts are more familiar with the procedures of the Eminent Domain Law, and the state court is better equipped to administer these eminent domain cases than a federal court.

Significantly, in the state court, this case is given hearing and trial priority "over all other civil actions." See Cal. Code Civ. Proc. § 1260.010.

Moreover, as set forth above, California eminent domain law is purely a creature of California law that is governed by a complex statutory scheme that consumes more than 250 sections of the state's Code of Civil Procedure.

California courts are expert in the subject. A proper respect for state courts on matters of state law in which state courts are expert counsels strongly in favor of remanding the matter to the Santa Clara County Superior Court to resolve.

It is also significant that Defendant agreed to the Santa Clara County State Superior Court in which to try the eminent domain action by Stipulation on June 11, 2007, and only after the filing of the Stipulation, for reasons best known to itself, sought removal to federal court.

As one federal district court noted in ordering remand of a case to state court "[t]his 'is a state law action and a state court is "better able to respond" to a suit involving state law.'" Drexel, Burnham, Lambert Group, Inc. v. Vigilant Insurance Co., 130 B.R. 405, 408 (S.D.N.Y. 1991). The state court is the proper forum for the trial in this case. Equitable grounds justify remand of the Removed Action back to the state court for further proceedings.

**IV.**

**CONCLUSION**

When a California local government public agency proceeds under a California State law eminent domain action based solely on California State Law, the Plaintiff California condemning authority is entitled to have the matter tried in State court and removal to federal court should not be permitted.

It is reasonable, fair and appropriate to remand this case to the state court. There is nothing just or convenient about forcing the Plaintiff to litigate a state law case in a federal law court. This eminent domain case belongs in a state court and should be sent back to conclude the proceedings. Defendant stipulated to the transfer to Santa Clara County Superior Court.

A straightforward application of the well-pleaded complaint rule precludes original Federal Court jurisdiction; the action is not removable. Federal courts do not have original jurisdiction over state eminent domain actions, nor do they acquire jurisdiction on removal.

It is respectfully submitted that the case is not within the removal jurisdiction conferred by 28 U.S.C. 1441. Accordingly, for the reasons set forth herein, Plaintiff respectfully requests that this Court issue an Order remanding the case back to the Superior Court of the State of



California in and for the County of Santa Clara, the State Court venue to which Defendant has stipulated.

Dated: July 9, 2007

LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION

By:________________________________
HERMAN H. FITZGERALD
Attorneys for Plaintiff

remand1.doc

**CERTIFICATE OF SERVICE**

I declare that I am employed in the County of San Mateo, California. I am over the age of eighteen years and not a party to this action. My business address is 345 Lorton Avenue, Suite 302, Burlingame, California, 94010.

On July 10, 2007, I served the within**:**

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA; MEMORANDUM OF POINTS AND AUTHORITIES**

Re: *Montara Water and Sanitary District v. County of San Mateo*
Northern District of California Case No. C 07-3176 JF

on the interested party in said cause as indicated below:

[ ] **(BY PERSONAL SERVICE)** I caused a copy of said pleading(s) to be hand delivered to the Plaintiff's attorney:

[ ] **(BY FACSIMILE)** I caused a copy of said pleadings to be sent via facsimile transmission to the interested parties at:

[ ] **(BY FEDERAL EXPRESS MAIL)** I caused a copy of said pleadings to be sent via Federal Express Mail to the parties listed below:

[ ] **(BY REGULAR MAIL)** I caused a copy of said pleadings to be placed in a United States Mail depository, in a sealed envelope with postage fully prepaid, to the below listed addressees:

**<u>Attorneys for Defendant County of San Mateo</u>**
Miruni Soosaipillai, Deputy County Counsel
County of San Mateo
Hall of Justice and Records, 6th Flr
400 County Center
Redwood City, CA 94063-4034
*Telephone: (650) 363-4750*
*Facsimile: (650) 363-403*

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

[**X**] (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Dated: July 10, 2007

______________________________
SUSAN E. HUGHES