

HERMAN H. FITZGERALD #33131
CHRISTINE C. FITZGERALD #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A PROFESSIONAL CORPORATION
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile:  (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane
Cupertino, CA 95014
Phone: (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*

Attorneys for Plaintiff
MONTARA WATER AND SANITARY DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>        Defendant. | Case No C 07-3176 JF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**<br>Hearing:<br>Date:  September 7, 2007<br>Time:  9:00 a.m.<br>Dept:  Courtroom 3, 5th Floor<br>      (Hon. Jeremy Fogel) |

/

1

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

1

## TABLE OF CONTENTS

2

3                                                                              Page

4    MEMORANDUM OF POINTS AND AUTHORITIES     .          .          5

5    I.       Statement Of Facts/Procedure       .          .          .          .          5
6

7    II.      Under California Law, The Plaintiff Is Entitled To
             Exercise Its Power Of Eminent Domain Only to Acquire
8            Those Property Interests Necessary For Its Use   .          9
             .
9    III.     Defendant's Authority In Support Of Removal Is Inapposite
10           Since the United States Is Not A Necessary Party To This Action .   13

11   IV.      CONCLUSION      .          .          .          .          .          .          .          20

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C 07-3176 JF

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR
JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

1

## TABLE OF AUTHORITIES

2

Page

3    CASES

4
Contra Costa Water District v. Vaquero Farms, Inc.
5        (1997) 58 Cal.App.4th 883    .        .        .        .        .        9, 10, 11, 13, 15

6    City of South San Francisco v. Mayer
7        (1998) 67 Cal.App.4 1350    .        .        .        .        .        11, 112, 13, 15, 18

8    Confederated Tribes, etc. v. Lujan
9        928 F.2d 1496 (9th Cir. 1991).        .        .        .        .        13, 14, 19

10   Bakia v. County of Los Angeles
11       687 F.2d 299 (1982). .        .        .        .        .        .        15, 18

12   Virginia Sur. Co. v. Northrop Grumman Corp.
         144 F.3d 1243 (9th Cir. 1998).        .        .        .        .        17
13

14   Lomayaktewa v. Hathaway, 520 F.2d 1324 (9th Cir. 1975)
15       cert denied, 42 U.S. 903 (1976).        .        .        .        .        17

16   STATUTES

17   Federal Rules of Civil Procedure
18   § 19.        .        .        .        .        .        .        .        .        13, 14, 15, 19
     § 19(a).        .        .        .        .        .        .        .        .        13, 15
19   § 21        .        .        .        .        .        .        .        .        8
20   § 19(a)(2)(i).        .        .        .        .        .        .        .        17

21   Code of Civil Procedure
22   § 1230.010.        .        .        .        .        .        .        .        .        5
     § 394(a).        .        .        .        .        .        .        .        .        5
23   § 1240.110(a)..        .        .        .        .        .        .        .        11, 12
     § 1240.310.        .        .        .        .        .        .        .        .        11
24   § 1245.220.        .        .        .        .        .        .        .        .        12
25   §1245.230(e)(3).        .        .        .        .        .        .        .        12
     § 1245.230(c)(3).        .        .        .        .        .        .        .        13
26   § 1268.030.        .        .        .        .        .        .        .        .        14, 16, 17

27

28

C 07-3176 JF
PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR
JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT

**Health & Safety Code**

§ 6400 .    .    .    .    .    .    .    .    5

§ 6512.7.    .    .    .    .    .    .    .    5

**OTHER AUTHORITIES**

**Article 1, Section 19** .    .    .    .    .    .    .    5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### Statement Of Facts and Procedure

On May 17, 2007, Plaintiff Montara Water and Sanitary District ("Plaintiff") filed an eminent domain action based solely on State law against Defendant County of San Mateo ("Defendant") in a California Superior Court, County of San Mateo, the county where the real property sought to be condemned is located. (*Complaint in Eminent Domain* ("Complaint"), attached as part of <u>Exhibit A</u> to the Notice of Removal on file in this action). Plaintiff's right of eminent domain flows from California statutes and constitutional provisions vesting Plaintiff Public Agency with the right of condemnation. (*See* California Health & Safety Code sections 6400, et. seq., defining public agency providing water and sanitary service to local communities; and, Health & Safety Code section 6512.7 granting Plaintiff additional powers, including the power to acquire property useful or necessary to make use of water for any useful purpose; and, Code of Civil Procedure section (hereinafter "CCP") 1230.010, et. seq., granting the power of eminent domain; see, also Article 1, Section 19 ("private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived has first been paid to, or into court for the owner"). The California Eminent Domain Law establishes the condemnation law under which this condemnation proceeds without reference to federal law. Federal law has no relevancy to this action.

On May 18, 2007, Plaintiff also filed a *Motion for Change of Venue* in the Superior Court, County of San Mateo, State of California based upon CCP section 394(a) which provides

C 07-3176 JF

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

that when an action is between two public entities of the same county, the action must be transferred to a neutral county upon motion of either party; upon stipulation of the parties herein, the Court on June 12, 2007 ordered the action transferred to Santa Clara County Superior Court, State of California. (Santa Clara County Superior Court No. 1-07-CV-088793.)

On or about June 15, 2007, after stipulating to the transfer of venue to Santa Clara County Superior Court as aforesaid, Defendant filed a Notice of Removal, removing to this Court the state court action. (See *Notice of Removal* on file in this action). Thereupon, Plaintiff filed a *Motion To Remand Removed Action To Superior Court of California, County of Santa Clara* asking the Court for an Order To Remand (the) Removed Action (back) to (the) Superior Court, County of Santa Clara.

On June 25, 2007, Defendant filed its motion entitled *Defendant County of San Mateo's Motion For Joinder Of Necessary Party (United States of America) As Defendant* ("Motion For Joinder"), setting the Motion For Joinder July 27, 2007; the Motion for Joinder was continued by Stipulation to September 7, 2007, the same date reserved for the hearing on Plaintiff's Motion To Remand the Removed Action.

This Opposition is in response to Defendant's Motion For Joinder.

The Complaint seeks to acquire three (3) drinking water production ground wells known as the "Airport Wells" which draw from one or more groundwater aquifers in the San Vicente/Denniston Creek Sub-Basin and provide 60% of Plaintiff's potable water supply; two of the well sites were originally developed by the U.S. Navy and have been used for community water supply purposes continually since 1948, firstly by the Montara Elementary School District

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

and then, commencing in 1958, by the Citizens Utilities Company of California ("Citizens") and its successor California American Water Company, until the water system was acquired by the Plaintiff herein in 2003.  The third well site was added in 1987 and has been in continual use since that date by Citizens, its successor California American Water Company, and the Plaintiff by way of a Revocable Encroachment Permit issued by Defendant.  The acquisition areas are of the land only and consist of Parcel 1 (724 square feet), Parcel 2 (787 square feet), and Parcel 3 (677 square feet).  The acquisition areas are on the perimeter of the Half Moon Bay Airport property: two are located on an airport frontage road used by the public approximately 50 feet from Highway 1, and the third is located at the foot of an internal roadway considerably removed from Airport operations approximately 300 feet from the Highway.

The Airport property upon which the well sites are located consists of 319.53 acres or 13,918,727 square feet.  Plaintiff's property acquisition totals 2,188 square feet located in an area that serves primarily as a buffer between Highway 1 and the Airport.  The Defendant has proposed a zoning change for a portion of the Airport to "AC" (commercial uses).  The zoning change is distant from the acquisition area.

The Airport property itself was quit claimed to the County by the United States on September 26, 1947, and accepted by the County on May 19, 1948 by Resolution No. 3454.  The Complaint expressly takes subject to the interest of the Federal Government:  "The acquisition, however, does not include any interest of the Federal Government, and the acquisition would be subject to the interest of the Federal Government." Complaint, 3:9-11.

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

Defendant has now filed its Motion For Joinder based upon Federal Rules of Civil Procedure 19 and 21.

Federal Rule of Civil Procedure 19 determines whether or not a non-party is or is not made a party to the action.

Rule 19(a) provides the standards for the Court's determination as to whether or not a non-party is "necessary" to the action.

Rule 19(a) reads as follows:

**"(a) Persons to be Joined if Feasible**.

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

//

//

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

## II.

### Under California Law, The Plaintiff Is Entitled To Exercise Its Power Of Eminent Domain To Acquire Only Those Property Interests Which Are Necessary For Its Use

The underlying premise of Defendant's Motion for Joinder, and indeed completely intertwined with its removal motion, is that Plaintiff must bring into the case the federal government. Nothing could be further from the California eminent domain decisional law than that argument. There are numerous decisions in California eminent domain law that provide that the condemnor has the complete authority and right to control its own lawsuit and condemn only the interest for which it has the necessary need and right for a public use. The California state eminent domain case of Contra Costa Water District v. Vaquero Farms, Inc., (1997) 58 Cal.App.4th 883, involved the condemnation of a fee interest in property subject to windpower rights and a windpower lessee interest which the condemning complaint reserved to the property owner; the condemnor condemned only the fee, not the windpower rights *Id.* at 891. The issue on appeal as argued by the property owner was that the condemnor was required to condemn the windpower rights in contrast to the condemnor's choice to sever the windpower rights and reserve them to the property owner. *Id.* at 887-888. On appeal, the Appellate Court affirmed the lower court trial result that the condemnor was entitled to condemn the fee interest subject to the windpower rights held by the property owner.

Defendant in the instant case is making the same argument that the property owner made in the Contra Costa, *supra*, case where the issue was substantial in that there existed on the condemned property some 260 wind turbines subject to windpower leases. The condemnor filed its condemnation complaint reserving the windpower leases to the property owner much as the

9

Plaintiff in the instant case seeks to acquire the well sites subject to the interest of the federal

government.  As in the instant case, the condemnor affirmatively excluded any condemnation of

the windpower rights in its condemnation complaint with language similar to the complaint in

the instant case as set forth by the appellate opinion at page 891 as follows:

> "Therefore, the Water District's complaint was limited to the acquisition of "[a]ll rights
> and incidents of the fee ownership interest vested in Vaquero Farms, . . .excepting and
> reserving to such defendants and their successors, and present and future assigns all rights
> for wind energy power conversion and the transmission of power generated by wind. . ."

At the trial level the condemnor argued that California law authorized a condemnor to sever

any property rights which it felt is unnecessary for a public use.  Again, this is identical to the

instant case wherein the rights of the federal government, if any, are unnecessary for the public

use herein.

The appellate court in <u>Contra Costa Water District v. Vaquero Farms, Inc.,</u> *supra*, 58

Cal.App.4th 883, went into extreme detail in citing the number of decisions which provide that

California eminent domain law allows a condemnor to condemn whatever portion of property

is necessary for its public use at page 892 as follows.

> "A review of the case law reveals California eminent domain law authorizes the
> condemner to select which right or combination of rights it needs to acquire from the full
> panoply of private ownership rights held within a fee simple estate. (See Federal Oil Co.
> v. City of Culver City (1960) <u>179 Cal.App.2d 93</u>, 96-97 [3 Cal.Rptr. 519] [condemnation
> of lessee's surface rights without acquiring subsurface oil and gas rights]; County
> Sanitation Dist. v. Watson Land Co. (1993) <u>17 Cal.App.4th 1268</u>, 1273 [22 Cal.Rptr.2d
> 117] [condemnation of permanent subterranean sewer easements and acquisition of
> temporary construction and occupational rights of way on the same properties]; Unocal
> California Pipeline Co. v. Conway (1994) <u>23 Cal.App.4th 331</u>, 334 [28 Cal.Rptr.2d 429]
> [condemnation of subsurface easement for pipeline]; County of Kern v. Galatas (1962)
> <u>200 Cal.App.2d 353</u>, 356 [19 Cal.Rptr. 348] [acquisition of oil, gas and mineral rights
> "taken separate and apart from surface rights"]; Carlsbad etc. Co. v. San Luis Rey etc.
> Co. (1947) <u>78 Cal.App.2d 900</u>, 913 [178 P.2d 844] [condemnation of riparian rights];

10

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR
JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

**1**

City of Oakland v. Nutter (1970) <u>13 Cal.App.3d 752</u>, 757 [92 Cal.Rptr. 347] [acquisition of easement in airspace above residences close to airport to protect approaches of aircraft]; Sacramento etc. Drainage Dist. v. Truslow (1954) <u>125 Cal.App.2d 478</u>, 484 [270 P.2d 928] [acquisition of right to move soil within a drainage easement without taking fee interest upheld over owner's objection]; Sacramento etc. Dist. v. Pac. G.& E. Co. (1946) <u>72 Cal.App.2d 638</u>, 655-656 [165 P.2d 741] [condemnation of joint use of utility poles without taking fee interest upheld over owner's objection].) These cases remove any vestige of doubt that a condemner cannot be required to take more severable rights in property than what it needs for the public use."

**2**

**3**

**4**

**5**

**6**

**7**

The court's summary of this issue is well stated at page 895 as follows:

**8**

"In conclusion, the Vaquero's contention that the Water District cannot, as a matter of law, reserve windpower rights from a condemnation of property ignores the solidly established tenet of California law that a condemnation of property for public use need not be unqualified, total, and unconditional."

**9**

**10**

**11**

An additional California eminent domain case directly on point is <u>City of South San</u>

**12**

<u>Francisco v. Mayer</u>, (1998) 67 Cal.App.4 1350, in which the City filed its condemnation action

**13**

**14**

naming only the owner of the property but did not condemn its own pre-existing leasehold

**15**

interest under which the City occupied the property. *Id*. at 1352. The ". . . crucial issue in

**16**

valuing the property was whether the leasehold interest should be included . . ." that is ". . .

**17**

**18**

whether the City could condemn the Mayers' interest in the fee title . . . without also condemning

**19**

the City's leasehold interest." *Id*. at 1353-1354. As in the <u>South San Francisco</u> case, the federal

**20**

government's interest in the instant case ". . . is not a 'necessary' one . . ." (*see* p. 1355) and, *a*

**21**

*fortiori*, since the Plaintiff herein does not need the federal government interest, it cannot legally

**22**

**23**

condemn it under the California Eminent Domain Law. CCP section 1240.110(a). There is no

**24**

California Eminent Domain authority authorizing the condemnation of a property interest that is

**25**

not necessary to accomplish the public use. The reversionary interest of the federal government

**26**

is not necessary for Plaintiff's public use and, *a fortiori*, the federal government property interest

**27**

**28**

11

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

cannot be condemned. CCP section 1240.310. Nor can the Plaintiff adopt a valid Resolution of

Necessity as required by CCP section 1245.220 as a condition precedent to the condemnation

because it could not satisfy CCP section 1245.230(e)(3) which requires that a finding be made

that the federal government interest is necessary.  Plaintiff's authority is clearly established from

the South San Francisco Court's statement (in citing the Vaquero Farms, *supra*, case) at page

1355:

> "The City also points out that there is nothing which prohibits a public agency from
> exercising its power of eminent domain to acquire some but not all of the interests in a
> piece of property.  In fact, the City points to a recent case from this Division which
> makes clear that ". . .a condemnor cannot be required to take more severable rights in
> property than what it needs for the public use." (*Contra Costa Water Dist. v. Vaquero
> Farms, Inc*. (1977) 58 Cal.App.4th 883, 893 [68 Cal.Rptr.2d 272].)"

The Appellate Court upheld the City's position that excluded condemnation of the leasehold

interest stating at page 1356  as follows:

> "In our view, these three strands of eminent domain law, i.e., (1) the requirement that
> property be condemned only for a "necessary" public purpose (2) the general notion that
> a public agency cannot be required to either purchase an interest it already owns or
> purchase more property than is "necessary," and (3) the prohibition against reading a
> contract as containing any obligation on the part of a public agency to exercise its power
> of eminent domain in any particular way, combine to make a compelling case in support
> of the City's position."

It is therefore submitted that condemnation of an alleged, 60 year old federal reversionary

interest cannot be compelled under the California eminent domain law because it is not necessary

for Plaintiff to own the alleged reversionary interest in order to continue the use of the well sites

in the same manner as has been conducted for 60 years.  If neither the permission nor approval of

the federal government was needed for 60 years of operation, Plaintiff cannot prove the necessity

required under California Code of Civil Procedure sections 1240.110, 1245.220 and

C 07-3176 JF

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR
JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

1245.230(e)(3).  Moreover, Plaintiff is entitled to determine what interests it wants to include and what interests it wants to exclude. (*See* Contra Costa Water Dist. v. Vaquero Farms, Inc., *supra*; City of South San Francisco v. Mayer, *supra*.)  In short, as stated in a number of venue change cases, the Plaintiff is the master of its complaint.

In summary, Plaintiff cannot commence the eminent domain proceedings until it adopts a Resolution of Necessity. CCP section 1245.230(c)(3).  If the federal government has not been a necessary party for some 60 years, it cannot suddenly become a necessary party 60 years after it has conveyed away the property.

**III.**

**Defendant's Authority In Support Of Removal Is Inapposite  Since the United States Is Not A Necessary Party To This Action**

In support of its argument, Defendant cites a number of non-eminent domain decisions arguing that the Rule 19(a) determination requires a two-prong analysis to determine if a party is "necessary" beginning with the Confederated Tribes, etc. v. Lujan, 928 F.2d 1496 (9th Cir. 1991), case at page 1498 that "First, the court must consider if complete relief is possible among those parties already in the action." In the instant case, there will be complete relief without the joinder of the federal government as Plaintiff is condemning only Defendant's interest, subject to existing rights and title of the federal government; nothing will change from the federal government's perspective as the well sites will continue to be operated the same as the operation has been for the last 60 years, for two of the sites and approximately 20 years for the third site. The Confederated Tribes court stated that the relevant Rule 19 question is whether the Plaintiff will obtain the relief sought (p. 1501); it is submitted that in this eminent domain case complete

13

C 07-3176 JF

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

relief will be obtained by a Judgment and Final Order of Condemnation pursuant to Code of Civil Procedure section 1268.030 without the inclusion of the federal government.

The second analysis point is "Second, the court must consider whether the absent party has a legally protected interest in the outcome of the action." (See <u>Confederated Tribes</u>, *supra*, at p. 1498.)  In the instant matter, it is submitted that the sole interest, if any, of the federal government is protected because the taking will be subject to the federal government interest and the well sites will be operated in the same identical manner has been the case for the last 60 years as to two of the sites and 20 years for the third site.

Defendant's conclusionary statement that Defendant ". . . satisfied both of the two prongs that indicate joinder" (Defendant's *Memorandum of Points and Authorities* ("DMPA"), 4:21) is simply an erroneous conclusion not supported by the facts and thus not within the general proposition of the <u>Confederated Tribes</u>, <u>supra</u>, case.  As set forth above, an analysis of the "two prong" rule supports Plaintiff's position that joinder is not proper as to the federal government.

Certain cases are necessarily disposed of by Rule 19 joinder because in such cases the judgment cannot award the plaintiff the interest it seeks without simultaneously taking that interest from an absent non-party.  By contrast, that does not happen here because Plaintiff is taking nothing from the federal government and the federal government is giving up nothing. There is no prejudice to the absent federal government because there is no change in the rights, title, interest or status of the federal government.  The federal government would not be legitimately prejudiced by a state condemnation judgment and final order of condemnation..

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

The case of <u>Bakia v. County of Los Angeles,</u> 687 F.2d 299 (1982), cited by Defendant for the general proposition that the Rule 19 joinder issue must be decided on the facts of the particular case without resorting to a "precise formula," is, however , aside from that general proposition, instructive on the factors to be considered.  The opinion listed the factors to consider at page 301 as follows:

> "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a).  Underlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party."

The caveat of the <u>Bakia</u>, *supra*, court that parties who are not essential for the adjudication are not to be joined is especially in point to the instant case wherein the federal government interest will not be affected and the operation of the well on the property being condemned will continue as it has for 20 to 60 years.

As to the application of the <u>Bakia</u>, *supra*, factors (*see* p. 301) to the instant case in a Rule 19(a) case, it is submitted herewith:

1.    ". . . plaintiff's right to decide whom he shall sue."

<u>Response</u>:  there is an inherent right for the plaintiff in any litigation to choose who should be sued. (*See* <u>City of South San Francisco v. Mayer</u> (1998) 67 Cal.App. 4th, 350; <u>Contra Costa Water District v. Vaquero Farms, Inc</u>. (1997) 58 Cal.App.4 883.)

2.    ". . . avoiding multiple litigation. . ."

<u>Response</u>:  no multiple litigation would be involved as Plaintiff is taking the entire interest of Defendant,  subject to the right and title of the federal government; thus there will be no further litigation.

15

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

3.    ". . . providing the parties with complete and effective relief in a single action . . ."

Response:  a state eminent domain action awarding title upon the ascertainment and payment of just compensation concludes the condemnation with a Final Order of Condemnation under California Eminent Domain law. CCP section 1268.030.

4.    ". . . protecting the absentee . . ."

Response:  the federal government is completely protected as the title and interest will remain exactly as it is both before and after any state eminent domain judgment and final order of condemnation.

5.    ". . . fairness to the other party. . ."

Response:  The state eminent domain judgment and final order of condemnation insures the fairness to the federal government of full protection of its interest in the same manner as it has had since 1947.

Although Defendant by the title of its Motion For Joinder restricts itself to arguing that the federal government is a necessary party vis-a-vis an "indispensable" party, it implies time that Defendant is "indispensable" based upon the argument that this eminent domain action should be governed by    ". . .an action to set aside a lease or a contract. . .". (DMPA, 5:16-19.) Plaintiff strongly disagrees.  California Eminent Domain Law is a complete, separate statutory section of California Law which has governed California eminent domain acquisitions since 1872.  It is a complex statutory scheme quintessentially local in substance and nature.  The California Eminent Domain Law controls and governs a California Eminent Domain action; it is

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

not an action to set aside a lease; it is not an action to set aside a contract; it is an action by which a condemnor is statutorily entitled to condemn <u>only</u> the rights necessary for its public use; the federal government interest is not necessary for Plaintiff's public use and thus, <u>cannot</u> be condemned under the California Eminent Domain Law; that is the manner in which this Eminent Domain action was structured and filed by Plaintiff and Plaintiff should be able to control is own pleadings.  The cases cited, <u>Virginia Sur. Co. v. Northrop Grumman Corp.</u>, 144 F.3d 1243 (9th Cir. 1998);  <u>Lomayaktewa v. Hathaway</u>, 520 F.2d 1324 (9th Cir. 1975) *cert denied*, 42 U.S. 903 (1976), have absolutely nothing to do with eminent domain nor the issues before the Court and cannot be considered on any issue before this Honorable Court.  These cases are factually dissimilar to the instant case facts.  <u>Virginia Sur. Co.</u>, *supra*, involved wholly owned subsidiaries concerning actions filed in California District Court and Bermuda; under the facts of that particular case the Court was of the opinion that the Bermuda Plaintiff was a necessary party under Rule 19(a)(2)(i) in order to protect any judgment it may receive in the Bermuda Court. Nothing like that appears in the instant case.  <u>Lomayaktewa</u>, *supra*, is likewise dissimilar in that one of the lessors to a lease was an indispensable party under the particular facts of that case. The federal government is not an indispensable party to this action.  Plaintiff upon condemnation acquisition through a State Court Judgment In Condemnation and Final Order of Condemnation pursuant to the California Eminent Domain Law, CCP section 1268.030 will take the condemned property subject to the right and title of the federal government pursuant to the California eminent domain decisional law. <u>South San Francisco v. Mayer</u>, *supra;* <u>Contra Costa County Water District v. Vaquero Farms, Inc.</u>, *supra*.

17

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

In the event that Defendant does, in fact, argue that the federal government is an indispensable party, the four factors that are to be considered in determining whether the non-party federal government is indispensable to this action as set forth the Bakia; *supra*, case, together with Plaintiff's response are set forth as follows:

1.      Prejudice to any party or to the absent party.

Response:  an eminent domain judgment and final order of condemnation would not prejudice the federal government in that it would not alter nor change the control nor use of the well sites that has been on-going for over 60 years by Plaintiff and its predecessors in title.  The well sites total approximately 2200 square feet out of a total airport area of 320 acres and are located on the perimeter of the airport a considerable distance removed from any airport operations.

There would be no prejudice to Defendant as the well sites have been in continuous use as operating wells supplying the water of the nearby Montara community since 1948.

2.      The lessening of any prejudice by provisions in the judgment of condemnation.

Response.  There is no prejudice.  Plaintiff has restricted its acquisition to the barest minimum well sites totaling only 2,200 square feet and has included easements (emphasis added) of access vis-a-vis fee access takings, which easements are presently used in conjunction with the public access to the airport facilities, all as has been the operating practice and use for 60 years.

3.      Whether a judgment rendered in the absence of the federal government would be adequate.

18

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

Response:  Any judgment would be subject to the rights and title of the federal government, and that the use and operation conducted on the property will be exactly the same after judgment as the last 60 years, and since there is no relief sought from the federal government, there cannot be any issue of judgment adequacy as to the federal government.

4.    The adequacy of Plaintiff's remedies if an action is dismissed for non-joinder.

Response:  Plaintiff will not have any other remedy; this is the action by which Plaintiff seeks to insure and guarantee the source of 60% of its water supply for the citizens of the Montara community; this is the only remedy for the Plaintiff; there is no other remedy available to Plaintiff.

The determination of whether a non-party is "indispensable" is under Rule 19 that  ". . . the court shall determine whether in equity and good conscience the action should proceed among the parties before it. . ."  In making the determination, the statement in the concurring and dissenting opinion in the Confederated Tribes, *supra,* case at page 1506 is in point to the issue before this Court:

> "Rule 19 does not grant absent non-parties a substantive legal right to joinder; it is an equitable rule of discretion, the purely pragmatic purpose of which is to effect justice in the immediate case.  *See Provident-Trademens Bank & Trust Co*. 390 U.S. at 116-25, 88 S. CA. at 741-46 (Part II of the opinions).  As we said in *Makah*, "(t)he inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *Makah*, 910 F.2d at 558.

//

//

**IV.**

**CONCLUSION**

19

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

It stretches the imagination to believe that after over 60 years of continual use of the property for the same use as the condemnation use that the federal government will demand the return of 320 acres of an operating airport because of an acquisition of 2,188 square feet necessary to insure a continuance of a 60 year usage of a community water system source. Plaintiff does not believe it will happen; Defendant says it believes it may happen.  Defendant is free to make a claim for the damages that may result by way of severance damage compensation as provided by the California Eminent Domain Law.  CCP sections 1263.410(a) and 1263.420.  It is a valuation issue not a joinder issue.  Plaintiff has no authority to condemn an interest for which it cannot show that it has a public use.

Based upon the foregoing authority and facts, it is respectfully submitted that this case does not qualify either factually or legally to require a compulsory joinder of the federal government.  Justice and equity requires that this Honorable Court deny Defendant's Motion.

Dated:  July 9, 2007

                                        LAW OFFICES OF HERMAN H. FITZGERALD
                                        A PROFESSIONAL CORPORATION


                                        By:_____
                                             HERMAN H. FITZGERALD
                                             Attorneys for Plaintiff


opposition/joinder.doc

20

C 07-3176 JF

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

**CERTIFICATE OF SERVICE**

I declare that I am employed in the County of San Mateo, California.  I am over the age

of eighteen years and not a party to this action.  My business address is 345 Lorton Avenue,

Suite 302, Burlingame, California, 94010.

On  July 10, 2007,  I served the within**:**

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

Re:    *Montara Water and Sanitary District v. County of San Mateo*
         Northern District of California Case No. C 07-3176 JF

on the interested party in said cause as indicated below:

[ ]      **(BY PERSONAL SERVICE)** I caused a copy of said pleading(s) to be hand delivered
to      the Plaintiff's attorney:

[ ]      **(BY FACSIMILE)** I caused a copy of said pleadings to be sent via facsimile
         transmission to the interested parties at:

[ ]      **(BY FEDERAL EXPRESS MAIL)** I caused a copy of said pleadings to be sent via
         Federal Express Mail to the parties listed below:

[X ]    **(BY REGULAR MAIL)** I caused a copy of said pleadings to be placed in a United
         States Mail depository, in a sealed envelope with postage fully prepaid, to the below
         listed addressees:

<u>**Attorneys for Defendant County of San Mateo**</u>
Miruni Soosaipillai, Deputy County Counsel
County of San Mateo
Hall of Justice and Records, 6th Flr
400 County Center
Redwood City, CA 94063-4034
*Telephone: (650) 363-4750*
*Facsimile:  (650) 363-403*

21

C 07-3176 JF
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**

1

     [ ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

2

3

     [**X**]    (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

4

5

Dated: July 10, 2007                           _____

6

                                                    SUSAN E. HUGHES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C 07-3176 JF

**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN MATEO'S MOTION FOR JOINDER OF NECESSARY PARTY (UNITED STATES OF AMERICA) AS DEFENDANT**