1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Miruni Soosaipillai, Deputy (SBN 160858)
2  By: Deborah Penny Bennett, Deputy (SBN 072282)
   Hall of Justice and Records
3  400 County Center, 6th Floor
   Redwood City, CA 94063
4  Telephone: (650) 363-1960
   Facsimile: (650) 363-4034
5  E-mail: msoosaipillai@co.sanmateo.ca.us

6  Attorneys for Defendants
   COUNTY OF SAN MATEO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MONTARA WATER AND SANITARY DISTRICT, | Case No. C 07-3176 JF |
|---|---|
| Plaintiffs, | **DEFENDANT COUNTY OF SAN MATEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA** |
| vs. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. | |
| | Hearing: |
| | Date: September 7, 2007<br>Time: 9:00 a.m.<br>Dept: Courtroom 3, 5th Floor |
| | (Honorable Jeremy Fogel) |

**I.     INTRODUCTION**

As stated in Defendant's Notice of Removal, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1441, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441 in that it implicates an interest of the Federal Government in real property pursuant to 28 U.S.C. § 2409a, the Federal Quiet Title Act. Specifically, the Complaint proposes an eminent domain action to appropriate portions of the Half Moon Bay Municipal Airport, land in which the Federal Government has a reversionary interest pursuant to a September 26,

1947 Quitclaim Deed (a copy of which was attached to Defendant's Notice of Removal as Exhibit B).

Prior to Plaintiff's filing this Motion for Remand, Defendant filed a Motion for Joinder of Necessary Party (the United States of America) as Defendant, which is scheduled to be heard on the same date as the Motion for Remand. Defendant respectfully suggests that it would be appropriate to address the Motion for Joinder first, as the presence of the United States as a party would impact the determination of whether this action should be remanded to state court. 28 U.S.C. §1346.

## II.    ARGUMENT

### A.    THE COURT HAS JURISDICTION OVER A FEDERAL QUESTION INVOLVING A DISPUTE OVER PROPERTY TO WHICH THE UNITED STATES GOVERNMENT HAS A CLAIM

This action is in the nature of a quiet title action against the United States under the Federal Quiet Title Act, 28 U.S.C. §2409a, in that it involves a dispute over title to land in which the United States has an interest. If the United States were named as a party, the appropriate venue for the action would be in federal court. 28 U.S.C. §1346 and 2409a. The rule is no different where the United States should be party, but the Plaintiff has not named it as such. Our case is very similar to *Calf Island Community Trust, Inc. v. Young Men's Christian Association of Greenwich* (D.Conn. 2003) 263 F.Supp.2d 400, 402-403. In the *Calf Island* case, Defendant had entered into an agreement to sell the property at issue to a third party, which in turn had an agreement to sell the property to the United States. The Plaintiff sought, among other things, to prevent the sale unless certain conditions were met as to the use of the property, such as enforcing restrictions limiting it to residential use.

The court in *Calf Island* held that removal to federal court was proper if two requirements were met: 1) the United States claimed an interest in property, and 2) there was a dispute over title to the property. *Id at 402*. Most importantly for our case, it did not matter to the court that the Plaintiff did not name the United States as a party or even mention the United States in the state court complaint. *Id.* at 403. The court cited the "artful pleading doctrine," described as a "corollary to the well-pleaded complaint rule." *Id.*, citing *U.S. Express Lines, Ltd, v. Higgins* (3d Cir. 2002) 281 F.3d 393, 389, and *Franchise Tax Board v. Construction Laborers Vac. Tr.* (1983) 463 U.S. 1, 8. The "artful pleading" doctrine "requires a court to peer through what are ostensibly wholly state claims to discern the federal question lurking in the verbiage." *U.S. Express Lines*, 281 F.3d at 389. The court in *Calf Island* held

that "a Plaintiff may not defeat federal jurisdiction by artfully pleading an ostensibly wholly state law claim with a federal question lurking in the verbiage." *Calf Island Community Trust*, 263 F.Supp.2d at 403.

Despite Plaintiff's claim that this is an action based entirely on state law, the fact of the matter is that this action concerns a dispute over the title to property in which the United States government claims an interest, and therefore this Court has original jurisdiction under 28 U.S.C. §1441, 28 U.S.C. §1346 and 28 U.S.C. 2409a.

### B. THE UNITED STATES HAS AN INTEREST IN THE PROPERTY AT ISSUE IN THIS ACTION

Plaintiff's claim that it would take the property "subject" to the interest of the United States simply does not make sense. Plaintiff makes the blanket statement that the interest of the United States government in the property would not be affected by its taking the property through eminent domain. However, the United States disagrees. In a letter submitted in opposition to Plaintiff's Notice of Intent to Initiate Eminent Domain Proceedings, the Federal Aviation Administration of the United States Department of Transportation stated its interest in the property, and its opposition to Plaintiff taking ownership of the property. (See Exhibit 2 to Defendant's Motion for Joinder: letter from Joseph R. Rodriguez, United States Department of Transportation, Federal Aviation Administration, dated April 19, 2007.) The letter points out that Defendant County of San Mateo "cannot sell, or enter() into long-term lease agreements that would encumber the title to the airport without FAA review and approval of the use of airport property." (Rodriguez letter, Exhibit 2 to Defendant's Motion for Joinder, at page 2, first paragraph.) The letter also highlights the restrictions in the 1947 Quitclaim Deed, including the provision that the property will revert to the United States if the County transfers it without the permission of the FAA. (Page 2, par. 3 of Rodriguez letter; see also 1947 Quitclaim Deed, Exhibit B to Defendant's Notice of Removal). The relevant historical background of the property, including the interest of the United States in the property, is set forth in more detail in Defendant's Motion for Joinder. Simply stated, a review of the 1947 Quitclaim Deed and the April 19, 2007 letter from Mr. Rodriguez makes it clear that the United States claims an interest in the property whose ownership is in dispute in this action.

**C.    DEFENDANT'S AGREEMENT TO CHANGE THE STATE COURT VENUE HAS NO BEARING ON THIS MOTION**

The Plaintiff moved for a change of venue from the San Mateo Superior Court, where this action was filed originally, to the Santa Clara Superior Court, pursuant to California Code of Civil Procedure §394, which provides that venue may not be in the Superior Court of the County being sued if the Plaintiff is another public entity. Under time pressure to file a response to Plaintiff's motion to change venue, Defendant stipulated that the state court action be transferred to Santa Clara County, and venue was therefore ordered changed to the Santa Clara Superior Court by order of the San Mateo Superior Court on June 12, 2007. Plaintiff's counsel was aware of Defendant's intention to file a Notice of Removal to federal court. Until the matter was removed, Defendant continued to have an obligation to respond to proceedings in state court, and was merely abiding by those requirements. Defendant's actions in stipulating to the change of state court venue have no bearing whatsoever on the question of whether this action was properly removed to federal court.

**III.    CONCLUSION**

The United States government has an interest in the property that Plaintiff seeks to take by eminent domain. Where the United States claims such an interest, and title to the property is in dispute, the federal district court has original jurisdiction over the action, and as such, Plaintiff's motion to remand should be denied.

Dated:  August 15, 2007                                    THOMAS F. CASEY III, COUNTY COUNSEL

By:    /s/
       Miruni Soosaipillai, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO

Case No. C 07-3176 JF                                    4
DEFENDANT COUNTY OF SAN MATEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT
OF CALIFORNIA, COUNTY OF SANTA CLARA


**C.    DEFENDANT'S AGREEMENT TO CHANGE THE STATE COURT VENUE HAS NO BEARING ON THIS MOTION**

The Plaintiff moved for a change of venue from the San Mateo Superior Court, where this action was filed originally, to the Santa Clara Superior Court, pursuant to California Code of Civil Procedure §394, which provides that venue may not be in the Superior Court of the County being sued if the Plaintiff is another public entity. Under time pressure to file a response to Plaintiff's motion to change venue, Defendant stipulated that the state court action be transferred to Santa Clara County, and venue was therefore ordered changed to the Santa Clara Superior Court by order of the San Mateo Superior Court on June 12, 2007. Plaintiff's counsel was aware of Defendant's intention to file a Notice of Removal to federal court. Until the matter was removed, Defendant continued to have an obligation to respond to proceedings in state court, and was merely abiding by those requirements. Defendant's actions in stipulating to the change of state court venue have no bearing whatsoever on the question of whether this action was properly removed to federal court.

**III.    CONCLUSION**

The United States government has an interest in the property that Plaintiff seeks to take by eminent domain. Where the United States claims such an interest, and title to the property is in dispute, the federal district court has original jurisdiction over the action, and as such, Plaintiff's motion to remand should be denied.

Dated:  August 15, 2007                                    THOMAS F. CASEY III, COUNTY COUNSEL

By:    /s/
       Miruni Soosaipillai, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO

Case No. C 07-3176 JF                                    4

DEFENDANT COUNTY OF SAN MATEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA