HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile:  (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane
Cupertino, CA 95014
Phone:     (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*

Attorneys For Plaintiff
MONTARA WATER AND SANITARY DISTRICT

***Exempt From Filing Fees Pursuant
To Government Code section 6310***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT, a public agency, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive, <br><br> Defendants. <br> _____ | No. C 07-3176 JF <br><br> PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN **REPLY** TO DEFENDANT COUNTY OF SAN MATEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN **OPPOSITION** TO PLAINTIFF'S **MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA** <br><br> Hearing: <br><br> Date: September 7, 2007 <br> Time: 9:00 a.m. <br> Dept: Courtroom 3, 5th Floor <br><br> (Hon. Jeremy Fogel) |

Plaintiff submits herewith its Reply to "Defendant County of San Mateo's Memorandum of Points And Authorities In Opposition To Plaintiff's Motion To Remand Removed Action To Superior Court of California, County of Santa Clara" (hereinafter "Defendant's Opposition") in the same sequential order as set forth in Defendant's Opposition.

## I.  SUMMARY OF ARGUMENT

There is no original jurisdiction in the federal courts for this condemnation action. (California Code of Civil Procedure section 1250.020(a).) The Federal Quiet Title Act, 28 U.S.C. section 2409a., does not contemplate a condemnation action and thus is inapplicable herein. There is no title dispute with the federal government; the Complaint herein specifically acknowledges and recognizes that the taking of Defendant County's property is **subject to** the interest of the federal government and, thus, 28 U.S.C. § 2409a. is inapplicable herein. (Complaint, 3:9-11.) The prohibition of a jury trial by 28 U.S.C. § 2409a.(f) renders 28 U.S.C. 2409a. inapplicable herein. Plaintiff *is not required* to condemn what *it does not need*. Plaintiff *does not have the legal authority* to condemn what *it does not need*. (United States v. 21.54 Acres, 491 Fed.2d 301, 304 (4th Cir. 1973); City of South San Francisco v. Mayer (1998) 67 Cal. App. 4th 1350, 1355; Contra Costa Water Dist. v. Vaquero Farms, Inc. (1977) 58 Cal. App. 4th 883, 893.) Moreover, Defendant may have waived removal when it stipulated to a transfer of venue to the Superior Court, County of Santa Clara, State of California.

//
//
//
//
//

## II. LEGAL ARGUMENT

### A. THE FEDERAL QUIET TITLE ACT, 28 U.S.C. § 2409a. DOES NOT APPLY TO AN EMINENT DOMAIN ACTION

#### 1. A Condemnation Action Is An *In Rem* Proceeding; A Quiet Title Action Is An *In Personam* Proceeding

The primary basis of Defendant's Opposition is: "This action is in the <u>nature</u> of a quiet title action against the United States under the Federal Quiet Title Act, 28 U.S.C. §2409(a) in that it involves a dispute over title to land in which the United States has an interest." (Defendant's Opposition 2:10-11, emphasis added.) Defendant is mistaken; it is <u>not</u> a quiet title action; it is <u>not</u> in the nature of a quiet title action; this action is <u>not</u> against the United States; this action is an eminent domain action pursuant to the California Eminent Domain Law (Code of Civil Procedure ("CCP") section 1230.010, et. seq.)

Eminent domain actions vis-à-vis quiet title actions are completely different. An eminent domain action is an *in rem* proceeding taken against the property to dispose of the interests of all persons in that property; more particularly, condemnation actions are special, *in rem* proceedings wherein the Court exercises a limited and statutory jurisdiction confined to issues directly related to the eminent domain judgment. <u>Bayle-Lacoste</u> v. <u>Superior Court</u> (1941) 46 Cal.App.2d 636, 642; <u>Stockton</u> v. <u>Galgani</u> (1874) 49 Cal. 139, 140. A quiet title action, on the other hand, is an *in personam* proceeding where the determination is of the personal rights and obligations of the parties. Because of the special nature of condemnation actions as *in rem* proceedings, *in personam* causes of action against the plaintiff and/or third parties are improper in condemnation actions.

The case of <u>Cadorette</u> v. <u>United States</u> 988 F.2d 215 (1st cir. 1993) is instructive on the distinction at pp. 222-223:

> "At the outset, one must understand a few of the technical differences between a 'quiet title' action and a 'condemnation' proceeding. <u>A condemnation action is brought by the Government and proceeds *in rem*</u>

against the property itself. See *United States v. Carmack*, 329 U.S. 230, 235 n. 2. . . . As an exercise of eminent domain, condemnation 'extinguishes all previous rights,' *Duckett & Co. v. United States*, 266 U.S. 149, . . . and gives the United States title to the entire condemned property 'good against the world.' *Norman Lumber Co. v. United States*, 223 F.2d 868, . . . Condemnation secures better title, in fact, than may be obtained through voluntary conveyance. See *Carmack*, 329 U.S. at 239.. . . . The title to the property vests in the United States when the award of 'just compensation' has been ascertained and paid. See *Albert Hanson Lumber Co. v. United States*, 261 U.S. 581, 587. . .; *United States v. 341.45 Acres of Land*, 751 F.2d 924, 926 n.2 (8th Cir. 1984) (where Government files a complaint in condemnation, title passes when compensation award paid into district court). Upon receipt of the award, the district court will distribute it among those who owned the property at the time of condemnation. See Fed. R. Civ. P. 71A(j). (Emphasis added.)

. . . In an action under the Quiet Title Act, by contrast, a private plaintiff names the United States 'as a party defendant . . . to adjudicate a disputed title to real property in which the United States claims an interest . . .' 28 U.S.C. § 2409a(a). If the plaintiff prevails, he can recover the land wrongly held by the United States. The Quiet Title Act also permits the Government to retain property it does not own, but only *after* a court has reached a 'final determination' in the title dispute 'adverse to the United States.' *Id.* at 2409a(b). At that point, the United States can elect to keep the prevailing plaintiff's interest in the land by paying him 'just compensation' for it. *Id.* Yet even if the United States acquires the plaintiff's interest, it will nonetheless be potentially liable to third parties not joined in the action, who may have better title than either the plaintiff or the Government. *See, e.g.*, *Younce v. United States*, 661 F. Supp. 482, 487-88 (W.D.N.C. 1987) (judgment for Government in § 2409a lawsuit means that United States holds title superior to plaintiffs, but not necessarily good title as against the world), *aff'd*, 856 F.2d 188 (4th Cir. 1988);

*Oneida Nation v. New York*, 732 F.2d 261, 265 (2nd. Cir. 1984) ('Ordinarily a judgment in a[ ] . . . quiet title action will not affect the interests of others than the parties or those in privity with them.'). This is because a 'quiet title' action is, generally speaking, an *in personam* proceeding, see *Nevada v. United States*, 463 U.S. 110, 103 S.Ct. 2906, 2924-25, 77 L.Ed.2d 509 (1983), the purpose of which is to determine which named party has superior claim to a certain piece of property. See *74 C.J.S. Quieting Title* . § 1, at 11 (1951). *But see id*. § 7, at 18 & Supp. 1992 (scattered authority for proposition that 'quiet title' action can operate *in rem or quasi in rem*).

Based upon the foregoing, there can be no dispute that a quiet title action is an *in personam*

proceeding and an eminent domain action is an *in rem* proceeding. As such, the Federal Quiet Title Act is inapplicable to the instant eminent domain action and cannot constitute a basis for removal to federal court.

    2.    Plaintiff Has A Constitutionally Guaranteed Right To A Jury In An Eminent Domain Case, Which Factor Alone Is Sufficient To Justify Remand To The State Court

A second major distinction concerning the two causes of action is that 2409a.(f) mandates a court trial without a jury, a complete repudiation of the parties' Constitutional guarantee of a jury trial in condemnation actions. Plaintiff has an absolute right to a trial by jury on the issue of just compensation in this eminent domain case. (See Article 1, section 19 of the California Constitution Coachella Valley Water Dist. v. Western Allied Properties, Inc. (1987) 190 Cal. App. 3d 969, 974; (Plaintiff's Notice of Motion and Motion To Remand Removed Action To Superior Court of California, County of Santa Clara; Memorandum of Points and Authorities, 3:15-27, hereinafter "Plaintiff's Motion To Remand".)

    3.    The Federal Quiet Title Act Requires A Title Dispute As A Condition Precedent To The Applicability of § 2409a. To The Case; There Is No Title Dispute

Additionally, *§* 2409a. requires a dispute to title; there is no title dispute in the instant case. Plaintiff clearly recognizes the United States' reversionary interest as evidenced in the Complaint which expressly states that Plaintiff will take subject to the United States' reversionary interest. (Plaintiff's Motion to Remand, 6:8-16; 8:2-13.) Under both Federal decisional law (United States v. 21.54 Acres, et al.,(1973) 491 F.2d 301, 304) and California decisional law, Plaintiff is entitled to condemn only the property interest it needs. (Plaintiff's Opposition to Joinder, 9:1-13:9; City of

South San Francisco v. Mayer (1998) 67 Cal. App. 4th 1350, 1355; Contra Costa Water Dist. v. Vaquero Farms, Inc. (1997) 58 Cal.App.4th 883, 892-93.)[1] As stated in Cadorette, supra, at p. 223:

> "The Quiet Title Act authorizes only actions that require courts 'to adjudicate a *disputed* title to real property in which the United States claims an interest. . . ' 28 U.S.C. § 2409a(a) (emphasis added). The words of the statute, taken literally, permit adjudications only when the title or ownership of real property is in doubt."

There is no title dispute in the instant case; there is no doubt as to ownership.

    4.    The Calf Island Case

Defendant relies upon essentially one case, a federal trial court opinion untested by the appellate process of the higher courts. That case, Calf Island Community Trust, Inc. v. Young Men's Christian Assoc. of Greenwich, et. al., 263 F.Supp.2d 400 (D. Conn.2003), is purely and simply a federal quiet title action in which the court found ". . . a dispute over title. . .existed at the time the complaint was filed." (*Id.* at 403.)

In Calf Island, the Court went behind the pleading, using what is referred to as the "artful pleading doctrine"[2] and determined that the Plaintiff attempted to avoid showing that the United States had an interest in the property by referring to the United States in the complaint, not specifically by name, but by the term "third party", alleging as follows: "TPL intends to convey Calves Island to a 'third party'." (*Id.* p. 401.) In order to satisfy the requirement that the United States have an interest in the property to go along with the disputed title under the Quiet Title Act, the Court went behind the language of the complaint and determined that the federal government acquired an interest in the property by way of a separate and previously filed condemnation action.

---

[1] This issue is discussed in more detail in Section II B., *infra*, in order to conform to the same sequential order as Defendant's Opposition.

[2] The "artful pleading doctrine" is not an issue herein since there is no reason to go behind the pleadings as the Complaint expressly states the federal government interest and takes subject to it. (Complaint 3:10-12)

The dispute alleged in the complaint was that a 1955 property transfer to Defendant was illegal, invalid and defective (see p. 401), that Plaintiffs were the proper owners (p. 401) and, therefore, any attempted transfer of the property to the United States raised the disputed title issue. (*Id*. at 402.) In the instant case, there is no such dispute on title. All parties acknowledge and respect the reversionary interest of the federal government.

### B. PLAINTIFF HAS THE AUTHORITY TO CONDEMN ONLY THE PROPERTY AND/OR PROPERTY INTEREST IT NEEDS AND CANNOT CONDEMN MORE PROPERTY OR INTERESTS THAN IS NECESSARY

Plaintiff's condemnation of the fee simple interest of Defendant County of San Mateo *subject to* the reversionary interest of the federal government is a procedure commonly employed by governmental agencies when exercising the power of eminent domain. (Complaint 3:9-11; City of South San Francisco v. Mayer, supra, 67 Cal. App. 4th 1350, 1355; Contra Costa Water Dist. v. Vaquero Farms, Inc., supra, 58 Cal. App. 4th 883, 892-93.) Indeed, a condemning authority does not have authority to condemn property unless there is a public use and necessity for the acquisition (C.C.P. §§ 1240.010, 1240.040) which is a *discretionary legislative decision* that must be established by the adoption of an official resolution by a 2/3(s) vote of the governing body of the condemnor governmental agency. (C.C.P. §§ 1245.220, 1245.240.) Any attempted condemnation of the United States reversionary interest will be thrown out because Plaintiff cannot show public use, necessity and/or the need to condemn, and would subject Plaintiff to, inter alia, the payment of litigation costs for the dismissal. (C.C.P. §1268.610.)

California decisional law and federal decisional law are in accord as to the above proposition. The California appellate court in Contra Costa Water Dist. v. Vaquero Farms, Inc., supra, at p. 892, stated as follows:

> "A review of the case law reveals California eminent domain law authorizes the condemner to select which right or combination of rights it needs to acquire from the full panoply of private ownership rights held

> within a fee simple absolute. (Citations omitted). . .[T]hese cases remove any vestige of doubt that a condemner cannot be required to take more severable rights and property than what it needs for the public use."

And, in the case of <u>City of South San Francisco</u> v. <u>Mayer, supra,</u> the appellate court stated at p. 1355 that ". . . there is nothing which prohibits a public agency from exercising its power of eminent domain to acquire <u>some</u> but not all the interests in a piece of property. . ." (emphasis added); the Appellate Court upheld the City's position that excluded condemnation of the leasehold interest, stating at p. 1356 as follows:

> "In our view, these three strands of eminent domain law, i.e., (1) the requirement the property be condemned only for a 'necessary' public purpose (2) the general notion that a public agency cannot be required to either purchase an interest it already owns or purchase more property than is 'necessary,' and (3) the prohibition against reading a contract as containing any obligation on the part of a public agency to exercise its power of eminent domain in any particular way, combined to make a compelling case in support of the City's position."[3]

The general federal rule on the issue of the Court's inability to enlarge a condemnation taking beyond the complaint is stated in <u>United States</u> v. <u>21.54 Acres</u>, 491 F.ed 2d 301 (4th Cir. 1973), at p. 304 as follows:

> "<u>When the government proceeds by formal condemnation, the general rule is that the extent of the take is a discretionary decision for the condemning authority which may not be modified by the judiciary</u>. The reason for this is as long as the government acts within the scope of its authority it cannot be compelled to take other than that which it had determined is needed." (Emphasis added.)

The April 19, 2007 letter from Joseph R. Rodriquez of the FAA Administration (Exhibit 2 attached to Defendant's Motion for Joinder), in fact, confirms Plaintiff's position that the matter should be remanded to the California Superior Court system. Pursuant to the facts set forth in the

---

[3] For a detailed discussion as to this rule, the Court is respectfully directed to Plaintiff's Opposition to Defendant County of San Mateo's Motion for Joinder of Necessary Party (United States of America) as Defendant, which hearing is set for the same date as the above-entitled matter, September 7, 2007, before the Honorable Jeremy Fogel at 9:00 a.m.

C 07-3176 JF                                8

PLT'S MP&A'S IN **REPLY OPPOSITION** TO PL'S **MTN TO REMAND REMOVED ACTION**

Complaint on file herein, the condemnation of the approximate 2,200 square foot portion of the 13,000,000 square foot Airport property will continue the same use which has been carried on for the past 25/50 years preceding the instant lawsuit;[4] there will be no change of use. If, as Defendant argues, the remainder property or the remainder title is affected, that is a valuation/just compensation issue consisting of severance damages which Defendant may claim in the condemnation pursuant to the California Eminent Domain Law. (See C.C.P. § 1263.410 and C.C.P. § 1263.420.) The pertinent provision of the California Eminent Domain Law reads as follows:

> "**Section 1263.410.  Determination of Injury**:
>
> (a) Where the property acquired is part of a larger parcel, in addition to the compensation awarded. . . from the part taken, compensation shall be awarded for the injury, if any, to the remainder."
>
> "**Section 1263.420.  Damage Defined.**
>
> Damage to the remainder is the damage, if any, caused to the remainder by either or both of the following:
>
> (a) The severance of the remainder from the part taken."

**C. DEFENDANT'S ARGUMENT THAT IT STIPULATED TO A CHANGE OF VENUE DUE TO TIME PRESSURE IS SIMPLY NOT SUPPORTED BY THE FACTS**

Pursuant to the pleadings on file herein, Complaint was filed in the San Mateo County Superior Court on May 17, 2007. Plaintiff's Motion to Change Venue was filed on May 18, 2007, to be heard on June 25, 2007, and was served on Defendant on May 18, 2007; Stipulation to Transfer Action was signed by Defendant County on June 11, 2007. Clearly, Defendant was aware of Plaintiff's Motion to Change Venue from the inception, was not proceeding under any shortened pleading time requirements and executed the Stipulation to Transfer Venue in advance of any filing

---

[4] The condemnation is of the land only; the well casing, pump equipment, etc., has been owned by Plaintiff and/or its predecessor water company and school district for 25 to 50 years. (Complaint, 2:22-3:4.)

deadline. (It should be noted that Defendant filed no accompanying Declaration of Fact to support its allegations of "time pressure.") Plaintiff submits that Defendant's action in executing the Stipulation to Transfer to the Santa Clara County State Superior Court raises a serious question as to whether Defendant waived its right to removal. In so doing, Defendant took a position on a significant issue in the State Court action <u>prior</u> to filing a Notice of Removal with the federal court.

### III. CONCLUSION

For the reasons stated, there is no original jurisdiction in federal district court and, accordingly, this federal district court lacks subject matter jurisdiction under the Quiet Title Act, as well as under 28 U.S.C. § 1441 and 28 U.S.C. § 1346. The Order remanding the case back to the Superior Court, State of California, County of Santa Clara, should be issued.

Dated: August 20, 2007.

                          LAW OFFICES OF HERMAN H. FITZGERALD
                          A PROFESSIONAL CORPORATION

                          By:_____
                              HERMAN H. FITZGERALD
                              Attorneys for Plaintiff

MPA Reply Oppos.doc