1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Miruni Soosaipillai, Deputy (SBN 160858)
2  By: Deborah Penny Bennett, Deputy (SBN 072282)
   Hall of Justice and Records
3  400 County Center, 6th Floor
   Redwood City, CA  94063
4  Telephone: (650) 363-1960
   Facsimile:  (650) 363-4034
5  E-mail:  msoosaipillai@co.sanmateo.ca.us

6  Attorneys for Defendant
   COUNTY OF SAN MATEO
7

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11
   MONTARA WATER AND SANITARY DISTRICT,      Case No. C 07-3176 JF
12
              Plaintiffs,                    **DEFENDANT COUNTY OF SAN MATEO'S
13                                           MEMORANDUM OF POINTS AND
        vs.                                  AUTHORITIES IN REPLY TO
14                                           PLAINTIFF'S OPPOSITION TO
   COUNTY OF SAN MATEO, et al.,              DEFENDANT'S MOTION FOR JOINDER
15                                           OF NECESSARY PARTY (UNITED
              Defendants.                    STATES OF AMERICA) AS DEFENDANT**
16
                                             Hearing:
17
                                             Date:  September 7, 2007
18                                           Time:  9:00 a.m.
                                             Dept:  Courtroom 3, 5th Floor
19
                                                    (Honorable Jeremy Fogel)
20

21

22      In the Opposition to this motion, all of Plaintiff's arguments center on its assertion that the

23  interests of the United States government would not be affected if Plaintiff were to take ownership of the

24  property. This contention is not supported by the language of the 1947 Quitclaim Deed by which the

25  United States granted the property to Defendant County of San Mateo. The reversion clause in the deed

26  (pages 7:19-8:11 of the deed, which was attached as Exhibit B to Defendant's Notice of Removal), states

27  that the property will revert to the United States if there is a breach of any of the restrictions imposed on

28  the deed. The restrictions are listed on pages 4-7 of the deed, and include, among other things, a

1  prohibition on transferring the property to a third party without the permission of the Federal Aviation
2  Administration of the U.S. government (restriction number 6, at page 7:12-16 of the deed).
3      Plaintiff attempts to portray its potential outright ownership of the property as the equivalent of
4  the situation that has existed for the last sixty years.  Plaintiff claims that "the taking will be subject to the
5  federal government interest" (Opposition Brief at 14:7) and that "Plaintiff is taking nothing from the
6  federal government and the federal government is giving up nothing" (Opposition Brief at 14:20-21).
7  These characterizations simply are not correct.  Plaintiff's current use of the property is allowed by a
8  revocable encroachment permit issued by the County.  The transfer of a fee interest is an entirely
9  different matter, and would trigger the reversion clause of the Quitclaim Deed.
10     A full explanation of how the interests of the federal government would be affected was set forth
11 in Defendant's Memorandum of Points and Authorities in support of this Motion for Joinder, as well as
12 in its Opposition to Plaintiff's Motion for Remand, and will not be repeated here.  Defendant's main
13 point is that interests of the federal government in the property and in this action are set forth clearly in
14 documents that have been submitted by Defendant, specifically: 1) the 1947 Quitclaim Deed, and 2) the
15 letter from Joseph R. Rodriguez, United States Department of Transportation, Federal Aviation
16 Administration, dated April 19, 2007 submitted in opposition to Plaintiff's Notice of Intent to Initiate
17 Eminent Domain Proceedings (Exhibit 2 to Defendant's Motion for Joinder).  Plaintiff's broad
18 statements that the interests of the federal government would not be affected are contradicted by the
19 facts.
20     For the reasons stated herein, and in the other papers filed by Defendant in connection with this
21 Motion, Defendant respectfully requests that this Motion for Joinder of  Necessary Party (United States
22 of America) as Defendant be granted.

Dated:  August 24, 2007                              THOMAS F. CASEY III, COUNTY COUNSEL


By: _____/s/_____
              Miruni Soosaipillai, Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO

Case No. C 07-3176 JF                        2
DEFENDANT COUNTY OF SAN MATEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JOINDER OF NECESSARY
PARTY (UNITED STATES OF AMERICA) AS DEFENDANT