**E-Filed 10/09/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>    Defendant. | Case Number C 07-3176 JF<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR JOINDER<br><br>[re: docket no. 9] |

    Plaintiff, Montara Water and Sanitary District ("Montara"), moves to remand the instant action to the Santa Clara Superior Court. Defendant, County of San Mateo (the "County"), opposes the motion and moves to join the United States as a necessary party. For the reasons discussed below, Montara's motion for remand will be granted. Defendant's motion for joinder will be denied without prejudice.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-3176 JF
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR JOINDER
(JFLC3)

# I. BACKGROUND

Montara is a sanitary district established pursuant to the Sanitary District Act of 1923, California Health and Safety Code §§ 6400, et. seq. Montara provides and sanitary service to the unincorporated community of Moss Beach and surrounding communities in the County of San Mateo, California. On May 17, 2007, Montara filed an eminent domain action against the County pursuant to California state law in the San Mateo Superior Court.

The subject real property, known as the Half Moon Bay Airport ("HAF"), and related rights and interests sought to be condemned by Montara, were transferred to the County by the United States through the War Assets Administration ("WAA") by a quitclaim deed dated May 24, 1948. The County is obligated by the quitclaim deed to maintain the property use as a public airport. The quitclaim deed left the WAA with a conditional right to reverter. The Federal Aviation Administration ("FAA"), as the successor in interest to the WAA, holds the right of reverter to HAF. The quitclaim deed gives the FAA the option to acquire title to HAF if there is a breach of any of several reservations and restrictions outlined in the quitclaim deed. One such restriction is that the property may be successively transferred by the County only with the approval of the FAA.

Montara seeks to acquire by eminent domain a portion of HAF known as the Airport Wells Sites. Montara currently owns and operates wells on the Sites that provide water for Montara's water system. Montara seeks to secure that water supply by means of the eminent domain action. Montara asserts that its right of eminent domain flows from California statutes and a state constitutional provision vesting it with the right of condemnation, specifically: California Health & Safety Code sections 6400, et. seq., defining public agency providing water and sanitary service to local communities; California Health & Safety Code section 6512.7, granting Montara additional powers, including the power to acquire property useful or necessary to make use of water for any useful purpose; California Code of Civil Procedure sections 1230.10, et. seq., granting the power of eminent domain; and, Article 1, Section 19 of the California Constitution.

On May 18, 2007, Montara filed a Motion for Change of Venue in the San Mateo Superior Court based upon California Code of Civil Procedure section 394(a). That statute requires that upon motion by either party to an action between two public entities in the same county, the action must be transferred to a neutral county. On June 12, 2007, pursuant to the parties' stipulation, the action was transferred to the Santa Clara Superior Court.

On June 15, 2007, the County removed the action to this Court. After Montara filed its motion to remand, the County filed a cross-motion seeking to join the United States as a necessary party. The Court heard oral argument on both motions on September 7, 2007.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge* at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

## III. DISCUSSION

Montara argues that this action was removed improperly because the action does not involve any substantive rights created by federal law, involves predominately state law issues, and will be tried independent of federal law.

The County argues that this Court has jurisdiction because the action implicates an interest of the federal government in real property within the meaning of 28 U.S.C. § 2409(a). The County requests that the Court first decide its motion for joinder because doing so would aid the Court in determining whether the action should be remanded. However, the Court lacks

3

jurisdiction to consider the County's joinder motion unless it has removal jurisdiction in the first instance.

A removal under 28 U.S.C § 2409(a) requires that the United States claim an interest in the property and that there be a dispute over title to the property. *Calf Island Community Trust, Inc. v. Young Men's Christian Association of Greenwich,* 263 F. Supp. 2d 400, 402-403 (D.Conn. 2003). Here, although a representative of the FAA has written a letter to the Court indicating that the federal government is well-aware of the present proceedings, the United States has not sought to intervene for the purpose of claiming an interest in the outcome of the case. As Montara points out, even considering the letter there is not a present dispute regarding the title to the property. Accordingly, the removal is improper. Because the Court lacks jurisdiction to consider it, the County's motion for joinder will be denied without prejudice.

## IV. ORDER

Good cause appearing, IT IS HEREBY ORDERED that Montara's motion for remand is GRANTED. The County's motion for joinder is DENIED without prejudice.

DATED: October 9, 2007

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-3176 JF
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR JOINDER
(JFLC3)

1  This Order was served on the following persons:

2

3  Herman H. Fitzgerald          fitzgeraldlaw@sbcglobal.net

   Thomas F. Casey III           msoosaipillai@co.sanmateo.ca.us
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 07-3176 JF
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR JOINDER
(JFLC3)